## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RYAN DEAN,<br><br>               Plaintiff,<br><br>v.<br><br>J. BISSELL, *et al.*,<br><br>               Defendants. | Civil Action No.: 2:21-cv-09770-MCA-ESK<br><br><br><br>**Return Date: November 1, 2021** |

---

### DEFENDANTS JANET FUHRER AND QUEEN'S UNIVERSITY'S MEMORANDUM OF LAW IN SUPPORT THEIR MOTION TO DISMISS

---

**FINAZZO COSSOLINI O'LEARY
MEOLA & HAGER, LLC**
67 East Park Place, Suite 901
Morristown, New Jersey 07960
(973) 343-4960
*Attorneys for Defendants,
Janet Fuhrer and Queen's University*

On the Brief:

Rachel R. Hager, Esq.
William J. Cro, Esq.

## <u>TABLE OF CONTENTS</u>

PAGE

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION ............................................................................................... 1

FACTUAL BACKGROUND ................................................................................ 2

LEGAL ARGUMENT ......................................................................................... 4

    I.      The Complaint Should Be Dismissed Due to Lack of Personal Jurisdiction ........................................................................................ 4

          A.     Specific Jurisdiction ................................................................. 5

          B.     General Jurisdiction ................................................................. 6

    II.     The Complaint Should Also Be Dismissed for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) ........................................ 8

    III.    The Complaint Should Be Dismissed Because This Court Lacks Subject Matter Jurisdiction .................................................................. 11

    IV.    The Complaint Should Be Dismissed Because Plaintiff Fails to State a Valid RICO Claim .................................................................. 11

    V.    Plaintiff's Claims Should Be Dismissed Due to the Doctrine of *Forum Non Conveniens* ....................................................................... 14

    VI.    Plaintiff's Claims Should Be Dismissed Pursuant to the Doctrine of Collateral Estoppel ........................................................................... 16

    VII.    This Court Should Abstain from Hearing This Case Which Asks It to Review Prior Judgments ...................................................................... 17

CONCLUSION ................................................................................................... 20

i

## <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>                                                                                      **PAGE**

*Baraka v. McGreevey*,
    481 F.3d 187 (3d Cir. 2007)..................................................……..8

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)..........................................................……..8

*Bruno Appliance and Furniture, Inc. v. Hyrniak*,
    2014 SSC 8, [2014] 1 S.C.R. 126 ...........................................……15

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985)..........................................................……..5

*Burke v. Quartey*,
    969 F. Supp. 921 (D.N.J. 1997) ............................................……15

*Burnett v. Physician's Online, Inc.*,
    99 F.3d 72 (2d Cir. 1996)..............................................……17, 18

*Colorado River Water Conservation Dist. v. United States*,
    424 U.S. 800 (1976)....................................................……18, 19

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014)..........................................................……..6

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009)..................................................……..9

*Gen. Elec. Co. v. Deutz AG*,
    270 F.3d 144 (3d Cir. 2001)..................................................……..5

*Gibney v. Fitzgibbon*,
    547 Fed. App. 111 (3d Cir. 2013) ...........................................……..9

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011)..........................................................……..6

*Grohs v. Yatauro*,
    984 F. Supp. 2d 273 (D.N.J. 2013) ..........................................……..9

*Hegrenes v. Nilsen*,
    2020 WL 42716 (D.N.J. Jan. 3, 2020) .......................................……11

*Hughes v. Consol-Pennsylvania Coal Co.*,
    945 F.2d 594 (3d Cir. 1991).............................................................13

*IMO Industries, Inc. v. Kiekert AG*,
    155 F.3d 254 (3d Cir. 1998)..............................................................4

*International Shoe v. Washington*,
    326 U.S. 310 (1945).........................................................................5

*Isaac v. Sigman*,
    2017 WL 2267264 (D.N.J. May 24, 2017)........................................9

*Jaye v. Oak Knoll Village Condo. Owners Ass'n, Inc.*,
    2016 WL 7013468 (D.N.J. Nov. 30, 2016) ......................................12

