# EXHIBIT A

CITATION: Dean v. ICCRC, 2020 ONSC 2486
COURT FILE NO.: 1654/19
DATE: 2020-04-22

**SUPERIOR COURT OF JUSTICE - ONTARIO**

**RE:** RYAN DEAN, Plaintiff

**AND:**

IMMIGRATION CONSULTANTS OF CANADA REGULATORY COUNCIL, STEPHEN ASHWORTH, ARNOLD ATKINS, NANCY AWWAD, LAWRENCE BARKER, HAFEEZA BASSIRULLAH, ALEX BERASKOW, CINDY BEVERLY, RANDY BOLDT, HAILE BRITU, JANICE BROOKS, JOHN BURKE, TATIANA CARDOZA DE CARDOZA DE CARDOSO, DOO YONG CHOI, NAMITA DASS, CHRIS DAW, RICHARD DENNIS, EDWARD DENNIS, ROCHELLE DICKENSON, EVA EATON, AILEEN FARROL, LOUIS-RENE GAGNON, LYNN GUADET, OLUFUNKE HAMID-OKE, PATRICIA HARPER, MERV HILLIER, JAMES HSISH, MICHAEL HUYNH, DORY JADE, WENDY KELLEY, ROBERT KEWLEY, MARIA KRAJEWSKA, MATTHEW LEBARON, DAVID LEBLANC, EUNSOOK LEE, NATALIE LEON, EVONNE LI, DANIELA LIMA, KIM LY, ADELAIDE MARBELL, SACHA-KATE MARSKELL, NICOLE MCAULEY, LEANNE MCCEACHY, PHIL MOONEY, JOHN MURRAY, SUSANA NAJAR DE LIMA, MICHAEL PACE, JOAN PAGE, BALIVDNER PAHL, PETER PERRAM, SAMATHA PSOCH, RODELIO RAMOS, JOHN RISK, ANDREW ROMAN, DANIEL ROUKEMA, DARLENE RYAN, ELLIOTT SACCUCCI, PERMINDER SIDHU, SATPAUL SINGH JONAL, JOHN SODEN, ERICA STANLEY, ADAM STEPHENS, DACE STRIPNIECKS, ROSALEE VAN STAALDUINEN, MARK VARNAM, JAVIER VINSOME, SHEERY WIEBE, RHONDA WILLIAMS, XIAO XI, JUTTA ZILLEGEN, FORBES CHOCKLA, KEEL COTTRELLE LLP, MILLER THOMSON, JOHN MCNEIL RISK CORPORATION, ANDREW ROMAN PROFESSIONAL CORPORATION, CAPIC, NR DISCIPLINE AND COMPLAINT SOLUTIONS INC., Defendants

**BEFORE:** Gibson J.

**COUNSEL:** Ryan Dean, Self-represented

James Gibson, for the Complainant Defendants

Glynnis Hawe, for the ICCRC Defendants

**HEARD:** February 11, 2020

**ENDORSEMENT**

[1]     The Plaintiff Ryan Dean brought a motion for an Order extending the time for service relating to service of his Statement of Claim, and permitting alternative service upon the Defendants by mail and email.  The Complainant Defendants moved to strike his claim pursuant to rule 21.01(1) as disclosing no reasonable cause of action.

[2]     On January 9, 2020, Fitzpatrick J. ordered that the two motions should be heard together.

[3]     On February 11, 2020, I heard the two motions together.  In my handwritten endorsement on that date, I granted an extension of the time for service to May 15, 2020, but dismissed the Plaintiff's request for service by email pursuant to rule 16.06.1, and for an Order requiring the ICCRC to provide email addresses for all the Defendants.  I reserved judgment on the Complainant Defendants' motion to strike.

[4]     This endorsement provides my decision on the motion to strike.

[5]     In his action, the Plaintiff Ryan Dean ("Dean") seeks $25 million in damages against over 75 defendants following his removal from the board of directors of the Immigration Consultants of Canada Regulatory Council ("ICCRC").

