# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RYAN DEAN,<br><br>               Plaintiff,<br><br>v.<br><br>J. BISSELL, *et al.*,<br><br>               Defendants. | Civil Action No.: 2:21-cv-09770-MCA-ESK<br><br><br>**Return Date:  January 18, 2022** |

---

**DEFENDANTS JANET FUHRER AND QUEEN'S UNIVERSITY'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

---

**FINAZZO COSSOLINI O'LEARY MEOLA & HAGER, LLC**
67 East Park Place, Suite 901
Morristown, New Jersey 07960
(973) 343-4960
*Attorneys for Defendants,*
*Janet Fuhrer and Queen's University*

On the Brief:

Rachel R. Hager, Esq.
Edward T. Hagan, Esq.

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ................................................................................ ii

INTRODUCTION ............................................................................................... 1

LEGAL ARGUMENT .......................................................................................... 2

I.    The Complaint Should Be Dismissed Due to Lack of Personal Jurisdiction ..................................................................................... 2

    A.    Specific Jurisdiction ............................................................ 4

    B.    General Jurisdiction ............................................................ 5

II.    The Complaint Should Be Dismissed for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) ....................................................... 5

III.    The Complaint Should Be Dismissed Because This Court Lacks Subject Matter Jurisdiction ....................................................................... 7

IV.    The Complaint Should Be Dismissed Because Plaintiff Fails to State a Valid RICO Claim ................................................................................ 8

V.    Plaintiff's Claims Should Be Dismissed Due to the Doctrine of *Forum Non Conveniens* ........................................................................... 10

VI.    Plaintiff's Claims Should Be Dismissed Pursuant to the Doctrine of Collateral Estoppel ............................................................................ 11

VII.    This Court Should Abstain from Hearing This Case Which Asks It to Review Prior Judgments ..................................................................... 12

VIII.    The Amended Complaint Was Properly Stricken ............................... 12

IX.    Plaintiff's Motion for Leave to File an Amended Complaint Should be Denied Because the Proposed Amended Complaint Fails to Assert a Legally Sufficient Claim and, Therefore, is Futile ............................... 14

CONCLUSION ............................................................................................... 17

i

## **TABLE OF AUTHORITIES**

<u>**CASES**</u>                                                                                                               **PAGE**

*Bruno Appliance and Furniture, Inc. v. Hyrniak,*
        2014 SSC 8, [2014] 1 S.C.R. 126 ...............................................……11

*Burger King Corp. v. Rudzewicz,*
        471 U.S. 462 (1985)................................................……….3

*Burke v. Quartey,*
        969 F. Supp. 921 (D.N.J. 1997) ...........................................……..10

*Colorado River Water Conservation Dist. v. United States,*
        424 U.S. 800 (1976)...........................................……..12

*Daimler AG v. Bauman,*
        571 U.S. 117 (2014)...........................................……..4

*Dennis v. Sparks,*
        449 U.S. 24 (1980)...........................................……..6

*Foman v. Davis,*
        371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d. 222 (1962)..................................……..15

*Gen. Elec. Co. v. Deutz AG,*
        270 F.3d 144 (3d Cir. 2001)...........................................……..3

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
        564 U.S. 915 (2011)...........................................……..4

*Harrison Beverage Co. v. Dribeck Importers, Inc.,*
        133 F.R.D. 463 (D.N.J. 1990)...........................................……..15, 16

*Hegrenes v. Nilsen,*
        2020 WL 42716 (D.N.J. Jan. 3, 2020) ..........................................……..7

*International Shoe v. Washington,*
        326 U.S. 310 (1945)...........................................……..3

*Jaye v. Oak Knoll Village Condo. Owners Ass'n, Inc.,*
        2016 WL 7013468 (D.N.J. Nov. 30, 2016) ...........................................……..9

*Kultur Int'l Film Ltd. v. Covent Garden Pioneer, FSP,*
        860 F. Supp. 1055 (D.N.J. 1994) ...........................................……..10

*Mellon Bank, PSFS, Nat'l Assoc. v. Farino,*
    960 F.2d 1216 (3d Cir. 1992) ...........................................……..3

*Metcalfe v. Renaissance Marine, Inc.,*
    566 F.3d 324 (3d Cir. 2009) ...........................................……..3

*Miller Yacht Sales, Inc. v. Smith,*
    384 F.3d 93 (3d Cir. 2004) ...........................................……..3

