UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RYAN DEAN,<br><br>               Plaintiff,<br><br>v.<br><br>J. BISSELL, *et al.*,<br><br>               Defendants. | Civil Action No.: 2:21-cv-09770-MCA-ESK<br><br>**Return Date:  June 6, 2022** |

**DEFENDANTS JANET FUHRER AND QUEEN'S UNIVERSITY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

 

**FINAZZO COSSOLINI O'LEARY
MEOLA & HAGER, LLC**
67 East Park Place, Suite 901
Morristown, New Jersey 07960
(973) 343-4960
*Attorneys for Defendants,*
*Janet Fuhrer and Queen's University*

On the Brief:

Rachel R. Hager, Esq.
Edward T. Hagan, Esq.

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................1

PROCEDURAL HISTORY..........................................................................................................1

ARGUMENT..................................................................................................................................5

    I.      STANDARD FOR RECONSIDERATION. .........................................................5

    II.     THERE IS NO NEW EVIDENCE THAT WAS NOT AVAILABLE AT THE TIME OF THE ORIGINAL DECISION. ....................................................6

    III.    THE ORIGINAL DECISION CONTAINS NO CLEAR ERROR OF LAW OR FACT, AND DOES NOT RESULT IN MANIFEST INJUSTICE. ..................................................................................................................9

CONCLUSION ............................................................................................................................10

## **TABLE OF AUTHORITIES**

**CASES**                                                                                                                                                                                         **PAGE**

*A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*,
   106 F. Supp. 2d 627 (D.N.J. 2000) ......................................................................…..5

*Bowers v. NCAA*,
   130 F. Supp. 2d 610 (D.N.J. 2001) .......................................................................……6

*Cnty. of Essex v. Aetna, Inc.*,
   2019 WL 3842761 (D.N.J. Aug. 15, 2019) .............................................................……5, 6

*Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*,
   215 F. Supp. 2d 482 (D.N.J. 2002) ........................................................................…..6

*Laurel Gardens, LLC v. McKenna*,
   948 F.3d 105 (3d Cir. 2020)....................................................................................…..3

*Max's Seafood Café v. Quinteros*,
   176 F.3d 669 (3d Cir. 1999).....................................................................................…..6

*Resorts Int'l v. Greate Bay Hotel & Casino*,
   830 F. Supp. 826 (D.N.J. 1992) ..............................................................................…..6

*Sch. Specialty, Inc. v. Ferrentino*,
   2015 WL 4602995 (D.N.J. July 30, 2015).................................................................…..5

*Walsh v. Walsh*,
   2017 WL 3671306 (D.N.J. Aug. 25, 2017),
   *aff'd*, 763 Fed. App'x 243 (3d Cir. 2019) ................................................................…….6, 8

**STATUTES**

18 U.S.C. § 1961, et seq...................................................................................................1

18 U.S.C. § 1965(b) .....................................................................................................2, 3

**RULES**

Fed. R. Civ. P. 8 .............................................................................................................4

Fed. R. Civ. P. 8(a) .........................................................................................................4

Fed. R. Civ. P. 8(a)(2) .....................................................................................................4

Fed. R. Civ. P. 8(d) .........................................................................................................4

Fed. R. Civ. P. 8(d)(1)............................................................................................................4

L. Civ. R. 7.1(i)....................................................................................................................5

## PRELIMINARY STATEMENT

Defendants, Queen's University and Janet Fuhrer (hereinafter "Defendants"), submit this brief in opposition to Plaintiff's Motion for Reconsideration. Plaintiff's motion is without merit for several reasons, including that there are no new facts presented in the motion that were not known by the Court when it previously dismissed Plaintiff's Complaint. Plaintiff simply asks the Court to reconsider the factual allegations and arguments that it previously addressed in deciding Defendants' Motion to Dismiss Plaintiff's Complaint. There is also no basis to claim that this Court committed an error of law or fact in reaching its early determination, or that the dismissal of Plaintiff's Complaint resulted in manifest injustice. Simply put, Plaintiff's claims are supported by nothing more than vague, rambling, repetitive and wholly conclusory allegations that this Court previously considered and rejected. The Complaint fails to allege facts sufficient to establish jurisdiction over Defendants or to support a claim under the Racketeer Influenced and Corrupt Organizations Act, and, as discussed in detail below, Plaintiff's Motion for Reconsideration fails to raise a single issue justifying the granting of the motion.

