**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RYAN DEAN,<br><br>                    Plaintiff,<br><br>v.<br><br>J. BISSELL, *et al.*,<br><br>                    Defendants. | Civil Action No.: 2:21-cv-09770-MCA-ESK<br><br><br><br>**Return Date:  August 1, 2022** |

**DEFENDANTS QUEEN'S UNIVERSITY AND JANET FUHRER'S MEMORANDUM OF LAW IN SUPPORT THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**FINAZZO COSSOLINI O'LEARY**
**MEOLA & HAGER, LLC**
67 East Park Place, Suite 901
Morristown, New Jersey 07960
(973) 343-4960
*Attorneys for Defendants,*
*Queen's University and Janet Fuhrer*

On the Brief:

Rachel R. Hager, Esq.
Edward T. Hagan, Esq.

## TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ........................................................................ iii

INTRODUCTION ..................................................................................... 1

BRIEF FACTUAL BACKGROUND AND PROCEDURAL HISTORY ............... 2

LEGAL ARGUMENT ................................................................................ 8

I.     The Amended Complaint Should be Dismissed as a Matter of Law as Against Defendants Because It Does Not Contain a Single Allegation Against Them. .................................................................................. 8

II.    The Amended Complaint Should Be Dismissed Due to Lack of Personal Jurisdiction. ............................................................................ 9

       A.    Specific Jurisdiction ........................................................... 10

       B.    General Jurisdiction ........................................................... 11

III.   The Amended Complaint Should Also Be Dismissed for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6). ............................ 12

IV.    The Amended Complaint Should Be Dismissed Because This Court Lacks Subject Matter Jurisdiction. .................................................... 14

V.     The Amended Complaint Should Be Dismissed Because Plaintiff Fails to State a Valid RICO Claim. ........................................................... 14

VI.    Plaintiff's Claims Should Be Dismissed Due to the Doctrine of *Forum Non Conveniens*. ................................................................................ 15

VII.   Plaintiff's Claims Should Be Dismissed Pursuant to the Doctrine of Collateral Estoppel. ......................................................................... 17

VIII.  This Court Should Abstain from Hearing This Case Which Asks It to Review Prior Judgments. ................................................................... 18

IX.    Plaintiff's Amended Complaint Should Be Dismissed With Prejudice and Plaintiff Should Not Be Permitted to File Another Amended Complaint. ...................................................................................... 20

X.     No Basis Exists to Transfer Any Part of the Action to Another Jurisdiction. .................................................................................... 21

i

**CONCLUSION** ......................................................................................................................**23**

## <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>                                                                                       **PAGE**

*Baraka v. McGreevey*,
    481 F.3d 187 (3d Cir. 2007)................................................................……12

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)...........................................................................……12

*Bruno Appliance and Furniture, Inc. v. Hyrniak*,
    2014 SSC 8, [2014] 1 S.C.R. 126 .....................................................……17

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985)......................................................................……9, 10

*Burke v. Quartey*,
    969 F. Supp. 921 (D.N.J. 1997) .......................................................……16

*Burnett v. Physician's Online, Inc.*,
    99 F.3d 72 (2d Cir. 1996) ...........................................................……18, 19

*Colorado River Water Conservation Dist. v. United States*,
    424 U.S. 800 (1976).....................................................................……18, 19

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014)........................................................................……11

*D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*,
    566 F.3d 94 (3d Cir. 2009)...............................................................……22

*Foman v. Davis*,
    371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 222 (1962).........................................……20

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009)..............................................................……12

*Gen. Elec. Co. v. Deutz AG*,
    270 F.3d 144 (3d Cir. 2001)..............................................................……10

*Gibney v. Fitzgibbon*,
    547 Fed. App. 111 (3d Cir. 2013)................................................……13

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011)........................................................................……11

*Grohs v. Yatauro*,
    984 F. Supp. 2d 273 (D.N.J. 2013) ...............................................……13

*Harrison Beverage Co. v. Dribeck Importers, Inc.*,
    133 F.R.D. 463 (D.N.J. 1990).........................................……....20

*Hegrenes v. Nilsen*,
    2020 WL 42716 (D.N.J. Jan. 3, 2020) ........................................……14

*IMO Industries, Inc. v. Kiekert AG*,
    155 F.3d 254 (3d Cir. 1998)........................................……..9

*International Shoe v. Washington*,
    326 U.S. 310 (1945)................................................……..10

*Isaac v. Sigman*,
    2017 WL 2267264 (D.N.J. May 24, 2017)....................................……13

*Jaye v. Oak Knoll Village Condo. Owners Ass'n, Inc.*,
    2016 WL 7013468 (D.N.J. Nov. 30, 2016) ................................……15

*Kim v. Korean Air Lines Co., Ltd.*,
    513 F. Supp. 3d 462 (D.N.J. 2021) ...................................……21, 22

*Kultur Int'l Film Ltd. v. Covent Garden Pioneer, FSP*,
    860 F. Supp. 1055 (D.N.J. 1994) ....................................……16

*Laurel Gardens, LLC v. McKenna*,
    948 F.3d 105 (3d Cir. 2020)...........................................……..4

*Linebarger v. Williams*,
    77 F.R.D. 682 (E.D. Okla. 1974) .......................................……12

*Lum v. Bank of Am.*,
    361 F.3d 217 (3d Cir. 2004)...........................................……15

*Mala v. Crown Bay Marina, Inc.*,
    704 F.3d 239 (3d Cir. 2013)...........................................……13

*Markowitz v. Northeast Land Co.*,
    906 F.2d 100 (3d Cir. 1990)...........................................……12

*Marten v. Godwin*,
    499 F.3d 290 (3d Cir. 2007)...........................................……10

*Mellon Bank, PSFS, Nat'l Assoc. v. Farino,*
    960 F.2d 1216 (3d Cir. 1992)................................................…….9