*Kultur Int'l Film Ltd. v. Covent Garden Pioneer, FSP*,
    860 F. Supp. 1055 (D.N.J. 1994) ...............................................14, 15

*Linebarger v. Williams*,
    77 F.R.D. 682 (E.D. Okla. 1974) ......................................................9

*Lum v. Bank of Am.*,
    361 F.3d 217 (3d Cir. 2004)............................................................12

*Mala v. Crown Bay Marina, Inc.*,
    704 F.3d 239 (3d Cir. 2013).............................................................9

*Markowitz v. Northeast Land Co.*,
    906 F.2d 100 (3d Cir. 1990).............................................................8

*Marten v. Godwin*,
    499 F.3d 290 (3d Cir. 2007).............................................................5

*Mellon Bank, PSFS, Nat'l Assoc. v. Farino*,
    960 F.2d 1216 (3d Cir. 1992)............................................................4

*Metcalfe v. Renaissance Marine, Inc.*,
    566 F.3d 324 (3d Cir. 2009).............................................................5

*Miller Yacht Sales, Inc. v. Smith*,
    384 F.3d 96 (3d Cir. 2004)................................................................4

*Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983)....................................................................18, 19

*Pagan v. Medina*,
    2013 WL 3096916 (D.N.J. June 18, 2013) ..........................……..12, 14

*Peloro v. United States*,
    488 F.3d 163 (3d Cir. 2007) ..........................……..16

*Phillips v. County of Allegheny*,
    515 F.3d 223 (3d Cir. 2008) ..........................……..9

*RJR Nabisco, Inc. v. European Cmty.*,
    136 S. Ct. 2090 (2016) ..........................……..11

*Shaffer v. Heitner*,
    433 U.S. 186 (1977) ..........................……..4

*Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*,
    75 F.3d 147 (3d Cir. 1996) ..........................……..5

## **STATUTES**

18 U.S.C. § 1962(c) ..........................1

18 U.S.C. § 1964(c) ..........................11

## **RULES**

Fed. R. Civ. P. 8(a) ..........................1

Fed. R. Civ. P. 9(b) ..........................1, 8, 12

Fed. R. Civ. P. 12(b)(1) ..........................1

Fed. R. Civ. P. 12(b)(2) ..........................1, 4

Fed. R. Civ. P. 12(b)(6) ..........................1, 8, 9

N.J. Ct. R. 4:4-4 ..........................4

## **INTRODUCTION**

Defendants Queen's University and Janet Fuhrer (collectively "Defendants") submit this brief in support of their motion to dismiss the Complaint filed by Plaintiff Ryan Dean, *pro se*, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2) and 12(b)(6).

Plaintiff's disjointed approach to the pleadings does not remedy the simple fact that personal jurisdiction over Defendants does not exist. Defendants are residents of Canada and as such, lack the minimum contacts necessary for Plaintiff to sustain a lawsuit against them in New Jersey. Defendants have not engaged in any activities in the forum state and have not engaged in any activities arising out of or related in any way to the State of New Jersey. Accordingly, Defendants could never have anticipated being brought before a New Jersey court.

Additionally, in his Complaint, Plaintiff fails to allege even a shred of evidence to sufficiently plead the claims he brings before this Court. The 457 pages, 2,346 paragraphs complaint is replete with bald accusations and conclusory statements that wholly fail to satisfy the pleading requirements of Fed. R. Civ. P. 8(a) and 9(b). Further, Plaintiff has not properly pled any of the required elements for his RICO claims. For example, the Complaint lacks any allegations of a "pattern" of racketeering as required by 18 U.S.C. § 1962(c), and as to Defendant Queen's University, Plaintiffs makes no allegations at all that this organization participated in the operation or management of an alleged RICO enterprise.

1

Lastly, this Court should abstain from hearing this action under well-established abstention doctrines. Plaintiff has already been involved in and attempted to litigate these same or nearly identical activities in the courts of Canada. Accordingly, ample grounds exist for this Court to abstain from re-litigating these same issues in the United States before this Court and to dismiss the Complaint with prejudice with respect to the claims made against the Defendants.