[6]     The moving defendants Doo Yong Choi, Aileen Jean Farrol, Olufunke Bamidele Hamid-Oke, David Joseph LeBlanc, Evonne Julia Li, Adelaide Marbell, Susana Gabriela Najr de Lima, Balvinder Singh Pahl, John Soden, Erica Danielle Stanley, and Mark Varnam (the "Complainant Defendants") are each registered immigration consultants who filed complaints about the Plaintiff's conduct with ICCRC.  Dean alleges that these complaints breached the *Canada Not-for-profit Corporations Act*, S.C. 2009, c.23 ("the Act"), and were part of an unlawful means conspiracy entered into with other unspecified defendants.

[7]     The Defendants submit that even if the pleaded facts are true, Dean's claim against the Complainant Defendants is hopeless and should be struck.  A defendant, they submit, cannot be liable for an unlawful means conspiracy unless they have acted unlawfully.  The Act at issue here merely sets out the procedure for how a director is to be removed from a corporation.  It

2020 ONSC 2486 (CanLII)

does not prohibit a member from filing complaints asking for a director's removal, which is a legitimate and lawful act.

[8]     Because of this fatal flaw, the Defendants submit, Dean's claim cannot succeed even if he pleaded the proper particulars and addressed the other deficiencies in his statement of claim. Dean should therefore not be granted leave to amend his claim, or plead new causes of action, which are now time-barred.

[9]     The right to engage in professional activities such as immigration consulting, the Defendants submit, must be the subject of rules governing them. Such rules cannot be enforced without a corresponding right in the members of the public to complain uninhibited and without fear of being found wrong and as a result subject to lawsuits. Mr. Dean, they submit, has no viable claim against individuals who are merely exercising their right to raise concerns with a regulator.

[10]    Mr. Dean resists the motion to strike, insisting that the discipline complaints were being orchestrated and manufactured before his first full day at any board meeting, and that he was removed from his directorship by an unlawful "Board trial" not provided for in the by-laws of the organization. The basis for dismissing the motion to strike, he submits, is that he should have an opportunity to gather all of their emails and evidence in discovery "to plumb the depths of the conspiracy and how each of these other defendants were 'sold' by the regulator and the regulator's lobby group-CAPIC- to complain" against him.

[11]    For the purposes of a motion to strike, each proper allegation of fact must be taken as true if it is capable of being proved.

[12]    The Plaintiff Ryan Dean is a Registered Canadian Immigration Consultant ("RCIC"). Dean is licensed with the defendant regulator ICCRC, which is a federal not-for-profit corporation continued under the Act that regulates Canadian immigration, citizenship and international student advising services.

[13]    As described in his Statement of Claim, Dean seeks over $25,000,000 in general, special and punitive damages against ICCRC and its board of directors, as well as "numerous

2020 ONSC 2486 (CanLII)

individuals and corporations, including law firms, participating in dozens of illegal activities." The main thrust of the claim relates to Dean's removal as a director by ICCRC's board of directors, following complaints filed by, among others, the Complainant Defendants. Dean claims that his removal from the board was unlawful.

[14]    Each of the Complainant Defendants is a RCIC that filed a complaint concerning Dean with ICCRC. The specific allegations against the Complainant Defendants are set out at paragraphs (ii) to (mm) and paragraphs (aaaa) to (ffff) of the Statement of Claim.

[15]    On November 12, 2016, Dean was elected by members to be a director of the ICCRC. Around the time of Dean's election, complaints were filed against him by 20 RCIC members, and four RCIC members that were previously directors or officers of ICCRC.

[16]    According to Dean, these complaints were all essentially relating to the same thing, and asked for Dean's removal. Dean alleges that a number of the defendants, including ICCRC and the Board, induced or aided the filing of these complaints.

[17]    On April 20, 2017, the Board convened what Dean describes as a procedurally unfair "Board trial" to review the complaints against Dean. The Board then voted to remove Dean as a director through a majority vote of the Board, which Dean contends was unlawful.

[18]    On August 2, 2017, the Appeal Committee of ICCRC upheld the Board's decision to remove Dean as a director. Dean has not sought any judicial review of this decision.

[19]    In his claim, Dean contends that most of these complaints were contrary to the Act because they asked for Dean's removal from the Board. Dean claims that each of the Complainant Defendants, together with ICCRC and the other defendants, engaged in an unlawful conspiracy by making the complaints that led to his removal from the Board.

[20]    Section 130 of the Act provides that the members of a corporation may by ordinary resolution at a special meeting remove a director from office.