*Owens v. Armstrong,*
    171 F. Supp. 3d 316 (D.N.J. 2016) ...........................................……..6

*Pagan v. Medina,*
    2013 WL 3096916 (D.N.J. June 18, 2013) ...........................................……..9

*RJR Nabisco, Inc. v. European Cmty.,*
    136 S. Ct. 2090 (2016) ...........................................……..7

*Shaffer v. Heitner,*
    433 U.S. 186 (1977) ...........................................……..3

*Shane v. Fauver,*
    213 F.3d 113 (3d Cir. 2000) ...........................................……..15

*Stump v. Sparkman,*
    435 U.S. 349 (1978) ...........................................……..6

*Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.,*
    75 F.3d 147 (3d Cir. 1996) ...........................................……..3

## **STATUTES**

18 U.S.C. § 1964(c) ...........................................7

## **RULES**

Fed. R. Civ. P. 8(a) ...........................................1

Fed. R. Civ. P. 9(b) ...........................................1

Fed. R. Civ. P. 12(b) ...........................................13, 14

Fed. R. Civ. P. 12(b)(1) ...........................................1

Fed. R. Civ. P. 12(b)(2) ...........................................1, 2

Fed. R. Civ. P. 12(b)(6) ...........................................1, 5, 15

Fed. R. Civ. P. 15 ...................................................................................................................13, 14

Fed. R. Civ. P. 15(a) ....................................................................................................................15

Fed. R. Civ. P. 15(a)(1)(B) ....................................................................................................13, 14

N.J. Ct. R. 4:4-4 ............................................................................................................................3

## <u>INTRODUCTION</u>

Defendants Janet Fuhrer and Queen's University (collectively "Defendants") file this joint brief in further support of their motion to dismiss and in opposition to Plaintiff's motion for leave to file an Amended Complaint.  In their moving brief, Defendants explained why Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2) and 12(b)(6).  In response, and on the same day, Plaintiff improperly filed an Amended Complaint and an omnibus opposition to the motions to dismiss filed by these Defendants and most of the other named Defendants.  And after the Amended Complaint was properly stricken, Plaintiff filed a motion for leave to file an amended complaint (which Defendants also oppose herein).  Neither Plaintiff's omnibus opposition nor the proposed Amended Complaint meaningfully address the glaring and fatal deficiencies in Plaintiff's pleadings.

It cannot be reasonably disputed that Defendants are residents of Canada and that there exists a complete lack of contacts with the forum necessary for Plaintiff to sustain a lawsuit against them in a New Jersey court.  Simply put, in both the Complaint and the proposed Amended Complaint, Plaintiff has not and cannot allege facts sufficient to overcome this fundamental flaw in his pleadings. It also cannot be reasonably disputed that Plaintiff has failed to address the other fundamental flaws in his pleadings, including the complete lack of support for his unprovable claims. As discussed in Defendants' moving brief, the Complaint (consisting of 457 pages and 2,346 paragraphs), contains nothing more than conclusory allegations of purported wrongdoing against a myriad of supposed bad actors that are meandering at best and more aptly described as entirely incoherent. Plaintiff's allegations are wholly insufficient to satisfy even the minimum pleading requirements of Fed. R. Civ. P. 8(a) and 9(b).

Finally, after the Amended Complaint was properly stricken on procedural grounds,

Plaintiff attempted to cure the deficiencies by filing a motion for leave to file an amended complaint. For the reasons discussed herein, Plaintiff's motion should be denied because any amendment would be futile. There is no set of facts that Plaintiff has or could credibly allege that would remedy the fatal defects in Plaintiff's pleadings. Like Plaintiff's original Complaint, his proposed Amended Complaint fails to establish the fundamental elements of the causes of action alleged against Defendants. Moreover, Plaintiff still has not and cannot overcome the jurisdictional issues described in Defendants' initial brief and discussed again herein. Accordingly, it is respectfully submitted that ample grounds exist for this Court to dismiss the Complaint and to deny Plaintiff's motion for leave to amend the complaint.