## PROCEDURAL HISTORY

Defendants refer the Court to the Statement of Facts contained in Defendants' papers in support of its Motion to Dismiss and in opposition of Plaintiff's Motion to Amend the Complaint.

Briefly, Plaintiff's action was brought pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et. seq. ("RICO") and arises out of an alleged international conspiracy involving more than 150 named Defendants and other nonparties. Plaintiff alleges that two separate enterprises operating in Canada and New Jersey colluded to defraud and otherwise injure Plaintiff.

On September 27, 2021, Defendants filed a Motion to Dismiss Plaintiff's Complaint. *See*

Dkt. Entry No. 89. The Motion was based on several grounds, including that this Court lacked personal jurisdiction over Defendants because they were residents of and domiciled in Canada, and had no connection to the forum state of New Jersey, and that this Court lacked subject matter jurisdiction over the claims at issue. Defendants further argued, among other things, that Plaintiff failed to set forth facts sufficient to support a viable RICO claim and otherwise failed to state a claim upon which relief could be granted.

In response, Plaintiff attempted to amend his Complaint and filed an opposition that failed to address the deficiencies that Defendants identified in their Motion to Dismiss. *See* Dkt. Entry Nos. 103 and 111. The Court rejected Plaintiff's proposed Amended Complaint and Plaintiff subsequently moved for leave to amend the Complaint. *See* Dkt. Entry Nos. 114 and 126. Ultimately, the Court granted Defendants' Motion to Dismiss the Complaint and partially granted Plaintiff's motion for leave to amend. *See* Dkt. Entry No. 169.

As part of its ruling, the Court found that Plaintiff failed to establish jurisdiction over Defendants "under either a traditional 'minimum contacts' analysis or Section 1965(b)." Dkt. Entry No. 169, at p. 10. In reaching its conclusions, the Court noted that it lacked general jurisdiction over Defendants because Plaintiff did not allege that any of the Immigration Defendants (a group that includes Queen's University and Fuhrer) were "domiciled, incorporated, or principally located in New Jersey." *Id.* Rather, Plaintiff explicitly stated that this group of defendants was based in Canada, with the exception of one individual that resided in Buffalo, New York. *Id.*

The Court also determined that it lacked specific jurisdiction over Defendants because Plaintiff failed in both the Complaint and the proposed Amended Complaint to allege facts that connected any of the Immigration Defendants to New Jersey. *Id.* at p. 11. In reaching this

2

conclusion, the Court noted that the factual allegations connecting the Canadian-based defendants to New Jersey were merely that an individual approached the Immigration Defendants for litigation financing and that the Immigration Defendants funded New Jersey state court actions involving Plaintiff.

This Court also held that Plaintiff failed to allege a plausible connection between the individual defendants and New Jersey in either the Complaint or the proposed Amended Complaint. The Court noted that the proposed Amended Complaint contained approximately 300 additional pages that were intended to summarize the claims for liability against each individual defendant. However, Plaintiff failed to allege any new facts that would alter the Court's determination on the jurisdiction issue. Rather, Plaintiff merely stated in conclusory fashion that discovery would reveal who was connected to the criminal enterprise, while conceding that Canadian actions involving nearly identical allegations had not revealed evidence that the New Jersey and Canadian matters were related. *Id.*