*Metcalfe v. Renaissance Marine, Inc.,*
    566 F.3d 324 (3d Cir. 2009)...............................................…….10

*Miller Yacht Sales, Inc. v. Smith,*
    384 F.3d 96 (3d Cir. 2004)................................................…….9

*Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.,*
    460 U.S. 1 (1983)...........................................................…….19

*Pagan v. Medina,*
    2013 WL 3096916 (D.N.J. June 18, 2013)...............................…….15

*Peloro v. United States,*
    488 F.3d 163 (3d Cir. 2007)..............................................…….17

*Phillips v. County of Allegheny,*
    515 F.3d 223 (3d Cir. 2008)..............................................…….12

*RJR Nabisco, Inc. v. European Cmty.,*
    136 S. Ct. 2090 (2016)...................................................…….14

*Shaffer v. Heitner,*
    433 U.S. 186 (1977).......................................................…….9

*Shane v. Fauver,*
    213 F.3d 113 (3d Cir. 2000)..............................................…….20

*Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.,*
    75 F.3d 147 (3d Cir. 1996)...............................................…….9

## **STATUTES**

18 U.S.C. § 1961, et seq....................................................................2

18 U.S.C. § 1962(c) .........................................................................1

18 U.S.C. § 1964(c) ........................................................................14

18 U.S.C. § 1965(b)......................................................................3, 4

28 U.S.C. 1631............................................................................21

## <u>RULES</u>

Fed. R. Civ. P. 8(a) ...................................................................................................1, 5

Fed. R. Civ. P. 8(a)(2) ...................................................................................................5

Fed. R. Civ. P. 8(d) .......................................................................................................5

Fed. R. Civ. P. 8(d)(1) ..................................................................................................5

Fed. R. Civ. P. 9(b) ............................................................................................. *passim*

Fed. R. Civ. P. 12(b)(1) ................................................................................................1

Fed. R. Civ. P. 12(b)(2) ............................................................................................1, 9

Fed. R. Civ. P. 12(b)(6)........................................................................................1, 12, 20

Fed. R. Civ. P. 15(a) ...................................................................................................20

N.J. Ct. R. 4:4-4 ...........................................................................................................9

## <u>INTRODUCTION</u>

Defendants Queen's University and Janet Fuhrer (collectively "Defendants") submit this brief in support of their motion to dismiss the Amended Complaint filed by Plaintiff Ryan Dean, *pro se*, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2) and 12 (b)(6).

The Amended Complaint, as was the case with each of Plaintiff's prior pleadings, is fatally flawed on several independent grounds. Initially, Plaintiff has failed to set forth a single allegation against Defendants individually or collectively in the Amended Complaint. Indeed, other than being included in the case caption, there is not a single reference to either Defendant in any part of the pleading. As such, Plaintiff has again failed to plead facts sufficient to demonstrate that New Jersey, or any other American venue for that matter, has personal jurisdiction over Defendants. Defendants are residents of and conduct business in Canada and lack the minimum contacts necessary for Plaintiff to sustain an action in the District Court of New Jersey or any of its sister jurisdictions.

Additionally, the Amended Complaint cannot be read to articulate even a superficial connection between Defendants and any alleged RICO enterprise. In particular, the Amended Complaint is replete with bald accusations and conclusory statements that wholly fail to satisfy the pleading requirements of Fed. R. Civ. P. 8(a) and 9(b), and fails to set forth any allegations with respect to the elements necessary to establish a valid RICO claim at all, never mind as against Defendants. Thus, Plaintiff has not and cannot credibly allege any set of facts that would connect Defendants to any alleged RICO scheme, or establish a "pattern of racketeering" as required by 18 U.S.C. § 1962(c).

This Court should also abstain from hearing this action under well-established abstention doctrines. Plaintiff has already attempted to litigate the same or nearly identical activities in the

courts of Canada.  Ample grounds thus exist for this Court to abstain from re-litigating these same issues in the United States before this Court and to dismiss the Amended Complaint with prejudice as against the Defendants.

Lastly, ample grounds exist to grant the Motion to Dismiss with prejudice, rather than transfer venue to another jurisdiction, and decline to provide Plaintiff with yet another opportunity to file an amended pleading.  There is no sister jurisdiction where the action could have been brought and the interests of justice would not be served by elongating the litigation process where the same result is inevitable.  Plaintiff has now submitted three pleadings, each of which contains the same fatal flaws.  Any further amendment would be similarly futile.  Simply put, there is no set of facts that Plaintiff could allege to sustain a cause of action against Defendants in this Court, or any sister jurisdiction.

## **BRIEF FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Defendants refer the Court to the Statement of Facts and Procedural History contained in Defendants' papers in support of their Motion to Dismiss Plaintiff's Original Complaint, in opposition of Plaintiff's Motion to Amend the Complaint and in opposition to Plaintiff's Motion for Reconsideration.  *See* Dkt. Entry Nos. 89, 133, 183.

Briefly, Plaintiff's action was brought pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. ("RICO") and arises out of an alleged international conspiracy involving more than 150 named Defendants and other nonparties. Plaintiff alleges that two separate enterprises operating in Canada and New Jersey colluded to defraud and otherwise injure Plaintiff.

On September 27, 2021, Defendants filed a Motion to Dismiss Plaintiff's Complaint.  Dkt. Entry No. 89.  The Motion was based on several grounds, including that this Court lacked personal

jurisdiction over Defendants because they were residents of and domiciled in Canada and had no connection to the forum state of New Jersey, and that this Court lacked subject matter jurisdiction over the claims at issue.   Defendants further argued, among other things, that Plaintiff failed to set forth facts sufficient to support a viable RICO claim and otherwise failed to state a claim upon which relief could be granted.