## **FACTUAL BACKGROUND**

On April 19, 2021, Plaintiff filed a 457-page Complaint. Defendants are sparingly mentioned in only 23 paragraphs of the 2,356 paragraph complaint. Queen's University and Janet Fuhrer ("Fuhrer") are allegedly the members of the "Queen's University Sub Association-In-Fact" Compl., at ¶ 92 (page 33). Defendants have at all times been and continue to be domiciled in and citizens of Canada. Defendants have never had any business with the State of New Jersey and have never purposefully directed any of their activities to the State of New Jersey. Declaration of Janet Fuhrer ("Fuhrer Dec."), at ¶¶ 4-5; Declaration of Lisa Newton ("Newton Dec."), ¶¶ 5-7. Additionally, Defendants have never had any dealings with Plaintiff in the State of New Jersey. Fuhrer Dec., at ¶ 7; Newton Dec., at ¶ 6.

Plaintiff claims that in 2016, he was a member of the Immigration Consultants of Canada Regulatory Council ("ICCRC"). Compl., at ¶ 23. He further alleges that he was unlawfully removed from the ICCRC board and the Complaint primarily

2

seems to concern his removal from that board. *Id.* The Complaint appears to indicate the position of Plaintiff that he was injured due to Queen's University becoming the "teaching arm" of the ICCRC and Ms. Fuhrer's former employment at the University being an alleged "conflict of interest." *Id.* at ¶ 1798. Plaintiff then elaborates that as a Federal Judge of the Canadian Federal Court in Ottawa, Ontario, Ms. Fuhrer's presiding over hearings involving the ICCRC was a part of a broader scheme to defraud him because she did not disclose her prior employment with Queen's University (which is allegedly loosely affiliated with the ICCRC. *Id.* However, the Complaint fails to elaborate on what specific conduct Ms. Fuhrer or Queen's University engaged in that was tortious to Plaintiff beyond mere inferences to a conflict of interest or simple court etiquette matters (i.e., "Judge Fuhrer cut [Plaintiff] off when he started talking . . .." Compl., at ¶ 1798).

Plaintiff previously asserted nearly identical claims in two other matters titled, *Ryan Dean v. Immigration Consultants of Canada Regulatory Council*, No. cv-19-1654-000 (Ontario Sup. Ct.) and *Dean v. Immigration Consultants of Canada Regulatory Council*, No. cv-19-1652-0000 (Ontario Sup. Ct.) (collectively the "Canada actions"). Those actions were commenced by Plaintiff due to his removal from the ICCRC and both actions have been closed, resulting in Judgments against Plaintiff. *See* Certification of Rachel R. Hager ("Hager Cert."), Exh. A.

3

## LEGAL ARGUMENT

### I.    The Complaint Should Be Dismissed Due to Lack of Personal Jurisdiction

The Complaint must be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) since neither Queen's University nor Ms. Fuhrer have any contacts with New Jersey that would enable Plaintiff to maintain an action against them in this forum.

It is axiomatic that this Court must have jurisdiction over non-resident defendants before it can proceed with this action. *IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). Personal jurisdiction, which must be proven by the Plaintiff upon a *prima facie* showing in the complaint, depends on the relationship between the defendants, the forum state and the litigation. *See Mellon Bank, PSFS, Nat'l Assoc. v. Farino*, 960 F.2d 1216, 1223 (3d Cir. 1992) (finding that plaintiff must make a *prima facie* showing for jurisdiction); *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977) (holding that personal jurisdiction depends on the relationship between the defendant, the forum, and the litigation).