[21]    The Complainant Defendants' motion to strike is brought under rule 21.01(1)(b), which provides that a pleading may be struck if it discloses no reasonable cause of action. On such a

2020 ONSC 2486 (CanLII)

motion, the test is whether the claim has no reasonable prospect of success: *Grand River Enterprises Six Nations Ltd. v. Attorney General (Canada),* 2017 ONCA 526. The moving party must show that it is "plain and obvious and beyond doubt that the claim will not succeed" at trial: *Asghar v. Toronto Police Services Board*, 2019 ONCA 479 at para. 8, citing *MacKinnon v. Ontario (Municipal Employees Retirement Board),* 2007 ONCA 874 at para. 19. On such a motion, the facts pleaded are assumed to be true unless they are patently ridiculous or incapable of proof: *R. v. Imperial Tobacco Canada Ltd*., 2011 SCC 42. However, bald conclusory statements of fact and allegations of legal conclusions unsupported by material facts are not assumed to be true: *Darmar Farms Inc. v. Syngenta Canada Inc*., 2019 ONCA 789.

[22]     Where, as here, a plaintiff is self-represented, the court must assess the pleadings on an objective basis and read generously with due allowances to the fact that the plaintiff is not a lawyer, so that the claim is properly determined on its merits: *Asghar, supra*. Where there are legal deficiencies but a plaintiff has alleged facts sufficient to sustain a cause of action, the claim can be struck with leave to address those deficiencies through an amendment. The court may "read between the lines" to discern the nub of the claim and permit the self-represented plaintiff to re-plead properly: *Asghar,* paras. 24-25.

[23]     While the court may read a claim generously, it must consider the claim as it has been pleaded. Its role is not to decide whether the plaintiff might have a reasonable cause of action if they had pleaded their claim differently. Where a pleading lacks the allegations of fact needed to sustain a cause of action, it must be struck. The court cannot "write between the lines" by reading factual allegations into a claim that were not pleaded by the plaintiff. This approach grants the necessary weight to the purpose served by a motion to strike: to weed out hopeless claims and promote litigation efficiency: *Imperial Tobacco, supra*.

[24]     The sole cause of action expressly pleaded by Dean against the Complainant Defendants is an unlawful means conspiracy between them and other unidentified defendants.

[25]     In *Martin v. Astrazeneca Pharmaceuticals Plc*, 2012 ONSC 2744, Horkins J. summarized the requirements to properly plead an unlawful means conspiracy:

2020 ONSC 2486 (CanLII)

Case 2:21-cv-09770-MCA-SSA  Document 5-3 Filed 08/04/21 Page 7 of 9 PageID: 2470
Case 2:21-cv-09770-MCA-ESK  Document 68-3 Filed 04/27/22 Page 7 of 14 PageID: 943

6

      a) They act in combination, that is, in concert, by agreement with a common design;

      b) Their conduct is unlawful;

      c) Their conduct is directed towards the plaintiff;

      d) The defendants should know that, in the circumstances, injury to the plaintiff is likely to result; and,

      e) Their conduct causes injury to the plaintiff.

[26]    To sustain a claim for unlawful means conspiracy, the statement of claim must concisely plead material facts in support of each of these elements.

[27]    Claims for conspiracy have been struck out where they were bald, overly speculative, or simply restated legal principles rather than pleaded material facts.

[28]    As Horkins J. noted at para 169 in *Martin*, plaintiffs are not entitled to plead a deficient case in conspiracy on the theory that more detailed evidence of the claim will arise from discovery. The plaintiff cannot go on a fishing expedition at discovery to gather the facts to make a proper plea.

[29]    That is precisely what Mr. Dean submits he wishes to do in the instant case.

[30]    Mr. Dean's pleadings are deficient. He has not alleged any unlawful conduct by the Complainant Defendants. To properly plead an unlawful means conspiracy, a plaintiff must plead that each of the conspirators carried out acts that are unlawful *per se*: *Normart Management Ltd. V. West Hill Redevelopment Co.*, 1998 CarswellOnt 251 (C.A.). In *Agribrands Purina Canada Inc. v. Kasamekas*, 2011 ONCA 460, the Court of Appeal affirmed that each of the defendants must engage in acts that are wrong in law.