## **LEGAL ARGUMENT**

**I.      The Complaint Should Be Dismissed Due to Lack of Personal Jurisdiction**

As addressed in Defendants' moving brief, Plaintiff has utterly failed to establish that this Court has personal jurisdiction over Defendants in this action. Defendants are both citizens of Canada who reside and/or conduct business in Canada. The sum and substance of Plaintiff's allegations with respect to Defendants is that Ms. Fuhrer, a Federal Judge in Canada who Plaintiff asserts was at one time "employed" by Queen's University, presided over proceedings involving the ICCRC and did not disclose an alleged conflict of interest. But Plaintiff has failed in his Complaint to allege any contact with New Jersey on the part of Defendants.

In his opposition, Plaintiff fails to articulate any basis for this Court's exercise of personal jurisdiction over Defendants. He simply states that this Court has jurisdiction over the "Imm Defendants." But as discussed in Defendants' initial brief, there is a lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) because neither Queen's University nor Ms. Fuhrer have any contacts with New Jersey that would enable Plaintiff to maintain an action against them in this

forum.

Personal jurisdiction, which must be proven by the plaintiff upon a *prima facie* showing in the complaint, depends on the relationship between the defendants, the forum state and the litigation.  *See Mellon Bank, PSFS, Nat'l Assoc. v. Farino*, 960 F.2d 1216, 1223 (3d Cir. 1992) (finding that plaintiff must make a *prima facie* showing for jurisdiction); *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977) (holding that personal jurisdiction depends on the relationship between the defendant, the forum, and the litigation).

In New Jersey, the appropriate exercise of personal jurisdiction over non-residents is New Jersey's Long-Arm Statute, N.J. R. 4:4-4, which provides for jurisdiction to the fullest extent permitted by the Due Process Clause of the Constitution.  *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004).  The Due Process Clause limit to the exercise of personal jurisdiction is examined under a two-part test.  Plaintiff must first demonstrate that Defendants have made sufficient "minimum contacts" with the forum (in this instance, New Jersey).  Second, if those contacts are found, the court may exercise jurisdiction if it determines, in its discretion, that to do so would comport with "traditional notions of fair play and substantial justice." *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*, 75 F.3d 147, 150 (3d Cir. 1996) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) and *International Shoe v. Washington*, 326 U.S. 310 (1945)).  The required minimum contacts may be shown in two ways, general or specific jurisdiction.  *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324 (3d Cir. 2009).

Plaintiff may establish that specific jurisdiction exists where the non-resident defendants have "purposefully directed" activities in the forum, and the inquiry arises from or is related to those activities.  *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001).  In essence, the inquiry is whether Defendants purposefully directed their activities at New Jersey and whether

Plaintiff's claims arise out of or otherwise relate to at least one of those activities.

In order for general jurisdiction to exist, Defendants' connections to the forum state must be so "continuous and systemic as to render them essentially home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). General jurisdiction cannot be asserted over foreign defendants as an individual because "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Id.* The same is true for foreign businesses where the "place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

### A.    Specific Jurisdiction

In his opposition, Plaintiff states in conclusory fashion that specific jurisdiction exists here against all Defendants. But Plaintiff has failed to establish that there is specific jurisdiction against any of the named defendants, let alone Ms. Fuhrer or Queen's University. Plaintiff simply states that "[t]here is Article III standing against all defendants and that is the jurisdiction of USDC NJ." Pltf. Opp. Brief, ¶ 118.

Plaintiff's allegations against Defendants relate entirely to activities that occurred in Canada. Specifically, Ms. Fuhrer is a federal judge in Canada and presided over proceedings involving the ICCRC. Plaintiff alleges, without any basis whatsoever, that these proceedings were a part of a broad conspiracy to defraud him because Ms. Fuhrer did not disclose her prior employment with Queen's University. Compl., ¶ 1798. The Complaint fails to allege any contact between Ms. Fuhrer or Queen's University and New Jersey. *Id.* In fact, in his opposition, Plaintiff explicitly acknowledges that the "Queen's University defendants are not part of (Dean believes) what went on in NJ" before restating the allegations relating to the conflict of interest and Defendants' purported involvement in the larger scheme to allegedly defraud him. Pltf. Opp.

Brief, ¶ 29.

In sum, Plaintiff has not and cannot establish that Ms. Fuhrer or Queen's University directed activities into New Jersey. This is because Defendants have absolutely no connection to the State of New Jersey – which Plaintiff himself admits. Therefore, there is no specific jurisdiction over Defendants in this Action.