This Court similarly rejected Plaintiff's contention that the Federal RICO statute prescribed general jurisdiction over the myriad defendants in the case, noting that Section 1965(b) authorizes jurisdiction over RICO defendants who "resid[e] in any other district" but otherwise lack minimum contacts with the forum state if three requirements are met: (1) "at least one defendant . . . meets the traditional contacts test", (2) the "ends of justice" require that the district court exercise jurisdiction; and (3) jurisdiction comports with due process based on the out-of-state defendant's contacts with the United States as a whole. *Id.* at 12 (quoting *Laurel Gardens, LLC v. McKenna*, 948 F.3d 105, 120-23 (3d Cir. 2020)). The Court opined that RICO's jurisdictional authorization did not apply to the Immigration Defendants that resided in another country and also concluded that the "ends of justice" did not require a different result. Addressing the *Laurel Gardens* matter,

3

this Court concluded that none of the factors in that case were present here, noting that the Complaint did not allege a single RICO conspiracy involving both the Immigration and Bissell Defendants, but, rather, described two independent enterprises existing in Canada and New Jersey. *Id.* at 14.  Moreover, the Court found that aside from the vague and conclusory allegations of litigation funding, all of the alleged conduct by the Immigration Defendants occurred in Canada, and was directed at Plaintiff, who is not a resident of New Jersey. *Id.*  Lastly, the Court noted that the vast majority of the Immigration Defendants resided in a foreign nation, rather than a neighboring district. *Id.*

The Court also addressed the adequacy of the Complaint under Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires that any complaint include a "short and plain statement of the claim showing the pleader is entitled to relief[,]" and Rule 8(d), stating that each allegation in a pleading be "simple, concise, and direct." *Id.* at 15-16.  The Court concluded that Plaintiff failed to adhere to the standard prescribed by Rules 8(a) and 8(d)(1) and instead filed a Complaint that was replete with deficiencies. *Id.* at 16-17.  For example, the 2,346-paragraph, 457-page Complaint was largely comprised of allegations of conduct occurring in Canada and long-winded editorialized commentary regarding the legal significance of same. *Id.*  The Complaint further consisted of discussions of case law and speculation as to what may have occurred had Plaintiff been convicted in the unrelated state court actions. *Id.* at 17.

Finally, the Court addressed Plaintiff's Motion for leave to file an Amended Complaint, noting that the proposed pleading failed to cure the jurisdictional deficiencies in the original Complaint and failed to adhere to the pleading standards discussed above. *Id.* at 17-18.  Ultimately, while the Court denied Plaintiff's Motion for leave to file the proposed Amended Complaint, it did permit Plaintiff to file an amended complaint that complied with Rule 8 and was no longer

than 100 pages within sixty days of the entry of the Order. *Id.* The Court further stated that if Plaintiff wanted to file an amended complaint that included claims against the Immigration Defendants, he must plead specific facts establishing the proper exercise of jurisdiction over each defendant. *Id.*

Plaintiff submitted a letter to the Court on March 22, 2022 requesting an extension of the deadline to file a motion for reconsideration to April 11. *See* Dkt. Entry No. 171. That request was granted on March 25. *See* Dkt. Entry. No. 174. Plaintiff requested an additional extension by letter dated April 6. *See* Dkt. Entry No. 175. The Court did not grant that extension. Accordingly, the deadline for Plaintiff to file a motion for reconsideration was April 11. Plaintiff filed the pending Motion for Reconsideration on April 27, 2022.[1] *See* Dkt. Entry No. 176. Plaintiff then filed an Amended Complaint on May 13, 2022. *See* Dkt. Entry No. 177.

## ARGUMENT

**I.   STANDARD FOR RECONSIDERATION.**

"Although the Federal Rules of Civil Procedure do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) provides for such a review." *Cnty. of Essex v. Aetna, Inc.*, 2019 WL 3842761, at *1 (D.N.J. Aug. 15, 2019)[2] (quoting *Sch. Specialty, Inc. v. Ferrentino*, 2015 WL 4602995, at *2 (D.N.J. July 30, 2015)). A motion for reconsideration is "an extremely limited procedural vehicle[,]" *Id.* (quoting *Ferrentino*, 2015 WL 4602995, at *2), that should be granted sparingly. *Id.* (quoting *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000)). Motions to reconsider are only granted "where the moving party

---

[1] The present motion was filed more than two weeks after the deadline to file such a motion. Accordingly, Plaintiff's Motion for Reconsideration should be denied as untimely.