In response, Plaintiff attempted to amend his Complaint and filed an opposition that failed to address the deficiencies that Defendants identified in their Motion to Dismiss.  *See* Dkt. Entry Nos. 103 and 111. The Court rejected Plaintiff's proposed Amended Complaint and Plaintiff subsequently moved for leave to amend the Complaint.  *See* Dkt. Entry Nos. 114 and 126. Ultimately, the Court granted Defendants' Motion to Dismiss the Complaint and partially granted Plaintiff's motion for leave to amend.  Dkt. Entry No. 169.

As part of its ruling, the Court found that Plaintiff failed to establish jurisdiction over Defendants "under either a traditional 'minimum contacts' analysis or Section 1965(b)."  Dkt. Entry No. 169, at p. 10.   In reaching its conclusions, the Court noted that it lacked general jurisdiction over Defendants because Plaintiff did not allege that any of the Immigration Defendants (a group that includes Defendants Queen's University and Fuhrer) were "domiciled, incorporated, or principally located in New Jersey." *Id.*  Rather, Plaintiff explicitly stated that this group of defendants was based in Canada, with the exception of one individual that resided in Buffalo, New York. *Id.*

The Court also determined that it lacked specific jurisdiction over Defendants because Plaintiff failed in both the Complaint and the proposed Amended Complaint to allege facts that connected any of the Immigration Defendants to New Jersey. *Id.* at p. 11.  This Court noted that the factual allegations connecting the Canadian-based defendants to New Jersey were merely that

3

an individual approached the Immigration Defendants for litigation financing and that the Immigration Defendants funded New Jersey state court actions involving Plaintiff.

This Court also held that Plaintiff failed to allege a plausible connection between the individual defendants and New Jersey in either the Complaint or the proposed Amended Complaint. While the proposed Amended Complaint contained approximately 300 additional pages that were intended to summarize the liability claims against each individual defendant, this Court aptly recognized that Plaintiff failed to allege any new facts that would alter the Court's determination on the jurisdiction issue. Rather, Plaintiff merely stated in conclusory fashion that discovery would reveal who was connected to the criminal enterprise, while conceding that the prior Canadian actions involving nearly identical allegations had not revealed evidence that the New Jersey and Canadian matters were related. *Id.*

This Court similarly rejected Plaintiff's contention that the Federal RICO statute prescribed general jurisdiction over the myriad defendants in the case, noting that Section 1965(b) authorizes jurisdiction over RICO defendants who "resid[e] in any other district" but otherwise lack minimum contacts with the forum state if three requirements are met: (1) "at least one defendant . . . meets the traditional contacts test", (2) the "ends of justice" require that the district court exercise jurisdiction; and (3) jurisdiction comports with due process based on the out-of-state defendant's contacts with the United States as a whole. *Id.* at p. 12 (quoting *Laurel Gardens, LLC v. McKenna*, 948 F.3d 105, 120-23 (3d Cir. 2020)). The Court opined that RICO's jurisdictional authorization did not apply to the Immigration Defendants that resided in another country and also concluded that the "ends of justice" did not require a different result.

Addressing the *Laurel Gardens* matter, this Court also correctly held that none of the factors in that case were present here, noting that the Complaint did not allege a single RICO

conspiracy involving both the Immigration and Bissell Defendants, but, rather, described two independent enterprises existing in Canada and New Jersey.  *Id.* at p. 14.  Moreover, the Court found that aside from the vague and conclusory allegations of litigation funding, all of the alleged conduct by the Immigration Defendants occurred in Canada, and was directed at Plaintiff, who is not a resident of New Jersey.  *Id.*  Lastly, the Court noted that the vast majority of the Immigration Defendants resided in a foreign nation, rather than a neighboring district.  *Id.*

This Court also addressed the adequacy of the Complaint under Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires that any complaint include a "short and plain statement of the claim showing the pleader is entitled to relief[,]" and Rule 8(d), providing that each allegation in a pleading be "simple, concise, and direct."  *Id.* at pp. 15-16.  The Court concluded that Plaintiff failed to adhere to the standard prescribed by Rules 8(a) and 8(d)(1) and instead filed a Complaint that was replete with deficiencies.  *Id.* at pp. 16-17.  For example, the 2,346-paragraph, 457-page Complaint was largely comprised of allegations of conduct occurring in Canada and long-winded editorialized commentary regarding the legal significance of same.  *Id.*  The Complaint further consisted of discussions of case law and speculation as to what may have occurred had Plaintiff been convicted in the unrelated state court actions.  *Id.* at p. 17.

Finally, this Court addressed Plaintiff's Motion for leave to file an Amended Complaint, noting that the proposed pleading failed to cure the jurisdictional deficiencies in the original Complaint and failed to adhere to the pleading standards discussed above.  *Id.* at pp. 17-18. Ultimately, while the Court denied Plaintiff's Motion for leave to file the proposed Amended Complaint, it did permit Plaintiff to file an amended complaint that complied with Rule 8 and was no longer than 100 pages within sixty days of the entry of the Order.  *Id.*  The Court further stated that if Plaintiff intended to include claims against the Immigration Defendants in the amended

complaint, he must plead specific facts establishing the proper exercise of jurisdiction over each defendant.  *Id.*

Plaintiff submitted a letter to the Court on March 22, 2022, requesting an extension of the deadline to file a motion for reconsideration to April 11 (*See* Dkt. Entry No. 171), which was granted on March 25.  *See* Dkt. Entry. No. 174.  Plaintiff requested an additional extension by letter dated April 6.  *See* Dkt. Entry No. 175.  The Court did not grant that extension.  Accordingly, the deadline for Plaintiff to file a motion for reconsideration was April 11.  Plaintiff did not comply with the court imposed deadline when he filed the pending Motion for Reconsideration on April 27, 2022.  Dkt. Entry No. 176.