In New Jersey, the appropriate exercise of personal jurisdiction over non-residents is New Jersey's Long-Arm Statute, N.J. R. 4:4-4, which provides for jurisdiction to the fullest extent permitted by the Due Process Clause of the Constitution. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004). The Due Process Clause limit to the exercise of personal jurisdiction is examined under

a two-part test: (1) Plaintiff must demonstrate that Defendants have made sufficient "minimum contacts" with the forum (New Jersey in this instance) and (2) if those contacts are found, jurisdiction may be exercised by the court if it determines, in its discretion, that to do so would comport with "traditional notions of fair play and substantial justice." *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*, 75 F.3d 147, 150 (3d Cir. 1996) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) and *International Shoe v. Washington*, 326 U.S. 310 (1945)).  The required minimum contacts may be shown in two ways, general or specific jurisdiction.  *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324 (3d Cir. 2009).

### A. Specific Jurisdiction

Plaintiff may establish that specific jurisdiction exists where the non-resident defendants have "purposefully directed" activities in the forum, and the inquiry arises from or is related to those activities.  *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001). This Court must determine whether Defendants purposefully directed their activities at New Jersey and whether Plaintiff's claims arise out of or relate to at least one of those activities.  The Court must also consider whether exercising jurisdiction "comports with fair play and substantial justice." *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007).

Here, Plaintiff's allegations against Defendants solely relate to Canada and

the alleged decision to remove him from the board of directors of the ICCRC.[1]
Plaintiff alleges that "Personal Jurisdiction – will be noted for each defendant in the
Civil RICO case information statement." Compl., at ¶ 95. However, Plaintiff fails
to qualify this statement with any allegations explaining how Defendants have any
connections to New Jersey or how they have directed any activities towards New
Jersey. The only connection to New Jersey arises from Plaintiff's claims regarding
wholly unrelated matters with the Cedar Grove Police department and Defendant
Bissell. *See generally* Complaint.

### B. General Jurisdiction

Plaintiff may also establish that general jurisdiction exists where Defendants'
connections to New Jersey are so "continuous and systematic as to render them
essentially home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v.
Brown*, 564 U.S. 915, 924 (2011). General jurisdiction cannot be asserted over
foreign defendants as an individual because "the paradigm forum for the exercise of
general jurisdiction is the individual's domicile." *Id.* The same is true for foreign
businesses where the "place of incorporation and principal place of business are
paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137
(2014).

---

[1] Plaintiff already attempted to litigate the factual issues raised in his claims against
Defendants in Canadian courts, which had proper jurisdiction.

6

The Complaint is deficient of any facts or allegations of how Defendants had any contact with New Jersey or benefited from the laws of New Jersey in any way. Even the most liberal reading of Plaintiff's rambling allegations will leave the reader bewildered as to how Defendants may have had any "continuous and systematic" connections to New Jersey to "render them essentially [at] home" here. *Id.* Additionally, Plaintiff cannot exercise any general jurisdiction over Defendant Fuhrer because she is a foreign citizen and a resident of Canada, not New Jersey. *See* Fuhrer Dec., at ¶ 3. Likewise, Queen's University is a foreign business with its only place of business being in Canada. *See* Newton Dec., at ¶¶ 3-5. Both Defendants have never had any business with the State of New Jersey, nor have they ever owned or leased any property in New Jersey. Fuhrer Dec., at ¶¶ 3-5; Newton Dec., at ¶¶ 3-6. Defendants have also never had any dealings with Plaintiff in the State of New Jersey. Fuhrer Dec., at ¶ 7; Newton Dec., at ¶ 6.

In this matter, Plaintiff has not sufficiently alleged either specific or general jurisdiction. Plaintiff does not point to any instances where the Defendants engaged in any conduct that was in any way directed at New Jersey or that this action arises out of any activities conducted in New Jersey to make Defendants "essentially at home." *Id.* Accordingly, since Plaintiff has not pled a single allegation against Defendants to support any notion that Defendants have connections to New Jersey

and could anticipate being sued here, Plaintiff does not have personal jurisdiction over Defendants and the Complaint should be dismissed for that reason alone.