[31]    In the present case, the Complainant Defendants breached no statute or duty owed to Dean. They were entitled to make a complaint against Dean and to suggest a remedy for any misconduct. Section 130 of the Act does not prohibit a member from filing a complaint that asks for removal of a director. The statutory provision sets out what was legally required for the corporation to carry out a director's removal from the Board. It was up to the Board to decide how to properly respond to the Complainant Defendant's complaints.

2020 ONSC 2486 (CanLII)

[32]     I agree with the submission of the Complainant Defendants that, unlike the situation in *Asghar,* the claim in the present case lacks the factual allegations necessary to make out a successful conspiracy claim.  Even if Dean proves all of the facts that he has alleged, his claim will still fail because the acts of the Complainant Defendants are, on their face, lawful.  It is not enough to simply allege the Complainant Defendants were involved in a process that involved alleged misconduct by another party.

[33]     I also agree with the submission of the Complainant Defendants that Dean has failed to plead many other essential elements of a conspiracy.  Each of the Complainant Defendants is alleged to have conspired with a number of unidentified other defendants.  The pleading thus lumps some of the defendants into a general allegation that they conspired, which is prohibited when pleading conspiracy.  Dean also fails to plead what the agreement was between the conspirators and the purpose of the conspiracy.

[34]     The facts alleged cannot sustain any other, unpleaded causes of action.  Dean has not pled the essential elements of any causes of action against the Complainant Defendants other than conspiracy.  He has not made specific defamation allegations or pled the essential elements of defamation against them.  He has not alleged any claims for intentional interference with economic relations, nor any claim for malicious prosecution.  The court should not read into the statement of claim causes of action that could have been pleaded but were not.

[35]     Leave to amend the claim should not be granted where there is no reason to suppose that the party can improve their case by amendment, or if an entirely new cause of action would have to be set up by way of amendments that prejudiced the defendants: *Miguna v. Ontario (Attorney General)*, 2005 CanLII 46385 (Ont. C.A.).

[36]     In this case, it is plain and obvious that no amendment can save the current unlawful means conspiracy claim pleaded against the Complainant Defendants.  There is no unlawful act to ground such a claim.  It is plain, obvious and beyond doubt that the claim will not succeed at trial.

2020 ONSC 2486 (CanLII)

[37]     As it has been more than two years since the underlying events that occurred between November 2016 and April 2017, any fresh cause of action based on new material facts from that period is now time-barred.  Leave to amend is therefore denied.

[38]     The Court therefore Orders that:

> 1) The Claim as against the Complainant Defendants is struck out in its entirety; and,
>
> 2) Leave to amend the claim is denied.

[39]     If the Parties are not able to agree as to costs, they may make written submissions to me (max 3 pages double-spaced, plus a Bill of Costs).  The Complainant Defendants may have 14 days from the release of this endorsement; the plaintiff a further 14 days for any response; and the Complainant Defendants a further 7 days for any reply.  If submissions are not received within these timeframes, I will assume that the Parties do not wish to make submissions, and will decide on the basis of the material that I have received.

*(Original signed by)*

Gibson J.