### B.   General Jurisdiction

In his opposition, Plaintiff has not asserted, or even vaguely suggested, that general jurisdiction as to Defendants exists in this action. This is because it is a complete impossibility. As discussed in Defendants' moving brief and herein, Plaintiff has failed to establish that Defendants had any connection to New Jersey sufficient to maintain a cause of action against them in this Court, much less a connection so continuous and systemic that New Jersey would be considered a home forum. Accordingly, the Complaint should be dismissed for lack of personal jurisdiction over Defendants.

## II.   The Complaint Should Be Dismissed for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6)

In their moving brief, Defendants explain why Plaintiff's claims against them should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief could be granted. Specifically, the factual allegations contained in the Complaint fail to satisfy even the most liberal pleading standard and cannot under any circumstances support a cause of action against either Ms. Fuhrer or Queen's University. In his opposition, Plaintiff attempts to weave a confusing, deeply strained tale of conspiracy based solely on Plaintiff's own self-serving conclusory statements with no factual support for any of the purported allegations. Such contentions must be rejected out-of-hand.

It is abundantly clear that there is no viable claim against Defendants. Defendants are

5

specifically referenced in only approximately 23 of the 2,346 paragraphs in the Complaint and the 2,574 paragraphs in the proposed Amended Complaint. Plaintiff vaguely contends he was injured due to Queen's University becoming the "teaching arm" of the ICCRC and Ms. Fuhrer's former employment at the University being an alleged "conflict of interest." Compl., ¶ 1798; Proposed Amend. Compl., ¶ 1829. Plaintiff then elaborates that as a Federal Judge of the Canadian Federal Court in Ottawa, Ontario, Ms. Fuhrer's presiding over hearings involving the ICCRC was a part of a broader scheme to defraud him because she did not disclose her prior employment with Queen's University. *Id.* Plaintiff offers no further explanations or allegations as to how Defendants were allegedly related to or engaged in the alleged conspiracy or how Defendants perpetuated an alleged fraud or violated civil RICO statutes.

Plaintiff's opposition to Defendants' Motion to Dismiss provides no further clarity on Plaintiff's claims against Defendants. Plaintiff specifically refers to Ms. Fuhrer and Queen's University in nine of the 166 paragraphs contained in the Opposition Brief. *See* Pltf. Opp. Brief, ¶¶ 1, 16, 29, 52, 74, 95, 120, 122, & 125. But in these paragraphs, Plaintiff simply reiterates the vague, unsupported, conclusory allegation that Ms. Fuhrer failed to disclose a conflict of interest and otherwise failed to follow proper procedure while acting as a Canadian Federal Judge in proceedings involving the ICCRC.[1] Pltf. Opp. Brief, ¶¶ 29, 125. In his opposition, Plaintiff also confusingly argues (for the first time) that there was a supposed conflict of interest because Ms. Fuhrer was aware of a scheme hatched by Queen's University to extract fees from ICCRC members in connection with their membership. *Id.* at ¶ 29. Plaintiff further contends that Ms.

---

[1] Plaintiff repeatedly refers to Ms. Fuhrer as a "private citizen" in an attempt to decouple Ms. Fuhrer's position as a Federal Judge in Canada from her involvement in the alleged conspiracy. *See* Pltf. Opp. Brief, ¶ 29. However, the allegations against Ms. Fuhrer are entirely related to her presiding over proceedings involving the ICCRC in her capacity as a Federal Judge. Accordingly, any claim against Ms. Fuhrer in this action would also be barred by judicial immunity and should be dismissed with prejudice. *See Owens v. Armstrong*, 171 F. Supp. 3d 316, 330 (D.N.J. 2016); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Dennis v. Sparks*, 449 U.S. 24, 26–27 (1980).

Fuhrer should have disclosed that she had previously been employed by Queen's University[2].  *Id.*

Plaintiff offers no support for his allegations and fails to explain how they are related to the ICCRC board members' decision to remove him from the board or to the causes of action asserted against Defendants.  Moreover, these allegations were not plead in the original Complaint (or the proposed Amended Complaint) and should be disregarded.  But even accepting Plaintiff's baseless and fanciful allegations as true, there is no set of facts upon which relief can be granted for the causes of action asserted against Defendants.  Accordingly, Plaintiff's claims against Defendants should be dismissed in their entirety.