[2] Copies of all unpublished decisions are attached here to as Exhibit A to the Certification of Rachel R. Hager, Esq.

5

shows '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Id.* (alteration in original) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Importantly, a motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised at the time the underlying decision was made. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). It is also not "an opportunity to ask the Court to rethink what it has already thought through." *Walsh v. Walsh*, 2017 WL 3671306, at *1 (D.N.J. Aug. 25, 2017), *aff'd*, 763 Fed. App'x 243 (3d Cir. 2019). "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (quoting *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

As addressed below, an analysis of the standard to be applied in a motion for reconsideration leads to the unavoidable conclusion that no basis exists to grant Plaintiff's motion.

## II. THERE IS NO NEW EVIDENCE THAT WAS NOT AVAILABLE AT THE TIME OF THE ORIGINAL DECISION.

As discussed in Defendants' Motion to Dismiss, Plaintiff's Complaint directly referred to Defendants in only 23 of the 2,356 paragraphs in the pleading. Specifically, Plaintiff alleged that Defendants were members of a cohort of bad actors, which Plaintiff labeled the "Queen's University Sub Association-In-Fact." Compl. ¶ 92. Plaintiff alleged that he was unlawfully removed from the Immigration Consultants of Canada Regulatory Council ("ICCRC") board and that he was injured due to Queen's University becoming a "teaching arm" of the ICCRC. Compl. ¶ 23. He further alleged that Ms. Fuhrer, a Canadian judge sitting in the Canadian Federal Court of Ottawa, Ontario, unlawfully failed to disclose a conflict of interest because she was at one time

6

"employed" by Queen's University and later presided over hearings involving the ICCRC. Compl. ¶ 1798. Plaintiff argued that due to her failure to disclose the alleged conflict of interest, Ms. Fuhrer's presiding over the ICCRC matters was part of a larger scheme to defraud Plaintiff. However, the Complaint failed to allege any specific conduct by either Defendant that was tortious to Plaintiff aside from inferences to an alleged conflict of interest or lack of court etiquette.

Importantly, Defendants are Canadian citizens that have absolutely no contact with the State of New Jersey. Indeed, Plaintiff's Complaint failed to make even a cursory reference to any alleged contact between Queen's University or Fuhrer, on the one hand, and the State of New Jersey, on the other hand, in order to establish personal jurisdiction. Plaintiff also failed to present a single allegation connecting either Queen's University or Ms. Fuhrer to the alleged RICO conspiracy, or to the alleged New Jersey enterprise.

Plaintiff's Motion for Reconsideration also fails to set forth a single new fact relating to Defendants. Rather, Plaintiff simply attempts to present arguments that the Court has already addressed and decided, suggests that criminal proceedings should be initiated, and even requests that the Court toll the matter as it relates to the Immigration Defendants (which includes Defendants) until such time as telephone records related to other individuals or entities are obtained in discovery. Dkt. Entry No. 176-1, Plaintiff's Brief in Support of Motion for Reconsideration, at pp. 3, 18. And even as to these bizarre, meandering allegations, it is unclear whether Plaintiff is referring to discovery relating to the Defendants in this matter or to one of the separate actions that Plaintiff discusses throughout his motion papers. Moreover, even according to Plaintiff, the "Reconsideration portion" of his Motion only addresses allegedly new information with respect to the American, not Canadian, Defendants. Dkt. Entry No. 176-1, Plaintiff's Brief in Support of Motion for Reconsideration, at p. 1.

As he did in his Complaint and in his opposition to Defendants' Motion to Dismiss, Plaintiff devotes a substantial portion of the Motion for Reconsideration to a discussion regarding the merits of the accusations at issue in an unrelated New Jersey state court action. But even with respect to Plaintiff's statements regarding circumstances beyond the accusations that are the subject of the state court action, Plaintiff merely sets forth a host of conclusory allegations of purported wrongdoing against a myriad of supposed bad actors that are wholly insufficient to establish the elements of a viable RICO claim against Defendants, much less personal jurisdiction.