On May 13, 2022, Plaintiff also filed an Amended Complaint. *See* Dkt. Entry No. 177.  The Amended Complaint consists of 98 pages and 306 paragraphs. *Id.* It focuses almost entirely on the "Bissell Defendants."  *Id.*  Specifically, Plaintiff alleges that an individual wrongfully accused Plaintiff of sexual assault and that same individual, and others working closely with her, colluded to extort, defraud or otherwise injure Plaintiff.  *Id.*  The Amended Complaint does not include a single allegation directed at Defendants individually or collectively.  *Id.*  Moreover, Plaintiff has failed — in prior pleadings, motion papers and now in the Amended Complaint — to, set forth specific allegations demonstrating even a cursory connection between Defendants and the "Bissell Defendants."

On May 26, 2022, Plaintiff filed a Motion for Partial Transfer of Venue, seeking to transfer the claims against the "Immigration Defendants" (a group that includes Defendants) to a federal court in the state of New York.  Dkt. Entry No. 192.  The sum and substance of Plaintiff's argument in favor of transferring venue is that a single named defendant conducts business in New York and all of the defendants communicated with him and, therefore, reached into New York.  *Id.*  Plaintiff

does not set forth any specific allegations of conduct by Defendants individually or collectively in the state of New York and does not point to a single example of a communication between Defendants and any individual conducting business in the state.

By not alleging any claims against Defendants in the Amended Complaint, and by seeking a partial change of venue as to the Immigration Defendants, it appears that Plaintiff has come to the realization that there exists a complete lack of personal jurisdiction over the Immigration Defendants in New Jersey and that he cannot credibly claim any connection between these defendants and the alleged Bissell enterprise. As a consequence, Plaintiff is attempting to avoid another dismissal by seeking to transfer part of his prior case to a sister New York court. In an effort to do so, Plaintiff has woven yet another threadbare series of allegations that similarly fail to demonstrate that personal jurisdiction exists in New York or that any of the named defendants participated in an alleged RICO scheme. Simply put, because there is no basis to transfer venue of any of Plaintiff's prior claims to New York or any sister jurisdiction, the Amended Complaint as against Defendants should be dismissed with prejudice.

By letter dated June 1, 2022, the Insurer, ICCRC and CAPIC defendants requested that Plaintiff's Motion for Partial Transfer of Venue be held in abeyance pending the outcome of Plaintiff's Motion for Reconsideration, or otherwise grant an extension of the return date for the motion. Dkt. Entry No. 196. All of the other defendants in this matter joined in that request. *Id.* On June 6, 2022, this Court granted the request to hold Plaintiff's Motion for Partial Transfer of Venue in abeyance. *See* Dkt. Entry No. 199. On June 9, 2022, Plaintiff filed his Reply in Further Support of his Motion for Reconsideration. *See* Dkt. Entry No. 200. On June 16, 2020., Plaintiff filed a Motion for Reconsideration of the Order holding Plaintiff's Motion for Partial Transfer of Venue in abeyance. *See* Dkt. Entry No. 202.

## LEGAL ARGUMENT

**I.    The Amended Complaint Should be Dismissed as a Matter of Law as Against Defendants Because It Does Not Contain a Single Allegation Against Them.**

The Amended Complaint does not contain a single allegation against Defendants.  Indeed, other than the case caption, there is not one reference to Defendants in the entire document. Accordingly, it is unavoidable that Plaintiff cannot sustain an action against Defendants and the Amended Complaint should be dismissed as against Defendants with prejudice.

As discussed above, the Amended Complaint is comprised of 98 pages and 306 paragraphs. *See* Dkt. Entry No. 177.  The pleading singularly focuses on the alleged conspiracy involving the "Bissell Defendants."  *Id.*  Plaintiff alleges that he was wrongfully accused of sexual assault and that his accuser, and others working closely with her, colluded to extort, defraud or otherwise injure Plaintiff.  *Id.*  The Amended Complaint does not include any allegations directed at Defendants individually or collectively, and, importantly, does not allege a connection between Defendants and the alleged Bissell conspiracy.  *Id.*  In fact, Plaintiff has failed to set forth allegations demonstrating even a cursory connection between Defendants and the "Bissell Defendants" in each of his prior pleadings and motion papers.

Recognizing his inability to sustain a cause of action against Defendants, Plaintiff most recently filed a Motion for a Partial Transfer of Venue of the claims against the Immigration Defendants in a thinly veiled attempt to stave off another dismissal (see discussion in Point III below).  In his supporting motion papers, Plaintiff acknowledges his inability to set forth allegations connecting the Immigration Defendants to the Bissell conspiracy.  *See* Dkt. Entry No. 192.

Because the Amended Complaint is devoid of any reference to or allegations against Defendants, an action cannot be sustained against Defendants.

**II.    The Amended Complaint Should Be Dismissed Due to Lack of Personal Jurisdiction.**

Even if Plaintiff had asserted causes of action against Defendants in his most recent pleading, the Amended Complaint would still have been subject to immediate dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) since neither Queen's University nor Ms. Fuhrer have any contacts with New Jersey that would enable Plaintiff to maintain an action against them in this forum.

It is axiomatic that this Court must have jurisdiction over non-resident defendants before Plaintiff can proceed with this action. *IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). Personal jurisdiction, which must be proven by the plaintiff upon a *prima facie* showing in the complaint, depends on the relationship between the defendants, the forum state and the litigation. *See Mellon Bank, PSFS, Nat'l Assoc. v. Farino*, 960 F.2d 1216, 1223 (3d Cir. 1992) (finding that plaintiff must make a *prima facie* showing for jurisdiction); *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977) (holding that personal jurisdiction depends on the relationship between the defendant, the forum, and the litigation).