## II.    The Complaint Should Also Be Dismissed for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6)

Pursuant to Rule 12(b)(6), a claim should be dismissed "where it is certain that no relief could be granted under any set of facts that could be proved." *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990). The factual allegations set forth in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007). Rather, Plaintiff must raise a "reasonable expectation that discovery will reveal evidence" of his claims. *Twombly*, 550, U.S. at 556. Moreover, when allegations concern fraud of mistake, the plaintiff must plead those allegations with particularity and specificity. Fed. R. Civ. P. 9(b). Put another way, the Court must separate out the factual elements of the Complaint and determine whether those alleged facts demonstrate that Plaintiff has a plausible claim for relief. Here, it is simply impossible to do so where Plaintiff's "facts" are nothing more than a convoluted web he has concocted containing nothing more than unsupported inferences and legal conclusions.

Although Rule 12(b)(6) requires the court to accept the factual allegations as being true for purposes of this Motion, the factual allegations must still be legally specific enough to justify dragging a defendant into court.  A defendant must be named more than just in the caption and the complaint must contain sufficient allegations that they were involved in the conduct surrounding the lawsuit.  *See Linebarger v. Williams*, 77 F.R.D. 682, 685 (E.D. Okla. 1974). Additionally, the complaint must include "enough factual matter to suggest each required element of a particular cause of action." *Phillips v. County of Allegheny*, 515 F.3d 223, 234 (3d Cir. 2008); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) ("a complaint has to show an entitlement [for relief] with its facts").

While Plaintiff is *pro se* and is afforded some liberality to these pleading standards, he is not off the hook of meeting certain minimal pleading requirements. In *Isaac v. Sigman*, 2017 WL 2267264 (D.N.J. May 24, 2017), this court explained:

> " . . . *pro se* litigants must still allege facts that suggest that required elements of any claim that is asserted. *Mala*, 704 F.3d at 245; *see Gibney v. Fitzgibbon*, 547 Fed. App. 111, 113 (3d Cir. 2013).  This is '[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegation set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief.' *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013).  Nevertheless, '[l]iberal construction does not . . . require the Court to credit a *pro se* plaintiff for all assertions or legal conclusions.'"

*Id.*, at *4 (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 249 (3d Cir. 2013)).

In the instant matter, even as appearing *pro se*, Plaintiff defies all of the above pleading standards. The Complaint spends page after page painting a winding, convoluted fiction that offers little details of the alleged facts beyond Plaintiff's mere conclusory statements. Defendants themselves are merely mentioned in passing as ancillary actors in the alleged scheme that takes up no more than 20 to 30 paragraphs of the total 2,346 paragraphs in the Complaint.[2] Plaintiff's claims generally relate to the fact that he was removed from serving on the board of directors of the ICCRC and subsequent proceedings. Plaintiff alleges that Queen's University is tangentially related to the ICCRC solely because it was designated as its "teaching arm," and that since Defendant Fuhrer was a former employee of Queen's University, she must have had a conflict of interest and prejudicially ruled against Plaintiff when she acted in the capacity of a Federal Judge in matters involving his dismissal from the ICCRC. Compl., at ¶ 1798. However, the Complaint does not elaborate anything further beyond these vague allegations on how Fuhrer or Queen's University allegedly perpetuated any fraud or how they have violated civil RICO statutes. For this reason, as well, Plaintiff's claims against Defendants should be dismissed in their entirety.

---

[2] Ms. Fuhrer is first substantively mentioned on page 363 of the 458 of the Complaint.

### III.    The Complaint Should Be Dismissed Because This Court Lacks Subject Matter Jurisdiction

According to 18 U.S.C. § 1964(c), RICO civil liability creates a cause of action for "[a]ny person injured in his business or property" as a consequence of RICO predicate acts.  Furthermore, the Supreme Court has held that in a civil RICO case, the plaintiff "must allege and prove a domestic injury to its business or property".  *RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090, 2106 (2016); *Hegrenes v. Nilsen*, 2020 WL 42716, at *3-4 (D.N.J. Jan. 3, 2020) (finding that civil RICO claims require a *domestic* injury).  The Supreme Court has declined to extend civil RICO liability "to events occurring and injuries suffered outside the United States." *RJR Nabisco*, 136 S. Ct. at 2096.