**Date:** April 22, 2020

2020 ONSC 2486 (CanLII)

**ENDORSEMENT**

| **Short Style Of Cause:** DEAN v. IMMIGRATION CONSULTANTS OF CANADA et al. | | **File No.** CV-19-00001654-0000 |
|---|---|---|
| **Date** | **Counsel** | |
| Thursday, May 13, 2021 | PL: Ryan Dean (self-represented)<br><br>DF 1: G. Hawe<br><br>DF 15, 29, 39: E. Rankin<br><br>DF 25, 36, 42, 47, 53, 57, 70, 71 – 74): S. Shantikumar | 1. The moving party defendants bring this motion for security for costs pursuant to R. 56.01 of the Rules of Civil Procedure. Extensive affidavit evidence was filed by the moving party defendants.<br><br>2. The plaintiff has not filed any responding affidavit evidence however, he has filed certain letters, including a letter dated May 6, 2021and addressed to Justice Juriansz of the Court of Appeal for Ontario, Justices Chozik, Coats, Gibson and TBA (presumably intended to be me, having presided over this matter today) of the Ontario Superior Court of Justice (incorrectly noted as "Milton Ontario Court of Justice"), as well as a judge of the United States District Court. The plaintiff initially indicated in this letter that it was to stand in place of his submissions, but he did attend the hearing and made submissions respecting the motion before me today. The hearing proceeded by Zoom.<br><br>3. The plaintiff admits that he is ordinarily resident in the United States and that he has not paid a number of outstanding cost orders previously issued by my judicial colleagues in respect of this matter, a previously dismissed application, and an appeal proceeding taken in the Court of Appeal. In total, the plaintiff owes the moving party defendants $95,750 plus interest for the previous matters and $18,103.67 plus interest in respect of this proceeding.<br><br>4. Rule 56 provides for a two-part analysis. The test to be applied is as set out by Master Muir in *Evolution de Future of Carnival Inc. v. Toronto Mas Band Association* 2012 ONSC 1628, 2012 CarswellOnt 17805, at para. 9 (quoting from Master Haberman in *Websports Technologies Inc. v. Cryptologic Inc*., [2003] O.J. No. 5455) and at para.14*)*. The initial onus is on the moving party to demonstrate that the responding party appears to fit within one the enumerated subrules of R.56.01(1) and that there is good reason to believe that the situation of the party meets the criteria of the subrule. If that is accomplished, the onus shifts to the responding party to demonstrate they are impecunious and that the court ought to make an order that is just in the circumstances, or alternatively to prove they do have sufficient |

Case 2:21-cv-09770-MCA-SSK Document 56-43 Filed 08/04/22 Page 3 of 16 PageID: 2474
Case 2:21-cv-09770-MCA-ESK Document 58-43 Filed 09/27/21 Page 3 of 14 PageID: 943

**ENDORSEMENT**

| Date | Counsel | |
|---|---|---|

Short Style Of Cause: DEAN v. IMMIGRATION CONSULTANTS OF CANADA et al.    File No. CV-19-00001654-0000

|  |  | assets in Ontario to satisfy any adverse cost order. The merits of the action will be examined and, where impecuniosity has not been shown, the responding party must satisfy the court that the claim has a good chance of success. |
|---|---|---|
|  |  | 5. An order for security for costs is discretionary. It is the role of the court to make an order that is just, having considered all of the circumstances (*Ibid.* at para. 10), including the merits of the claim, the financial circumstances of the plaintiff and the effect an order would have on the plaintiff. In its analysis, the court must balance the interests of all parties. |
|  |  | 6. With the plaintiff's admissions on the record, the defendants have presumptively demonstrated there is good reason to believe the plaintiff falls under the enumerated heads of Rule 56.01(1)(a) and (c). In the circumstances, it is unnecessary for me to make a finding with respect to Rule 56.01(1)(e) and I decline to do so. |
|  |  | 7. Having met their burden, the onus shifts to the plaintiff to rebut the presumption. |
|  |  | 8. The plaintiff has led no evidence of impecuniosity nor that he has sufficient assets in the Province of Ontario to satisfy any adverse cost order that may be made. The defendants have filed evidence to demonstrate the plaintiff has no physical or financial presence in the Province of Ontario. There is no evidence as to the financial circumstances of the plaintiff nor as to the effect an order for security for costs may have on the plaintiff. |
|  |  | 9. As the plaintiff's previous and parallel efforts to litigate the same issues as advanced in this action have been dismissed, I am not persuaded, based on the evidence before me today, that the plaintiff has a good chance or real possibility of success in this action before this Court. The plaintiff appears to be re-litigating issues that have already been decided against him and thus he has failed to demonstrate he has a good chance of success in this proceeding (*Monk Development Corporation v. CVC Ardellini Investments Inc.*, 2016 ONSC 1778 at para. 16). |

**ENDORSEMENT**

| Short Style Of Cause: DEAN v. IMMIGRATION CONSULTANTS OF CANADA et al. | | File No. CV-19-00001654-0000 |
|---|---|---|
| **Date** | **Counsel** | |

10. The plaintiff filed no evidence before me as to the merits of his claim. He asked that I review the RICO pleading filed on April 19, 2021 in a proceeding before the United States District Court for the District of New Jersey. The plaintiff's pleading in that action contains 457 pages of allegations against the within defendants and others. The plaintiff's RICO complaint does not constitute evidence to demonstrate the merits of his claims in this proceeding. In many respects, it is a recitation of the allegations made in this action and of the previously dismissed application.