## III.    The Complaint Should Be Dismissed Because This Court Lacks Subject Matter Jurisdiction

As discussed in Defendants' moving brief, according to 18 U.S.C. § 1964(c), RICO civil liability creates a cause of action for "[a]ny person injured in his business or property" as a consequence of RICO predicate acts.  The Supreme Court has held that in a civil RICO case, the plaintiff "must allege and prove a domestic injury to its business or property".  *RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090, 2106 (2016); *Hegrenes v. Nilsen*, 2020 WL 42716, at *3-4 (D.N.J. Jan. 3, 2020) (finding that civil RICO claims require a *domestic* injury).  The Supreme Court has declined to extend civil RICO liability "to events occurring and injuries suffered outside the United States." *RJR Nabisco*, 136 S. Ct. at 2096.

Here, there is no dispute that all of these actions took place in Canada, outside of the United States, and therefore do not constitute "a domestic injury." *Id.*  Plaintiff's opposition does nothing to meaningfully address this fundamental shortcoming.  Rather, Plaintiff appears to contend that

---

[2] It should be noted that Plaintiff's assertion that Ms. Fuhrer was employed by Queen's University is simply incorrect. The sum total of Ms. Fuhrer's "employment" with the University was that she taught one course for the Faculty of Law in 2016, and she participated in fundraising activities for the Faculty of Law in a voluntary capacity for approximately six months prior to her appointment to the bench.  At no time was Ms. Fuhrer an employee of Queen's University in the way Plaintiff suggests.

this Court has subject matter jurisdiction because the alleged conspiracy "involved the United States wires or mail whether it be by email, zoom conference, email blasts, and internet postings[,]" and because the "Imm Defendants" knew that Plaintiff lived and operated his business in the United States and sent correspondence to his Nevada address. Pltf. Opp. Brief, ¶ 55. Plaintiff also argues that this Court has subject matter jurisdiction because the "Imm Defendants" received funds from members of the organization living in the United States that were withdrawn from or otherwise transferred using facilities and/or banks located in the United States. *Id.* at ¶ 59.

But it is beyond question that the actual injury Plaintiff is alleged to have sustained is his removal from the ICCRC board. His removal was the result of a decision reached by the entire board, which conducts its business outside the borders of the United States. Thus, this Court lacks subject matter jurisdiction over Plaintiff's civil RICO claims. Further, it is beyond comprehension how the ICCRC's receipt of funds from its membership somehow relates to Plaintiff's causes of action or any alleged injury he suffered. Those individuals are not parties to this action and whether and to what extent the ICCRC accepted funds from them is irrelevant. Simply put, any harm that Plaintiff alleges was caused by Defendants as a result of conduct by the ICCRC cannot be the basis for a civil RICO claim against Defendants and, therefore, such claims must be dismissed.

## IV. The Complaint Should Be Dismissed Because Plaintiff Fails to State a Valid RICO Claim

As addressed in Defendants' moving papers, even if this Court determines that it could exercise jurisdiction over Plaintiff's civil RICO claims, the Complaint would still fail to present a viable civil RICO claim against Defendants. Plaintiff's opposition does not meaningfully address Defendants' arguments in this regard.

Generally, in order to present a viable RICO claim, Plaintiff must plead, with particularity, the following: "(1) an enterprise affecting interstate commerce, (2) in which the defendant was

associated, (3) in which the defendant participated, (4) through a pattern of racketeering." *Pagan v. Medina*, 2013 WL 3096916, *3 (D.N.J. June 18, 2013). Here, Plaintiff vaguely alleges that Defendants engaged in racketeering activities based on theories of mail and wire fraud. Compl., ¶ 187; Proposed Amend. Compl., ¶ 204. To support a claim under either of those theories, Plaintiff must demonstrate a scheme to defraud and actions on behalf of Defendants in furtherance of that scheme. *See Jaye v. Oak Knoll Village Condo. Owners Ass'n, Inc.*, 2016 WL 7013468, at *15 (D.N.J. Nov. 30, 2016) (finding schemes to defraud "must involve some sort of fraudulent misrepresentations or omissions reasonably calculated to deceive persons of ordinary prudence and comprehension").