As the Court is well aware, Plaintiff's allegations involve two independent clusters of persons and/or entities (the "False Accusers" and the "Imm Defendants") that are purportedly involved in schemes to commit fraud or otherwise attack Plaintiff. Plaintiff's Complaint offered nothing in support of these assertions beyond his own threadbare allegations and the Complaint failed to set forth any facts establishing a connection between the two alleged independent enterprises or between either Queen's University or Fuhrer and any of the alleged schemes.

Plaintiff's Motion for Reconsideration suffers from the same fatal flaws. Plaintiff fails to specifically identify Queen's University in its supporting brief and only specifically refers to Ms. Fuhrer once in the present motion – a request for the Court to "comment" on how Ms. Fuhrer can be "business partners" with the ICCRC and whether she should have "auto recused herself." Dkt. Entry No. 176-1, Plaintiff's Brief in Support of Motion for Reconsideration, at p. 24. Putting aside the fact that the characterization of Ms. Fuhrer's alleged relationship with the ICCRC is patently false, Plaintiff's present motion fails to present any new facts and simply restates the allegations in the Complaint and the arguments that have already been rejected by this Court. Plaintiff cannot seek review of factual allegations and legal arguments that the Court has already thought through. *See Walsh*, 2017 WL 3671306, at *1.

Plaintiff has repeatedly failed to plead, or even allege in the present motion, a single new fact to establish that either Queen's University or Fuhrer had any contact with the State of New Jersey.  Moreover, Plaintiff has failed to plead any facts regarding tortious conduct by Defendants collectively, or Queen's University or Ms. Fuhrer individually, or any conduct connecting them to either alleged conspiratorial enterprise.  Accordingly, Plaintiff's Motion for Reconsideration must be denied.

### III.    THE ORIGINAL DECISION CONTAINS NO CLEAR ERROR OF LAW OR FACT, AND DOES NOT RESULT IN MANIFEST INJUSTICE.

In his Motion for Reconsideration, Plaintiff contends that the standard for reconsideration has been met because he has obtained new evidence and also suggests that the Court overlooked existing evidence when it issued its Order granting Defendants' Motion to Dismiss.  Dkt. Entry No. 176-1, Plaintiff's Brief in Support of Motion for Reconsideration, at p. 25.  Plaintiff also states that he filed the present motion to prevent a manifest injustice.  *Id.*  However, as discussed above, Plaintiff has failed to present any new evidence relating to Defendants collectively, or Queen's University or Ms. Fuhrer individually, that cures the fatal deficiencies existing in the Complaint.  Nor has Plaintiff pointed to even a single error of law or fact in the Court's ruling.  Instead, Plaintiff's motion papers are nothing more than a restatement, in general terms, of the factual allegations and legal arguments that this Court had ample opportunity to consider when it granted Defendants' motion to dismiss.

Nor has Plaintiff identified any factual allegations pertaining to Defendants that were overlooked by the Court or explained in certain terms how the law was misapplied in this Court's earlier decision.  Plaintiff has not and cannot make such a representation because neither exist.  The Court carefully considered the allegations of the Complaint and the arguments set forth by the parties in their prior motion papers, and rendered a thorough well-reasoned decision.

## CONCLUSION

Plaintiff's Motion for Reconsideration is unfounded. It does not identify an intervening change in the controlling law; it does not rely on new evidence that was not available when this Court reached its original decision; and it does not identify a single error of law or fact that would justify reconsideration in order to prevent manifest injustice. Accordingly, Defendants Queen's University and Janet Fuhrer respectfully request that Plaintiff's Motion for Reconsideration be denied in its entirety.

Dated: May 23, 2022

                **FINAZZO COSSOLINI O'LEARY MEOLA & HAGER, LLC**

                By: */s/ Rachel R. Hager*
                    RACHEL R. HAGER, ESQ.
                    67 East Park Place, Suite 901
                    Morristown, New Jersey 07960
                    (973) 343-4960
                    rachel.hager@finazzolaw.com
                    *Attorneys for Defendants,*
                    *Janet Fuhrer and Queen's University*