In New Jersey, the appropriate exercise of personal jurisdiction over non-residents is New Jersey's Long-Arm Statute, N.J. R. 4:4-4, which provides for jurisdiction to the fullest extent permitted by the Due Process Clause of the Constitution. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004). The Due Process Clause limit to the exercise of personal jurisdiction is examined under a two-part test: (1) Plaintiff must demonstrate that Defendants have made sufficient "minimum contacts" with the forum (New Jersey in this instance) and (2) if those contacts are found, jurisdiction may be exercised by the court if it determines, in its discretion, that to do so would comport with "traditional notions of fair play and substantial justice." *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*, 75 F.3d 147, 150 (3d Cir. 1996) (citing *Burger*

9

*King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) and *International Shoe v. Washington*, 326 U.S. 310 (1945)).  The required minimum contacts may be shown in two ways, general or specific jurisdiction.  *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324 (3d Cir. 2009).

### A.  Specific Jurisdiction

Plaintiff may establish specific jurisdiction where the non-resident defendants have "purposefully directed" activities in the forum, and the inquiry arises from or is related to those activities.  *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001). This Court must determine whether Defendants purposefully directed their activities at New Jersey and whether Plaintiff's claims arise out of or relate to at least one of those activities.  The Court must also consider whether exercising jurisdiction "comports with fair play and substantial justice."  *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007).

As discussed above, Plaintiff has failed in the Amended Complaint to set forth a single allegation against Queen's University or Ms. Fuhrer individually, or Defendants collectively. Accordingly, specific jurisdiction has not and cannot be established with respect to Defendants. Moreover, even if Plaintiff had included causes of action against these Defendants, there would still be no basis for this Court to exercise personal jurisdiction over Defendants.  As explained in detail in the moving brief in support of their original Motion to Dismiss Plaintiff's Complaint, Defendants have no contacts with New Jersey, or any other state for that matter.  Defendants are Canadian citizens residing and conducting business in Canada.  *See* Dkt. Entry No. 89-5, Janet Fuhrer Declaration ("Fuhrer Dec."), at ¶ 3; *see also* Dkt. Entry No. 89-6, Lisa Newton Declaration ("Newton Dec."), at ¶¶ 3-5.   Thus, Plaintiff has not and cannot credibly allege that Queen's University or Ms. Fuhrer individually, or Defendants collectively, have purposefully directed any activity into New Jersey, let alone activities that relate to the allegations at issue in this lawsuit.

**B. General Jurisdiction**

General jurisdiction may be established where Defendants' connections to New Jersey are so "continuous and systematic as to render them essentially home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). But general jurisdiction cannot be asserted over foreign defendants as an individual because "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Id.* The same is true for foreign businesses where the "place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

The Amended Complaint is devoid of any facts explaining how Defendants had any contact with New Jersey or benefited from the laws of New Jersey in any way. Even the most liberal reading of Plaintiff's rambling allegations will lead to the same conclusion – Plaintiff has failed to plead any facts sufficient to establish general jurisdiction over Defendants in this action.

Ms. Fuhrer is a foreign citizen and a resident of Canada, not New Jersey. *See* Fuhrer Dec., at ¶ 3. Likewise, Queen's University is a foreign business with its only place of business being in Canada. *See* Newton Dec., at ¶¶ 3-5. Neither Queen's University nor Ms. Fuhrer have ever conducted any business within, or directed at, the State of New Jersey, nor have they ever owned or leased any property in the state. Fuhrer Dec., at ¶¶ 3-5; Newton Dec., at ¶¶ 3-6. Defendants have also never had any dealings with Plaintiff in the State of New Jersey. Fuhrer Dec., at ¶ 7; Newton Dec., at ¶ 6. Accordingly, Plaintiff has failed to set forth a single allegation against Defendants to support any notion that Defendants have connections to New Jersey or could anticipate being sued here. Thus, this Court does not have personal jurisdiction over Defendants and the Amended Complaint should be dismissed for that reason alone.

11

III.   **The Amended Complaint Should Also Be Dismissed for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6).**

Pursuant to Rule 12(b)(6), a claim should be dismissed "where it is certain that no relief could be granted under any set of facts that could be proved." *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990). The factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007). Rather, Plaintiff must raise a "reasonable expectation that discovery will reveal evidence" of his claims. *Twombly*, 550, U.S. at 556. Moreover, when allegations concern fraud of mistake, the plaintiff must plead those allegations with particularity and specificity. Fed. R. Civ. P. 9(b). Put another way, the Court must separate out the factual elements of the Complaint and determine whether those alleged facts demonstrate that Plaintiff has a plausible claim for relief.

Although Rule 12(b)(6) requires the court to accept the factual allegations as being true for purposes of this Motion, the factual allegations must still be specific enough to justify dragging a defendant into court. It is insufficient that a defendant simply be named in the caption. Rather, the complaint must contain sufficient allegations that they were involved in the conduct surrounding the lawsuit. *See Linebarger v. Williams*, 77 F.R.D. 682, 685 (E.D. Okla. 1974). Additionally, the complaint must include "enough factual matter to suggest each required element of a particular cause of action." *Phillips v. County of Allegheny*, 515 F.3d 223, 234 (3d Cir. 2008); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) ("a complaint has to show an entitlement [for relief] with its facts").

12

While Plaintiff is *pro se* and is afforded some liberality, he is not excused from meeting certain minimal pleading requirements.  In *Isaac v. Sigman*, 2017 WL 2267264 (D.N.J. May 24, 2017), this court explained:

> " . . . *pro se* litigants must still allege facts that suggest that required elements of any claim that is asserted. *Mala*, 704 F.3d at 245; *see Gibney v. Fitzgibbon*, 547 Fed. App. 111, 113 (3d Cir. 2013) . . . . Even a *pro se* complaint may be dismissed for failure to state a claim if the allegation set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief.' *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013).  Nevertheless, '[l]iberal construction does not . . . require the Court to credit a *pro se* plaintiff for all assertions or legal conclusions.'"