Here, Plaintiff alleges that Ms. Fuhrer, and by extension Queen's University, have injured him due to their connections to each other and the ICCRC board.  All of these actions took place in Canada, outside of the United States, and therefore do not constitute "a domestic injury."  *Id.*   Thus, this Court lacks subject matter jurisdiction over Plaintiff's civil RICO claims.  Simply put, any harm that Plaintiff alleges against Defendants as a result of conduct by the ICCRC cannot be the basis for a civil RICO claim and therefore must be dismissed.

### IV.    The Complaint Should Be Dismissed Because Plaintiff Fails to State a Valid RICO Claim

Furthermore, even if this Court could exercise jurisdiction over Plaintiff's

11

civil RICO claims, the Complaint fails to present this Court with a valid civil RICO claim. RICO claims involve "racketeering activity" and must be plead with particularity under Fed. R. Civ. P. 9(b). *See Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004); *Pagan v. Medina*, 2013 WL 3096916 (D.N.J. June 18, 2013) (in order to sustain a civil RICO claim, plaintiff must show: "(1) an enterprise affecting interstate commerce, (2) in which the defendant was associated, (3) in which the defendant participated, (4) through a pattern of racketeering").

Plaintiff attempts to allege racketeering activity against Defendants based on mail and wire fraud. Compl., at ¶ 187. However, those allegations require Plaintiff to demonstrate a scheme to defraud and actions on behalf of Defendants in furtherance of that scheme. *See Jaye v. Oak Knoll Village Condo. Owners Ass'n, Inc.*, 2016 WL 7013468, at *15 (D.N.J. Nov. 30, 2016) (finding schemes to defraud "must involve some sort of fraudulent misrepresentations or omissions reasonably calculated to deceive persons of ordinary prudence and comprehension"). Here, the Complaint makes no particular allegations regarding the Defendants' alleged fraudulent schemes. Plaintiff merely states that there was "intentional participation in a scheme to defraud and use of the interstate wires in furtherance of the scheme." Compl., at ¶ 187; *see also* Compl., at ¶ 1798 (alleging that Defendant Fuhrer's conduct constituted fraudulent concealment of facts from Plaintiff). These

conclusory statements and the remainder of Plaintiff's nonsensical allegations simply do not meet the pleading standards required for his claims.

Plaintiff further fails to allege a "pattern" of racketeering because there is no scheme or continuity in the acts that he alleges have caused his injuries. *Hughes v. Consol-Pennsylvania Coal Co.*, 945 F.2d 594, 609-10 (3d Cir. 1991) (finding a pattern of acts can be those which last "a substantial period of time" or are a "regular way of doing business"). Plaintiff's claims against Defendants rest solely on his baseless theory that the decision to remove him from the ICCRC board was a part of some grand racketeering scheme. However, Plaintiff puts forth no evidence to show a "pattern" of that scheme or any fraudulent misrepresentations made to him by Defendants. At best, according to the Complaint, the ICCRC made an isolated decision to remove Plaintiff from the board, and Defendants have been caught in Plaintiff's net due to their vague connections to the ICCRC.

Moreover, Plaintiff fails to allege any facts demonstrating Defendant Queen's University's involvement in any racketeering scheme. Plaintiff's sole allegations against Queen's University relate to its connections to Ms. Fuhrer's employment there at one time or another. *See generally*, Compl., at ¶ 1798. Queen's University has minimal, if any, connections to the ICCRC's board of directors and its decisions, and Ms. Fuhrer's actions as a Canadian judge presiding over ICCRC matters have no relationship to her employment with Queen's University. Consequently, Plaintiff

13

cannot maintain claims against Queen's University where he fails to demonstrate in any way how Queen's University is associated with or participated in any alleged racketeering scheme. *Pagan*, 2013 WL 3096916 ("[P]laintiff must show an enterprise in which the defendant was associated with and participated in").

In sum, Plaintiff has wholly failed on many different levels to adequately plead a civil RICO case and these claims against Defendants should therefore be dismissed in their entirety.