11. The substance of the plaintiff's submissions today was that the legal proceedings he has commenced in the United States have been all consuming and he has been unable to turn his mind to his Canadian litigation proceedings.

12. The plaintiff also expressed on a number of occasions during the hearing that the RICO proceedings in the United States prohibited him from participating in this motion as he may be called as a witness in civil and/or criminal proceedings. He asked that I read the letters he filed with the court as his submissions on this motion. I have reviewed the letters and none of them address the plaintiff's required evidentiary response to the motion before this court. There is no financial information to demonstrate impecuniosity or to demonstrate sufficiency of assets.

13. In the circumstances, having considered all the evidence and the submissions made today, I am satisfied it is just and proper to make an order compelling the plaintiff to post security for the costs of this proceeding. The plaintiff did not express any objection to the amount of security sought by the moving party defendants. Having reviewed the Bills of Costs, I am satisfied the amounts requested are reasonable having regard to the complexity of the proceedings and the nature of the allegations made by the plaintiff. Therefore, the plaintiff is ordered to post security for costs as follows:

   a) To the CAPIC Defendants, $59,918 to be paid forthwith for the period until completion of the pre-trial proceeding and

**ENDORSEMENT**

| Short Style Of Cause: DEAN v. IMMIGRATION CONSULTANTS OF CANADA et al. | | File No. CV-19-00001654-0000 |

| Date | Counsel | |
|---|---|---|
| | | $55,000 payable within 60 days prior to the commencement of trial, for a total of $114,918; |

b) To the Lawyer Defendants, $41,437.07 to be paid forthwith for the period until completion of the pre-trial proceeding and $85,396.90 payable within 60 days prior to the commencement of trial, for a total of $126,833.97; and

c) To the ICCRC Defendants, $85,000 to be paid forthwith for the period until completion of the pre-trial proceeding and $91,971.50 payable within 60 days prior to the commencement of trial, for a total of $176,971.50.

14. This present situation is analogous to that in *Monk Development Corporation v. CVC Ardellini Investments Inc.*, where Hainey, J. was called upon to consider a motion for security for costs in the face of significant unpaid cost orders. I find it is not in the interests of justice to allow the plaintiff to continue litigating what are essentially, if not identically, the same issues that have already been decided against him while there are significant outstanding cost orders in respect of this action and the parallel dismissed application.

15. The plaintiff is therefore ordered to pay the outstanding cost awards before he may take any further steps in this proceeding. He is prohibited from taking any further steps in this action until he has fully complied with the terms of this order.

16. The only exception to the aforesaid prohibition is that within 45 days of this order, the plaintiff shall effect personal service of the Statement of Claim upon all defendants listed in paragraph (k) of the ICCRC Notice of Motion who have not yet been served, and file the appropriate affidavits of service with the Court. If the plaintiff fails to file appropriate affidavits of service confirming personal service of the Statement of Claim on these defendants, the Registrar is hereby ordered to dismiss the action for delay pursuant to Rule 24.01(1) and (2) of the *Rules of Civil Procedure* in respect of any or all of the defendants identified at para. (k) of the ICCRC Notice of Motion.

Case 2:21-cv-09770-MCA-SSK Document 56-43 Filed 08/04/21 Page 6 of 14 PageID: 2477
Case 2:21-cv-09770-MCA-SSK Document 58-43 Filed 08/27/21 Page 6 of 14 PageID: 2477

**ENDORSEMENT**

| Short Style Of Cause: DEAN v. IMMIGRATION CONSULTANTS OF CANADA et al. | | | File No. CV-19-00001654-0000 |
|---|---|---|---|
| **Date** | **Counsel** | | |
| | | 17. The moving parties have been successful on this motion and are entitled to their partial indemnity costs. Brief written submissions on costs may be filed within ten days, limited to not more than two pages together with a Cost Outline. The plaintiff may file a brief written response, not to exceed two pages, within ten days thereafter. | |
| | | 18. Approval by the plaintiff as to form and content of the draft order is hereby waived. | |
| | | J. E. Mills, J. | |