As discussed at length in Defendants' moving brief and herein, Plaintiff has failed to allege any involvement by Defendants in a scheme to defraud or any pattern of "racketeering" that would support the causes of action against Defendants. In the 9 out of 166 paragraphs in Plaintiff's opposition where there is any mention of Defendants, there is no allegation of any pattern of behavior or any intent to defraud Plaintiff by Defendants. Rather, Plaintiff broadly alleges that Ms. Fuhrer committed procedural missteps in a Canadian court proceeding in her capacity as a Federal Judge and failed to disclose a conflict of interest based on Plaintiff's theory that ICCRC members were charged fees in connection with their membership. It is unfathomable how a Canadian entity accepting fees from ICCRC membership is connected with an alleged conspiracy to remove Plaintiff from the ICCRC board or comes within the purview of American civil RICO laws. Moreover, Ms. Fuhrer's alleged actions in her capacity as a Federal Judge have no relationship to her prior affiliation with Queen's University, and, more importantly, to the alleged RICO scheme that is the subject of the Complaint and the proposed Amended Complaint.

In sum, Plaintiff has failed for several independent reasons to plead a viable civil RICO

case against Defendants and these claims must be dismissed in their entirety.

**V.      Plaintiff's Claims Should Be Dismissed Due to the Doctrine of *Forum Non Conveniens***

Defendant's moving brief explains why the doctrine of *forum non conveniens* also requires dismissal of Plaintiff's claims against Defendants. The reasoning Plaintiff employs in his opposition when addressing this point does nothing to undermine this analysis. In an attempt to convince the Court that the United States District Court for the District of New Jersey is the correct venue for this lawsuit, Plaintiff states that Canada does not have the same laws that exist in the United States. Pltf. Opp. Brief, ¶ 144. Plaintiff further states, without any basis whatsoever, that:

> [t]here is no geographical advantage for Dean to have filed this matter in the Second Circuit with respect to Imm Defendants — who are mostly 'next door' in Ontario. New Jersey is a better venue than Nevada or Florida or Arizona — or even California. The most egregious behavior took place in New Jersey with the False Accusers, and it will be up to the Jury to sort out the rest."

*Id.* at ¶ 148.

This Court should reject Plaintiff's argument because it is contrary to settled law on this issue. Specifically, in determining whether dismissal pursuant to the doctrine of *forum non conveniens* is appropriate, the following factors are to be considered: "(1) whether an adequate alternative forum exists for the adjudication of claims, and (2) based upon the existence of such an alternative forum, whether certain interests of both the public and the parties favor dismissal." *Kultur Int'l Films Ltd. v. Covent Garden Pioneer, FSP*, 860 F. Supp. 1055, 1063 (D.N.J. 1994). The private factors the court should consider include: (a) relative ease of access to sources of proof; (b) availability of compulsory process for attendance of unwilling witnesses; (c) costs of obtaining witnesses; and practical considerations that make trial of a case easy, expeditious, and inexpensive. *Burke v. Quartey*, 969 F. Supp. 921, 929 (D.N.J. 1997). The public factors include: (a) administrative difficulties flowing from court congestion; (b) the interest in having local disputes

resolved at home; (c) the interest in having a case tried in the district which is familiar with applicable laws; (d) avoidance of unnecessary problems in conflicts of laws; and (e) the unfairness of imposing jury duty upon a community with no relationship to the litigation. *Id.* If there is a strong showing among these factors, a court should dismiss the case.

Here, the above factors weigh heavily in favor of dismissal. In particular, Ms. Fuhrer and Queen's University, along with many of the other Defendants, are citizens of, and reside and conduct business in, Canada. Moreover, the witnesses that would be called to provide testimony at trial likely also reside in Canada and are citizens of that country. Additionally, Canada recognizes causes of action for the alleged fraud that is the subject of this action, *see Bruno Appliance and Furniture, Inc. v. Hryniak*, 2014 SCC 8, [2014] 1 S.C.R. 126, and has a much greater interest in this litigation because it concerns allegations regarding the actions of its own immigration council. Thus, Canada is the appropriate forum for this litigation.

Plaintiff has failed to provide any supportable justification for his position that New Jersey is the proper forum for the causes of action against Defendants and why these claims should not be adjudged under Canadian law in a Canadian court. For these reasons, the claims against Defendants should be dismissed based on the doctrine of *forum non conveniens*.