*Id.*, at *4 (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 249 (3d Cir. 2013)).

Here, Plaintiff defies all of the above pleading standards.  The Amended Complaint spends page after page painting a winding, convoluted fiction that offers little details of the alleged facts beyond Plaintiff's mere conclusory statements and as explained above, provides no factual allegations with respect to Defendants at all.  Instead, Plaintiff focuses the majority of the pleading on the alleged conspiracy involving the "Bissell Defendants."  In his moving brief in support of the Motion for Partial Transfer of Venue, Plaintiff explains that he has chosen to largely eliminate the allegations against the "Immigration Defendants" from the Amended Complaint.  *See* Dkt. Entry No. 192-1 at p. 5.  According to Plaintiff, the alleged conspiracy was so enormous in scope that he could not fit the allegations as to both "enterprises" within the 100-page limit prescribed in this Court's Order granting Defendants' Motion to Dismiss the Complaint.  *Id.*  Plaintiff further avers that he chose to limit the allegations in the Amended Complaint to those concerning the Bissell enterprise and file a motion for a partial transfer of venue as to the Immigration Defendants. *Id.*  Plaintiff also avers that once the transfer is effectuated, he will file a new complaint asserting allegations against the Immigration Defendants.  *Id.* at pp. 10-22.

As a practical matter, Plaintiff's unorthodox sequence of pleadings and motions has left him attempting to transfer venue for claims that do not exist, as they are not contained in a pending pleading. Nevertheless, it is beyond dispute that the Amended Complaint does not contain allegations against Defendants and, accordingly, should be dismissed with prejudice.

## IV. The Amended Complaint Should Be Dismissed Because This Court Lacks Subject Matter Jurisdiction.

According to 18 U.S.C. § 1964(c), RICO civil liability creates a cause of action for "[a]ny person injured in his business or property" as a consequence of RICO predicate acts. Furthermore, the Supreme Court has held that in a civil RICO case, the plaintiff "must allege and prove a domestic injury to its business or property". *RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090, 2106 (2016); *Hegrenes v. Nilsen*, 2020 WL 42716, at *3-4 (D.N.J. Jan. 3, 2020) (finding that civil RICO claims require a *domestic* injury). The Supreme Court has declined to extend civil RICO liability "to events occurring and injuries suffered outside the United States." *RJR Nabisco*, 136 S. Ct. at 2096.

The allegations contained in the Amended Complaint are limited to an alleged RICO conspiracy that does not involve either Queen's University or Ms. Fuhrer. And to the extent that Plaintiff has set forth allegations in prior pleadings or motion papers that would even remotely implicate Defendants, any such conduct took place in Canada, outside of the United States, and therefore would not constitute "a domestic injury." *Id.* For these reasons, this Court lacks subject matter jurisdiction over Plaintiff's civil RICO claims.

## V. The Amended Complaint Should Be Dismissed Because Plaintiff Fails to State a Valid RICO Claim.

Even if a basis existed for this Court to exercise jurisdiction over Plaintiff's civil RICO claims, which it does not, the Amended Complaint also fails to articulate a valid civil RICO claim. RICO claims involve "racketeering activity" and must be plead with particularity under Fed. R.

14

Civ. P. 9(b).  *See Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004); *Pagan v. Medina*, 2013 WL 3096916 (D.N.J. June 18, 2013) (in order to sustain a civil RICO claim, plaintiff must show: "(1) an enterprise affecting interstate commerce, (2) in which the defendant was associated, (3) in which the defendant participated, (4) through a pattern of racketeering").

It is axiomatic that Plaintiff has failed to allege facts that, even if taken as true, could establish that Defendants participated in a RICO enterprise.  Plaintiff is required to set forth allegations to demonstrate a scheme to defraud and actions on behalf of Defendants in furtherance of that scheme.  *See Jaye v. Oak Knoll Village Condo. Owners Ass'n, Inc.*, 2016 WL 7013468, at *15 (D.N.J. Nov. 30, 2016) (finding schemes to defraud "must involve some sort of fraudulent misrepresentations or omissions reasonably calculated to deceive persons of ordinary prudence and comprehension"). Here, the Amended Complaint makes no particular allegations regarding Defendants in general, much less with respect to any alleged schemes to defraud Plaintiff, any patterns of racketeering or either Defendant's alleged involvement in same.  Moreover, to the extent Plaintiff has set forth allegations regarding Defendants' alleged connection to or involvement in an alleged RICO enterprise targeting Plaintiff in prior pleadings or motion papers, the Court has already addressed those contentions when it dismissed Plaintiff's Complaint in a well-reasoned decision. *See* Dkt. Entry No. 169.

In sum, Plaintiff has wholly failed on multiple levels to adequately plead a civil RICO case and the Amended Complaint should be dismissed with prejudice as against Defendants.

## VI.    Plaintiff's Claims Should Be Dismissed Due to the Doctrine of *Forum Non Conveniens.*

Plaintiff's Amended Complaint should also be dismissed based upon *forum non conveniens*. The doctrine of *forum non conveniens* states that even when a court has jurisdiction over a matter, if it would be oppressive or duly burdensome to the defendant, and an alternative

forum has jurisdiction, the court may appropriately dismiss the action.  *See Kultur Int'l Film Ltd.*

*v. Covent Garden Pioneer, FSP*, 860 F. Supp. 1055, 1063 (D.N.J. 1994).

      The court should consider the following factors to determine whether a dismissal pursuant

to *forum non conveniens* is appropriate: "(1) whether an adequate alternative forum exists for the

adjudication of claims, and (2) based upon the existence of such an alternative forum, whether

certain interests of both the public and the parties favor dismissal."  *Kultur Int'l Films*, 860 F.