## V.    Plaintiff's Claims Should Be Dismissed Due to the Doctrine of *Forum Non Conveniens*

Plaintiff's Complaint should further be dismissed based upon *forum non conveniens*. The doctrine of *forum non conveniens* states that even when a court has jurisdiction over a matter, if it would be oppressive or duly burdensome to the defendant, and an alternative forum has jurisdiction, the court may appropriately dismiss the action.  *See Kultur Int'l Film Ltd. v. Covent Garden Pioneer, FSP*, 860 F. Supp. 1055, 1063 (D.N.J. 1994).

The court should consider the following factors to determine whether a dismissal pursuant *forum non conveniens* is appropriate: "(1) whether an adequate alternative forum exists for the adjudication of claims, and (2) based upon the existence of such an alternative forum, whether certain interests of both the public and the parties favor dismissal." *Kultur Int'l Films*, 860 F. Supp. at 1063.

The private factors the court must consider include:

14

      a.      Relative ease of access to sources of proof;

      b.      Availability of compulsory process for attendance of unwilling witnesses;

      c.      Costs of obtaining witnesses; and

      d.      Practical considerations that make trial of a case easy, expeditious, and inexpensive.

*Burke v. Quartey*, 969 F. Supp. 921, 929 (D.N.J. 1997).

The public factors include:

      a.      Administrative difficulties flowing from court congestion;

      b.      The interest in having local disputes resolved at home;

      c.      The interest in having a case tried in the district which is familiar with applicable laws;

      d.      Avoidance of unnecessary problems in conflicts of laws; and

      e.      The unfairness of imposing jury duty upon a community with no relationship to the litigation.

*Id.* If there is a strong showing among these factors, a court should dismiss the case.

Lastly, to demonstrate an adequate alternative forum, the defendant must show that they are amenable to service of process in that forum and that the forum could provide analogous relief to the plaintiff for their claims. *Kultur Int'l Films,* 860 F. Supp. at 1063.

Here, Canada is an appropriate adequate forum based upon an abundance of factors. Defendants themselves and many others named in the Complaint are all citizens of Canada and reside and conduct business there and Canada recognizes the claims for fraud as Plaintiff alleges upon them. *See Bruno Appliance and Furniture, Inc. v. Hyrniak*, 2014 SCC 8, [2014] 1 S.C.R. 126.

Moreover, both the public and private factors all clearly favor dismissal.  The alleged conduct of the ICCRC, upon which Plaintiff predicates his claims, all occurred in Canada and to the extent that Defendants must be deposed or witnesses called for trial, almost all of those individuals would be Canadian citizens currently residing in Canada.  In addition, Canada itself has a greater interest in this litigation because it concerns its own immigration regulatory council.  Thus, the conduct of Defendants and the ICCRC should be adjudged by Canadian law in Canadian courts.

## VI.    Plaintiff's Claims Should Be Dismissed Pursuant to the Doctrine of Collateral Estoppel

The doctrine of collateral estoppel applies to this matter to bar Plaintiff's claims.  Collateral estoppel prevents parties from litigating an issue that has already been actually litigated.  *Peloro v. United States*, 488 F.3d 163, 174 (3d Cir. 2007). Collateral estoppel may only apply after the following are demonstrated:

1.    The issues to be precluded are the same as those involved in the prior action;
2.    The issues were actually litigated;
3.    The resolution of those issues were determined by a final and valid judgment; and
4.    The determination was essential to the prior judgment.

*Id.* at 175.  Furthermore, collateral estoppel may apply even where there are different parties involved in the subsequent suit because the hallmark of this doctrine is a full and fair opportunity to litigate the issues in a prior lawsuit.  *Id.*

Here, it is undisputed that Plaintiff's claims and the issues raised in this lawsuit have already been litigated in prior actions in Canadian courts. Hager Cert., Exh. A. While Defendants were not parties to the prior suits, Plaintiff has now sued them in this Court attempting to re-litigate the identical issues surrounding his removal from the ICCRC. Plaintiff should be collaterally estopped from doing so.