## VI.    Plaintiff's Claims Should Be Dismissed Pursuant to the Doctrine of Collateral Estoppel

Plaintiff's opposition also fails to substantively address Defendants' collateral estoppel argument. Plaintiff broadly states that the doctrine should not apply in this matter because he has not had a full and fair opportunity to litigate the issues in a prior lawsuit and because, in Plaintiff's opinion, the "standard in Canada and the standard in the US are more than 'slightly different[.]'" Pltf. Opp. Brief, p. 75. However, as discussed in Defendants' moving brief, it is undisputed that Plaintiff's claims and the issues raised in this lawsuit were the subject of prior actions in Canadian

Courts.  While Defendants were not parties to those prior actions, Plaintiff has now sued them in this Court in a thinly veiled effort to re-litigate the issues regarding his removal from the ICCRC that have already been decided by Canadian courts in favor of the ICCRC.  As such, the doctrine of collateral estoppel bars Plaintiff's claims in this action.

## VII.  This Court Should Abstain from Hearing This Case Which Asks It to Review Prior Judgments

As discussed in Defendants' moving brief, this Court should also abstain from hearing this matter under the doctrine set forth in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).  Plaintiff has asserted virtually identical causes of action arising out of the decision to remove him from the ICCRC in Canadian courts, which have already been adjudicated. The Canadian courts obtained jurisdiction over these causes of action first and have a much greater interest in deciding them under Canadian law in front of a Canadian tribunal.  Additionally, as discussed repeatedly, this litigation involves alleged activity of the ICCRC, a Canadian organization.  Moreover, many of the named defendants, including Ms. Fuhrer and Queen's University, are Canadian citizens that reside in Canada.

In his opposition, Plaintiff appears to argue that there are no impartial Canadian courts before which to bring this action.  However, Plaintiff cannot use the District of New Jersey as an appellate tribunal for decisions issued by Canadian courts regarding virtually identical causes of action.  Accordingly, there is no question that this Court should abstain from re-litigating the claims at issue in this Action as it would result in multi-jurisdictional piecemeal litigation.

## VIII.  The Amended Complaint Was Properly Stricken

In support of Plaintiff's motion for leave to file an amended complaint, Plaintiff devotes nearly his entire moving papers to the dubious argument that he complied with the appropriate procedure when he filed the Amended Complaint that was ultimately stricken by Text Order

entered on December 2, 2021. *See* Dkt. No. 114. The Court struck the Amended Complaint because Plaintiff failed to obtain leave of the Court prior to filing. *Id.* In his supporting application, Plaintiff contends that he complied with F.R.C.P. 15(a)(1)(B) when he filed a letter on October 5, 2021, requesting additional time to file his opposition to motions to dismiss filed by two defendants in this matter, which attached a proposed order that included a new date for the filing of an amended pleading. And because the letter was filed within twenty-one days of service of the aforementioned motion to dismiss, Plaintiff argues that he complied with Rule 15. For the reasons discussed below, this Court properly struck the Amended Complaint.

Rule 15, which governs amended and supplemental pleadings, provides in pertinent part as follows:

> **(a) Amendments Before Trial.**
>
> **(1)** ***Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course within:
>
> **(A)** 21 days after serving it, or
>
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is easier.
>
> **(2)** ***Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Thus, under Rule 15(a)(1)(B), if the pleading is one to which a responsive pleading is required, a party may file an amended pleading as a matter of right if it does so within twenty-one days after service of the responsive pleading or, as attempted in this case, twenty-one days after service of a motion under Rule 12(b). Otherwise, a party may only amend its pleadings if it obtains the opposing parties' consent or the Court's leave.

Here, there is no dispute that Plaintiff did not obtain, or even seek, the consent of the opposing parties or leave of Court before attempting to file the Amended Complaint. Instead, Plaintiff appears to argue that he complied with Rule 15(a)(1)(B) when he filed the October 5, 2021 letter seeking an extension of time to submit opposition to the motion to dismiss filed by the Bell and Shivas defendants on September 30, 2021. *See* Dkt. Nos. 91, 92. Plaintiff acknowledges that the Court responded to the aforementioned letter by Text Order entered on October 8, 2021, by modifying the motion briefing schedule and return dates for the pending motions to dismiss, but said Order did not extend Plaintiff's time to file an amended pleading. *See* Dkt. No. 92, Pltf. Motion for Leave to File an Amended Complaint, ¶ 5. Plaintiff then filed an Amended Complaint on November 22, 2021, approximately fifty-three days after the filing of the Bell and Shivas defendants' motion to dismiss. The Court responded by striking the Amended Complaint by Text Order entered on December 2, 2021. *See* Dkt. No. 114.