Supp. at 1063.  The private factors the court must consider include:

    a.    Relative ease of access to sources of proof;
    b.    Availability of compulsory process for attendance of unwilling witnesses;
    c.    Costs of obtaining witnesses; and
    d.    Practical considerations that make trial of a case easy, expeditious, and
        inexpensive.

*Burke v. Quartey*, 969 F. Supp. 921, 929 (D.N.J. 1997).  The public factors include:

    a.    Administrative difficulties flowing from court congestion;
    b.    The interest in having local disputes resolved at home;
    c.    The interest in having a case tried in the district which is familiar with
        applicable laws;
    d.    Avoidance of unnecessary problems in conflicts of laws; and
    e.    The unfairness of imposing jury duty upon a community with no
        relationship to the litigation.

*Id.*  If there is a strong showing among these factors, a court should dismiss the case.  Lastly, to

demonstrate an adequate alternative forum, the defendant must show that they are amenable to

service of process in that forum and that the forum could provide analogous relief to the plaintiff

for their claims.  *Kultur Int'l Films,* 860 F. Supp. at 1063.

      To the extent that the Amended Complaint can be read to include allegations against

Defendants, which Defendants dispute, it is Canada that would be the appropriate forum based

upon an abundance of factors.  Defendants themselves and many others named in the Amended

Complaint are citizens of, and reside and conduct business in, Canada.  Moreover, while

Defendants maintain that the Amended Complaint does not contain any allegations against them

16

specifically, the allegations set forth in Plaintiff's prior pleadings and motion papers would be amply addressed by Canada's laws governing fraud. *See Bruno Appliance and Furniture, Inc. v. Hyrniak*, 2014 SCC 8, [2014] 1 S.C.R. 126.

An analysis of the public and private factors all clearly favor dismissal. Defendants are citizens of and reside in Canada. Further, if witnesses were to be called for trial, any such individuals would likely also be Canadian citizens currently residing in Canada. Likewise, Canada would have a greater interest in litigating the claims set forth in Plaintiff's prior pleadings because they center around Canada's immigration regulatory council. Thus, the conduct of Defendants and the ICCRC should be adjudged under Canadian law and in Canadian courts. However, this point is moot because the Amended Complaint does not assert claims against Defendants and should be dismissed with prejudice on this basis alone.

**VII.    Plaintiff's Claims Should Be Dismissed Pursuant to the Doctrine of Collateral Estoppel.**

The doctrine of collateral estoppel applies here to bar Plaintiff's claims. Collateral estoppel prevents parties from litigating an issue that has already been actually litigated. *Peloro v. United States*, 488 F.3d 163, 174 (3d Cir. 2007). In order for collateral estoppel to apply, the following must be demonstrated:

1.    The issues to be precluded are the same as those involved in the prior action;
2.    The issues were actually litigated;
3.    The resolution of those issues were determined by a final and valid judgment; and
4.    The determination was essential to the prior judgment.

*Id.* at 175. Furthermore, collateral estoppel may apply even where there are different parties involved in the subsequent suit because the hallmark of this doctrine is a full and fair opportunity to litigate the issues in a prior lawsuit. *Id.*

Here, even if the Amended Complaint had set forth causes of action against Defendants, which it did not, it is undisputed that those claims and issues have already been litigated in prior actions in Canadian courts. While Defendants were not parties to the prior suits, Plaintiff has now sued them in this Court attempting to re-litigate the identical issues surrounding his removal from the ICCRC. Plaintiff should be collaterally estopped from doing so.

## VIII.    This Court Should Abstain from Hearing This Case Which Asks It to Review Prior Judgments.

Even if this Court does not find that Plaintiff's claims are collaterally estopped, this Court should abstain from hearing this matter. Plaintiff has already asserted nearly identical causes of action arising out of the decision to remove him from the ICCRC board in *Ryan Dean v. Immigration Consultants of Canada Regulatory Council*, No. cv-19-1654-000 (Ontario Sup. Ct.) and *Dean v. Immigration Consultants of Canada Regulatory Council*, No. cv-19-1652-0000 (Ontario Sup. Ct.). *See* Certification of Rachel R. Hager, Esq. ("Hager Cert."), Exh. A. Both of these cases in Canadian courts resulted in decisions against Plaintiff. Plaintiff now attempts to re-litigate these same in this Court.

The *Colorado River* doctrine precludes federal courts from reviewing claims which involve the same or similar issues as those proceeding before other courts. Abstention under *Colorado River* applies where, as in the instant case, "state and federal courts exercise concurrent jurisdiction simultaneously." *Burnett v. Physician's Online, Inc.*, 99 F.3d 72, 76 (2d Cir. 1996). The Supreme Court held that although a pending action in a state court does not generally bar proceedings involving the same matter in a federal court, a federal court may dismiss a federal suit for "reasons of wise judicial administration" where there are "exceptional" circumstances. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976); *see also Burnett*, 99 F.3d at 76. *Colorado River* abstention "rest[s] on considerations of wise judicial administration, giving regard

18

to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817.

To determine whether Colorado River abstention is appropriate, the district court must weigh six factors—four from the *Colorado River* case and two later added by the decision in *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 16 (1983). *See Burnett*, 99 F.3d at 76. Those factors are: (1) the assumption of jurisdiction by either court over any res or property, (2) the inconvenience of the federal forum, (3) the avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained, (5) whether state or federal law supplies the rule of decision, and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction. *Id.* "The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Cone Mem'l Hosp.*, 460 U.S. at 16. However, "[b]y far the most important factor . . . was the 'clear federal policy. . . of avoidance of piecemeal adjudication. . . .'" *Id.* (quoting *Colorado River*, 424 U.S. at 819).