## VII. This Court Should Abstain from Hearing This Case Which Asks It to Review Prior Judgments.

Even if this Court does not find that Plaintiff's claims are collaterally estopped, this Court should abstain from hearing this matter. Plaintiff has already asserted nearly identical causes of action arising out of the decision to remove him from the ICCRC board in *Ryan Dean v. Immigration Consultants of Canada Regulatory Council*, No. cv-19-1654-000 (Ontario Sup. Ct.) and *Dean v. Immigration Consultants of Canada Regulatory Council*, No. cv-19-1652-0000 (Ontario Sup. Ct.). *See* Hager Cert., Exh. A. Both of these cases in Canadian courts resulted in decisions against Plaintiff. Plaintiff now attempts to re-litigate these issues already adjudicated in Canada in the Federal Courts of New Jersey. This Court must abstain from hearing these issues again.

The *Colorado River* doctrine precludes Federal Courts from reviewing claims which involve the same or similar issues as those proceeding before other courts. Abstention under Colorado River applies where, as in the instant case, "state and federal courts exercise concurrent jurisdiction simultaneously." *Burnett v.*

*Physician's Online, Inc.*, 99 F.3d 72, 76 (2d Cir. 1996). The Supreme Court held that although a pending action in a state court does not generally bar proceedings involving the same matter in a federal court, a federal court may dismiss a federal suit for "reasons of wise judicial administration" where there are "exceptional" circumstances. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976); *see also Burnett*, 99 F.3d at 76. *Colorado River* abstention "rest[s] on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817.

To determine whether Colorado River abstention is appropriate, the district court must weigh six factors—four from the *Colorado River* case and two later added by the decision in *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 16 (1983). *See Burnett*, 99 F.3d at 76. Those factors are:

(1)  the assumption of jurisdiction by either court over any res or property,
(2)  the inconvenience of the federal forum,
(3)  the avoidance of piecemeal litigation, . . .
(4)  the order in which jurisdiction was obtained. . .
(5)  whether state or federal law supplies the rule of decision, and
(6)  whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction.

*Id.* "The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Cone Mem'l Hosp.*, 460 U.S. at 16. However, "[b]y far the most important factor . . . was the 'clear federal policy. . . of

18

avoidance of piecemeal adjudication. . . .'" *Id.* (quoting *Colorado River*, 424 U.S. at 819).

The first factor does not apply here because this case does not involve any res or property. The second through sixth factors weigh heavily in the favor of abstention. Plaintiff already has litigated multiple actions involving the ICCRC, a Canadian organization, in Canadian courts. All Defendants involved in the alleged ICCRC fraud are Canadian citizens and are domiciled in Canada. Thus, the District of New Jersey is an extraordinarily inconvenient forum to now raise these claims again. Furthermore, the Canadian lawsuits, which obtained jurisdiction over these issues first, have already ruled in favor of the ICCRC. Thus, Plaintiff has already pursued these claims in a Canadian court, which would adequately be able to protect his rights, and lost. To allow the District of New Jersey to now re-litigate those issues would be tantamount to this Court acting as the appellate division of the Canadian Court of Justice and would result in multi-jurisdictional piecemeal litigation. In sum, all factors weigh heavily in favor of abstention. If Plaintiff would like to get a second bite at the apple from the ICCRC's decision, he should file his appeals in Canada.

19

## <u>CONCLUSION</u>

For all the foregoing reasons, Defendants respectfully request that all claims against the Defendants in the complaint be dismissed with prejudice.

Dated:  September 27, 2021

**FINAZZO COSSOLINI O'LEARY MEOLA & HAGER, LLC**

By:  */s/ Rachel R. Hager*_____
RACHEL R. HAGER, ESQ.
67 East Park Place, Suite 901
Morristown, New Jersey 07960
(973) 343-4960
rachel.hager@finazzolaw.com
*Attorneys for Defendants,*
*Janet Fuhrer and Queen's University*

20