It cannot be reasonably disputed that the October 5 letter seeking an extension of time to respond to certain motions to dismiss failed to satisfy the requirements of Rule 15. As the time to file an amended complaint as a matter of right expired twenty-one days from the date of service of the motions to dismiss, long before the filing of the Amended Complaint, this Court properly struck the pleading.

**IX.    Plaintiff's Motion for Leave to File an Amended Complaint Should be Denied Because the Proposed Amended Complaint Fails To Assert a Legally Sufficient Claim and, Therefore, is Futile**

Plaintiff's motion for leave to file an amended complaint should be denied because any purported amendment would be futile. The revised and/or additional allegations contained in the proposed Amended Complaint attached to Plaintiff's motion papers in no way cures the

deficiencies in Plaintiff's initial pleading or materially impact this Court's analysis on the factual and legal issues implicated in this action. Accordingly, Plaintiff's motion should be denied.

Leave to amend a complaint pursuant to Fed. R. Civ. P. 15(a) should be freely granted when justice so requires. However, the Court has the discretion to deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the proposed] amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). If an amended pleading asserts a legally insufficient claim or defense, then the amendment is futile. *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990). The same standard that is applied to a motion to dismiss under Rule 12(b)(6) is used to determine whether a proposed claim or defense is futile. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

As discussed in Defendants' moving brief and again herein, Plaintiff's claims fail on a fundamental level and must be dismissed as a matter of law. This result is not altered in any way by the new or revised allegations contained in Plaintiff's proposed Amended Complaint. Once again, the proposed Amended Complaint remains deficient because Defendants have categorically insufficient contacts with this forum to establish personal jurisdiction in this action. Defendants are domiciled in and citizens of Canada. Defendants have never engaged in any business with Plaintiff in the State of New Jersey and Plaintiff continues to fail to allege facts in the proposed Amended Complaint that arise out of activities in or directed at New Jersey.

Moreover, even putting the jurisdictional issues aside, for the reasons discussed in Defendants' moving brief and reiterated herein, the factual allegations in the proposed Amended Complaint are unequivocally inadequate to support the causes of action against Defendants. Like

15

before, Plaintiff solely alleges that Ms. Fuhrer made procedural mistakes in a Canadian court proceeding in her capacity as a Federal Judge and failed to disclose a conflict of interest. *See* Proposed Amend. Compl., ¶ 336. While the proposed Amended Complaint has nearly doubled in length (now at a colossal 934 pages, which includes a 73-page summary chart), the only substantive difference in the allegations with respect to Defendants are two paragraphs found at the end of the proposed pleading that summarize the allegations against Ms. Fuhrer and Queen's University individually. *See* Proposed Amend. Compl., ¶¶ 2121, 2204. However, these paragraphs are nothing more than mere restatements of the bare-bones allegations presented elsewhere in the proposed Amended Complaint. Plaintiff continues to fail to allege any tortious conduct by Defendants, but, rather, once again states in purely conclusory terms that Defendants were involved in a wide ranging conspiracy to illegally remove Plaintiff from the ICCRC and damage his reputation. This is wholly insufficient as a matter of law.

Simply put, the proposed Amended Complaint fails to address the fundamental deficiencies in the allegations contained in the original Complaint. Thus, the changes and additions in the proposed Amended Complaint should have no impact on this Court's analysis because they continue to be legally insufficient to support Plaintiff's claims, as is the case with the Complaint itself. As such, any amendment to the Complaint would be futile and Plaintiff's motion for leave to file an amended complaint should be denied. *See Harrison Beverage Co.*, 133 F.R.D. at 468.

## <u>CONCLUSION</u>

For all the foregoing reasons, it is respectfully requested that the Court grant Janet Fuhrer and Queen's University's Motion to Dismiss Plaintiff's Complaint with prejudice and deny Plaintiff's Motion for Leave to Amend the Complaint.

Dated:  January 4, 2022

**FINAZZO COSSOLINI O'LEARY MEOLA & HAGER, LLC**

By: * /s/ Rachel R. Hager *
    RACHEL R. HAGER, ESQ.
    67 East Park Place, Suite 901
    Morristown, New Jersey 07960
    (973) 343-4960
    rachel.hager@finazzolaw.com
    *Attorneys for Defendants,*
    *Janet Fuhrer and Queen's University*