The first factor does not apply here because this case does not involve any res or property. The second through sixth factors weigh heavily in the favor of abstention. Plaintiff already has litigated multiple actions involving the ICCRC, a Canadian organization, in Canadian courts. All Defendants involved in the alleged ICCRC fraud are Canadian citizens and are domiciled in Canada. Thus, the District of New Jersey is an extraordinarily inconvenient forum to now raise these claims again. Furthermore, the Canadian lawsuits, which obtained jurisdiction over the issues raised by Plaintiff first, have already ruled in favor of the ICCRC. Thus, Plaintiff has already pursued those claims in a Canadian court, which would be the appropriate forum, and lost. To allow the District of New Jersey to re-litigate those issues would be tantamount to this Court acting as the appellate division of the Canadian Court of Justice and would result in multi-jurisdictional

19

piecemeal litigation.  In sum, all factors weigh heavily in favor of abstention.  If Plaintiff would like to get a second bite at the apple from the ICCRC's decision, he should file his appeals in Canada.

**IX.  Plaintiff's Amended Complaint Should Be Dismissed With Prejudice and Plaintiff Should Not Be Permitted to File Another Amended Complaint.**

To date, Plaintiff has filed two separate complaints and attempted to file a third.  *See* Dkt. Entry Nos. 1, 111, 177.  In each instance, Plaintiff has resoundingly failed to plead facts that would sustain a claim against Defendants.  Indeed, the pleading that is the subject of this motion — the Amended Complaint — does not include a single allegation pertaining to Defendants individually or collectively.  Accordingly, the Amended Complaint should be dismissed with prejudice as against Defendants and Plaintiff should not be permitted to file yet another fruitless amended pleading.

Leave to amend a complaint pursuant to Fed. R. Civ. P. 15(a) should be freely granted when justice so requires.  However, this Court has the discretion to deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the proposed] amendment."  *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).  If an amended pleading asserts a legally insufficient claim or defense, then the amendment is futile.  *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).  The same standard that is applied to a motion to dismiss under Rule 12(b)(6) is used to determine whether a proposed claim or defense is futile.  *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

Plaintiff has had ample opportunity to plead his case and has wholly and repeatedly failed to meet the predicate elements to sustain an action against Defendants. Indeed, this Court entered

an Order requiring the filing of any Amended Complaint by May 13, 2022.  *See* Dkt. Entry No. 170.   Yet, it cannot be disputed that the Amended Complaint filed by Plaintiff on May 13 contains no allegations against Defendants. It also cannot be reasonably disputed that Defendants are residents of Canada and that there exists a complete lack of contacts with the forum necessary for Plaintiff to sustain any future claims against Defendants in a New Jersey court, or any American court for that matter.  Simply put, Plaintiff has failed time and again to plead facts to establish any tortious conduct by Defendants directed at Plaintiff.  Plaintiff has further repeatedly failed to plead facts demonstrating that Defendants participated in or otherwise contributed to the alleged RICO conspiracy targeting Plaintiff and in his latest pleading — the Amended Complaint — Plaintiff does not even refer to Defendants at all.   The lack of contacts with the form necessary for Plaintiff to sustain claims against Defendants mandates a dismissal of the Amended Complaint with prejudice.

**X.       No Basis Exists to Transfer Any Part of the Action to Another Jurisdiction.**

As demonstrated above, there is no venue in the United States in which there would be personal jurisdiction over Defendants.  Moreover, the interests of justice would not be served by a "transfer" of claims against Defendants because Plaintiff has not and cannot plead facts to support a claim against Defendants.

Under 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such an action . . . to any other such court . . . in which the action . . . could have been brought." Accordingly, Section 1631 requires that the Court decide "(1) whether the transferee court would have personal jurisdiction, and (2) whether a transfer is in the interests of justice."  *Kim v. Korean*

*Air Lines Co., Ltd.*, 513 F. Supp. 3d 462, 471-72 (D.N.J. 2021) (citing *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 107, 110 (3d Cir. 2009)).

Here, there is no state within the United States that would have personal jurisdiction over Defendants.  As discussed above, Queen's University and Ms. Fuhrer are both Canadian citizens residing and conducting business in Canada.  Moreover, neither Queen's University nor Ms. Fuhrer have <u>any</u> contact with any state in the United States, much less the type of contact necessary for the exercise of personal jurisdiction over them and Plaintiff has yet to plead a single fact connecting Defendants to any jurisdiction within the United States.

Plaintiff's original Complaint was dismissed, in part, due to Plaintiff's complete failure to establish personal jurisdiction over Defendants in the state of New Jersey.  In its decision, this Court afforded Plaintiff the opportunity to try to cure this deficiency in an amended pleading. But the Amended Complaint asserts not a single allegation against Defendants and Plaintiff has not and cannot plead facts demonstrating that the exercise of personal jurisdiction over Defendants is appropriate in any state in the United States.  Thus, there is no American venue that would be proper, nor does there exist a basis to transfer any part of the Amended Complaint or permit Plaintiff the opportunity to file an action in another court asserting claims against these Defendants arising from the same set of factual assertions.

The interests of justice would also not be served if this Court were to transfer any part of this matter to another jurisdiction. Plaintiff has been granted every opportunity to cure the defects in his case and has repeatedly failed to do so.  A transfer of venue in this matter would thus result in a further waste of judicial resources with the same inevitable result – a dismissal of Plaintiff's claims against Defendants with prejudice.

## <u>CONCLUSION</u>

For all the foregoing reasons, Defendants respectfully request that any and all claims against the Defendants in the Amended Complaint be dismissed with prejudice.

Dated: June 27, 2022                    **FINAZZO COSSOLINI O'LEARY**
                                        **MEOLA & HAGER, LLC**

                                        By: */s/ Rachel R. Hager*
                                             RACHEL R. HAGER, ESQ.
                                             67 East Park Place, Suite 901
                                             Morristown, New Jersey 07960
                                             (973) 343-4960
                                             rachel.hager@finazzolaw.com
                                             *Attorneys for Defendants,*
                                             *Queen's University and Janet Fuhrer*