# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RYAN DEAN,<br><br>              Plaintiff,<br><br>              v.<br><br>JAMES BISSELL, et al.,<br><br>              Defendants. | CIVIL ACTION NO.:<br>        2:21-cv-9770-MCA-ESK |

---

**BRIEF OF DEFENDANTS TOWNSHIP OF CEDAR GROVE, CEDAR GROVE POLICE DEPARTMENT, CAROLYN ZAJACK, MICHAEL TOWER, ROBERT MCDERMOTT, THOMAS TUCCI, EILEEN O'TOOLE, SASHA PEREZ AND KATHLEEN STUTZ IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

---

Barry M. Capp, Esq.
ANSELL GRIMM & AARON, P.C.
1500 Lawrence Avenue
Ocean, New Jersey 07712
Tel: (732) 922-1000
Email: bmc@ansellgrimm.com
Attorneys for Defendants Township
of Cedar Grove, Cedar Grove Police
Department, Carolyn Zajack,
Michael Tower, Robert McDermott,
Thomas Tucci, Eileen O'Toole,
Sasha Perez and Kathleen Stutz

Barry M. Capp, Esq., of counsel

## TABLE OF CONTENTS

Pages

TABLE OF AUTHORITIES .................................................................. ii

PRELIMINARY STATEMENT ............................................................... 1

STATEMENT OF FACTS/PROCEDURAL HISTORY .................................. 4

LEGAL ARGUMENT

I.   PLAINTIFF HAS FAILED TO SET FORTH A LEGITIMATE
     BASIS FOR THE COURT TO RECONSIDER
     ITS JUNE 20, 2023 ORDER. ................................................... 6

     A.   Plaintiff Has Provided No Sufficient
          Reason For Reconsideration Pursuant To
          Local Rule 7.1. ................................................... 6

     B.   Even If The Court Was To Consider The Alleged
          "New Evidence", It Does Not Alter The Court's
          Decision Dismissing Plaintiff's Amended
          Complaint. ......................................................... 14

CONCLUSION ............................................................................. 18

079756.000053 8479791v1

**TABLE OF AUTHORITIES**

<u>Pages</u>

<u>Blystone v. Horn</u>
   664 <u>F.3d</u> 397, 415-16 (3d Cir. 2011) ................................. 9

<u>Bowers v. Nat'l. Collegiate Athletics Ass'n.</u>
   130 <u>F.Supp.2d</u> 610, 612 (D.N.J. 2001) ............................ 7, 8
                                                                        11

<u>Cetel v. Kirwan Fin. Group, Inc.</u>
   460 <u>F.3d</u> 494, 510 (3d Cir 2006) .................................. 13

<u>CG-69 v. Degnan</u>
   748 <u>F.Supp.</u> 274, 275 (D.N.J. 1990) ............................. 11

<u>Chicosky v. Presbyterian Medical Ctr.</u>
   979 <u>F.Supp.</u> 316, 318 (D.N.J. 1997) ............................. 11

<u>Croker v. Boeing Co. (Vertol Div.)</u>
   662 <u>F.2d</u> 975, 983 (3d Cir. 1981) ................................ 9

<u>DeLong Corp. v. Raymond International, Inc.</u>
   622 <u>F.2d</u> 1135, 1139-40 (3d Cir. 1989) ......................... 8

<u>Egloff v. New Jersey Air National Guard</u>
   684 <u>F.Supp.</u> 1275, 1279 (D.N.J. 1988) ........................... 8

<u>Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.</u>
   680 <u>F.Supp.</u> 159, 162 (D.N.J. 1988) ............................. 11

<u>Harsco Corp. v. Zlotnicki</u>
   779 <u>F.2d</u> 906, 909 (3d Cir. 1985) ................................ 8

<u>Matter of Integrity Ins. Co.</u>
   245 <u>N.J. Super.</u> 133, 136-37 (Law Div. 1990) ............. 13

<u>Max's Seafood Café v. Quinteros</u>
   176 <u>F.3d</u> 669, 677 (3d Cir. 1999) ................................ 7

<u>N.L. Industries, Inc. v. Commercial Union Insurance</u>
   935 <u>F.Supp.</u> 513, 515, 516 (D.N.J. 1996) ...................... 7

ii

N. River Ins. Co. v. CIGNA Reinsurance Co.
     52 F.3d 1194, 1218 (3d Cir. 1995) ............... 7

Resorts Int'l. v. Greate Bay Hotel and Casino, Inc.
     830 F.Supp. 826, 831 n. 3 (D.N.J. 1992) ............... 8

SPIRG v. Monsanto Co.
     727 F.Supp. 876, 878 (D.N.J.),
          aff'd, 891 F.2d 283 (3d Cir. 1989) ............... 8

Tishcio v. Bontex, Inc.
     16 F.Supp.2d 511, 533 (D.N.J. 1998) ............... 11

U.S. v. Compaction Sys. Corp.
     88 F.Supp. 2d 339, 345 (D.N.J. 1999) ............... 8

United States v. Compaction Sys. Corp.
     88 F.Supp.2d 339, 345 (D.N.J. 1999) ............... 7, 8

United States v. Jones
     158 F.R.D. 309, 314 (D.N.J. 1994) ............... 7

_____

L.Civ.R. 7.1 ............... 6

L.Civ.R. 7.1(g) ............... 8

L.Civ.R. 7.1(i) ............... 1, 6
                                 7, 10
                                 11, 14

Fed.R.Civ.P. 50 ............... 6

Fed.R.Civ.P. 52 ............... 6

Fed.R.Civ.P. 59 ............... 6

Fed.R.Civ.P. 59(e) ............... 7

Fed.R.Civ.P. 60(b) ............... 7

42 U.S. Code §1983 ............... 4

42 U.S. Code §1985 ............... 5

079756.000053 8479791v1

## **PRELIMINARY STATEMENT**

The genesis of this matter is Plaintiff's claim that he was wrongfully accused by Lisa Bissell ("Bissell") of a sexual assault that was committed in February 2017 and reported in August 2017. Rather than focusing on the alleged wrongful accusation, he has made it his prime objective to allege a nefarious global conspiracy directed against him, involving over fifty (50) parties, including governmental authorities, private entities and individuals, and even licensed attorneys in good standing. Despite one-hundred pages, over three-hundred numbered paragraphs referencing numerous documents, and eighteen "Claims for Relief", cumulatively making up his Amended Complaint, the Court, having parsed through the volume of materials submitted by Plaintiff, properly determined that Plaintiff failed to state a claim upon which relief could be granted as to the Cedar Grove Defendants,[1] and therefore dismissed Plaintiff's Amended Complaint by order dated June 20, 2023 (the "June 20, 2023 Order").

The Cedar Grove Defendants submit this opposition to Plaintiff's motion for reconsideration on the basis that it fails to meet the requirements of L.Civ.R. 7.1(i). Plaintiff's motion

---

[1] For purposes of this opposition brief, the phrase "Cedar Grove Defendants" shall mean Defendants Township of Cedar Grove ("the Township"), the Cedar Grove Police Department ("the Department") and Cedar Grove employees Carolyn Zajack, Michael Tower, Robert McDermott, Thomas Tucci, Eileen O'Toole, Sasha Perez, and Kathleen Stutz ("the Cedar Grove Employees").

1

fails to articulate how in granting the Cedar Grove Defendants' motion to dismiss Plaintiff's Amended Complaint, the Court overlooked controlling decisions or otherwise did anything to warrant reconsideration. The Court properly addressed each of Plaintiff's claims as to the Cedar Grove Defendants in a well-reasoned opinion, and Plaintiff is merely seeking a "second bite at the apple" as has been Plaintiff's well-documented practice to date. It is also not coincidental that Plaintiff's Amended Complaint separates the Cedar Grove Defendants from those Defendants that Plaintiff contends were involved in a conspiracy yet once the claims were dismissed, Plaintiff filed a motion for reconsideration overflowing with farfetched allegations of conspiracy involving the parties to the litigation, including the Cedar Grove Defendants.

Rather than specifying how the Court erred or what salient facts or law were overlooked by the Court in entering the June 20, 2023 Order, Plaintiff argues the existence of "new evidence," which if considered, would require the Court to alter its order of dismissal. However, as set forth herein, the alleged "new evidence" is not, in fact, "new" whatsoever, as it is information that Plaintiff has had in his possession for nearly six (6) years. It is merely a last-ditch effort on the part of Plaintiff to continue his pursuit of frivolous claims against the Cedar Grove Defendants. Moreover, and alternatively, even if the Court considered the "new

079756.000053 8479791v1

evidence", it has zero impact on the Court's dismissal of Plaintiff's Amended Complaint. In other words, the "new evidence" bears no reasonable nexus to the Court's well-supported reasons for granting the motion to dismiss.

079756.000053 8479791v1

## STATEMENT OF FACTS/PROCEDURAL HISTORY

Plaintiff's Amended Complaint asserts various claims against over fifty Defendants, including the Cedar Grove Defendants, all deriving from allegations made by Bissell in a state court civil complaint that she was sexually assaulted by Plaintiff.[2] As to the Cedar Grove Defendants, Plaintiff seeks relief based on allegations that the Cedar Grove Defendants failed to provide him with a police report from August 2017 that was filed by Lisa Bissell in connection with the sexual assault, and that the Cedar Grove Defendants did not allow Plaintiff to file a police report. Specifically, Plaintiff asserted the following "Claims for Relief" against the Cedar Grove Defendants:

1.  Violation of New Jersey RICO and conspiracy to violate New Jersey RICO (Third Claim for Relief);

2.  Fraud (Fourth Claim for Relief);

3.  Conspiracy (Fifth Claim for Relief);

4.  Article III Standing Under the Constitution of the United States (Sixth Claim for Relief);

5.  Federal Civil Rights Violations Under Color of State Law under 42 U.S. Code §1983 - civil action for deprivation of rights (Seventh Claim for Relief);

6.  Federal Civil Rights Violations Under 42 U.S. Code §1985 – Conspiracy to interfere with civil rights (Eighth Claim for Relief);

---

[2] The numerous "Claims for Relief" asserted by Plaintiff in the Amended Complaint were made in the context of a State Court matter entitled <u>Bissell v. Ryan Dean</u>, Superior Court of New Jersey, Law Division, Docket No.  ESX-L-984-19 (the "State Court Matter").

7.  Concealment or destruction of evidence (spoilation of evidence) (Ninth Claim for Relief);

8.  Abuse of process (Tenth Claim for Relief);

9.  Malicious abuse of legal process (malicious prosecution) (Eleventh Claim for Relief);

10. Emotional distress (intentionally inflicted emotional distress) ("IIED") (Thirteenth Claim for Relief);

11. Diminished-earning capacity (Fourteenth Claim for Relief);

12. Tortious interference with contract or prospective business advantage (Fifteenth Claim for Relief); and

13. Prima facie tort (Seventeenth Claim for Relief);

On November 4, 2022, the Cedar Grove Defendants filed a motion to dismiss Plaintiff's Complaint in lieu of filing an Answer (Doc 263). On December 5, 2022, Plaintiff filed a brief in opposition to the Cedar Grove Defendants' motion to dismiss (Doc 268). On December 14, 2022, the Cedar Grove Defendants filed a reply to the opposition of Plaintiff to the Cedar Grove Defendants' motion to dismiss (Doc 271). On June 20, 2023, the Court entered a letter order granting the Cedar Grove Defendants' motion to dismiss and dismissing Plaintiff's Complaint with prejudice for failure to state a claim (Doc 298). On June 21, 2023, Plaintiff filed a "letter concerning new evidence", specifically the same "new evidence" upon which Plaintiff bases the present motion for reconsideration (Doc 299). On July 5, 2023, Plaintiff filed a

5

motion seeking reconsideration of the Court's June 20, 2023 Order (Doc 300).

## LEGAL ARGUMENT

**I.    PLAINTIFF HAS FAILED TO SET FORTH A LEGITIMATE BASIS FOR THE COURT TO RECONSIDER ITS JUNE 20, 2023 ORDER.**

In a well-reasoned Order, the Court granted the Cedar Grove Defendants' motion to dismiss Plaintiff's Complaint. Plaintiff, in his motion for reconsideration, has failed to identify or articulate any basis pursuant to which the Court should exercise its discretion and reconsider the June 20, 2023 Order. Plaintiff's arguments rely primarily upon "new evidence" as a basis for the Court to reconsider its prior decision, despite the alleged "new evidence" having been in Plaintiff's possession for nearly six years. Otherwise, Plaintiff simply expresses his disagreement with the Court's decision, an improper basis to seek reconsideration.

### A.    Plaintiff Has Provided No Sufficient Reason For Reconsideration Pursuant To Local Rule 7.1.

A motion for reconsideration is governed by Local Rule 7.1(i), which provides as follows:

> Unless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge. A brief setting forth concisely the matter or controlling decisions which the

> party believes the Judge has overlooked shall
> be filed with the Notice of Motion.

A motion for reconsideration is not expressly recognized in the Federal Rules of Civil Procedure. United States v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e) or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b). Id. In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F.Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court in matters "which [it] believes the court has overlooked" when it ruled on a motion. L.Civ.R. 7.1(i); see N.L. Industries, Inc. v. Commercial Union Insurance, 935 F.Supp. 513, 515 (D.N.J. 1996). The standard for reargument is high and reconsideration is to be granted only sparingly. See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). The moving party has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d. Cir. 1999) (citing N. River Ins. Co. v.

7

CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. United States v. Compaction Sys. Corp., 88 F.Supp. 2d 339, 345 (D.N.J. 1999); see also L.Civ.R. 7.1(g). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F.Supp.2d at 612 (D.N.J. 2001) (citation omitted). See also Compaction Sys. Corp., 88 F.Supp.2d at 345.

Generally, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the Court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F.Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Therefore, reconsideration is not to be used as a means of expanding the record to include matters not originally before the Court. Bowers, 130 F.Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F.Supp. 826, 831 n. 3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F.Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l., 830 F.Supp. at 830 n 3. Where "evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (citing DeLong Corp.

8

v. Raymond International, Inc., 622 F.2d 1135, 1139-40 (3d Cir. 1989) (overruled on other grounds Croker v. Boeing Co. (Vertol Div.), 662 F.2d 975, 983 (3d Cir. 1981)). The Third Circuit has defined "new evidence" for purposes of a motion for reconsideration as follows:

> [n]ew evidence, for reconsideration purposes, does not refer to evidence that a party submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available. Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration.

Blystone v. Horn, 664 F.3d 397, 415-16 (3d Cir. 2011)(citations omitted).

Here, in support of Plaintiff's motion for reconsideration, Plaintiff regurgitates the arguments he raised in his motion to submit new evidence (Doc 299). In so doing, Plaintiff claims that his motion for reconsideration should be granted based on this "new evidence", which is the TRO application of Bissell that was admittedly served on Plaintiff on August 11, 2017 (Doc 300, at 4). Therefore, the "new evidence" to which Plaintiff refers is a document that he had in his possession for nearly six years prior to the filing of the instant application for reconsideration, hardly "new evidence". But what Plaintiff is seemingly arguing is that even though he had the TRO on August 11, 2017, he could not clearly read Item 4 until he decided to magnify it at some point

in time between June 20, 2023, when the June 20, 2023 Order was entered, and July 5, 2023, when he filed the motion for reconsideration. According to Plaintiff, Item 4 of the TRO is the following question posed to the applicant: "[h]as a criminal complaint been filed in this matter? (If Yes, enter date, docket number, court, county, state)". Item 4 also provides check boxes for the applicant to respond either "Yes" or "No" (Doc 300, at 3).

It was not until Plaintiff received the adverse ruling dismissing his Amended Complaint with prejudice that he decided he would find out what the document (Item 4 of the TRO application) actually said and conjure up this "new evidence" argument to extend and continue his global conspiracy claims. Nevertheless, this alleged "new evidence" (or "new information") clearly falls outside the definition of "new evidence" for purposes of a motion for reconsideration as it is being submitted after an adverse ruling, could have been earlier submitted to the Court, certainly prior to the Court's entry of the June 20, 2023 Order, and was previously available to and in the possession of Plaintiff for nearly six years. This information regarding Item 4 on the TRO application is not "new evidence" as defined by the Third Circuit and Plaintiff cannot and has not pointed to any authority that would allow even a rational argument that this constitutes "new evidence" for purposes of L.Civ.R. 7.1(i). Therefore, the Court

should not reconsider the June 20, 2023 Order based on a claim of "new evidence".

Additionally, L.Civ.R. 7.1(i) does not allow parties to restate arguments which the court has already considered. CG-69 v. Degnan, 748 F.Supp. 274, 275 (D.N.J. 1990). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. Bowers, 130 F.Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F.Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F.Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F.Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions…may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.") In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F.Supp.2d 511, 533 (D.N.J. 1998) (citation omitted).

Here, what Plaintiff is really arguing is that he disagrees with the Court's reasoning in granting the Cedar Grove Defendants' motion to dismiss. He fails to provide any controlling decisions which he believes the Court overlooked. Therefore, the motion for reconsideration process is improper, and any "difference of opinion" Plaintiff has with the Court should be dealt with on

11

appeal. Nothing contained in Plaintiff's motion papers cites to any facts or law that the Court failed to consider, but rather, Plaintiff focuses his arguments on Item 4 of the TRO application, which was available to him, and proceeds to regurgitate the very same arguments that he made in opposition to the Cedar Grove Defendants' motion to dismiss. Plaintiff's claims against the Cedar Grove Defendants, stemming from his claim that he was not provided a copy of the police report, is not only inaccurate but irrelevant. Plaintiff was well-aware of the existence of a police report from the testimony elicited at the September 28, 2017 FRO hearing before Judge Murray and does not contend otherwise. Plaintiff seemingly fails to recognize that restating the same arguments as he did in his opposition to the motion to dismiss, with the exception of his "new evidence" argument, does not make them any more effective. Rather, Plaintiff continues to "harp on" his "revelation" relative to the language of Item 4 in the TRO application as now forming a basis for the numerous claims that were previously dismissed as to the Cedar Grove Defendants.

Specific to Plaintiff's arguments in his motion for reconsideration, at least as to those that are comprehensible, the Court properly addressed how Plaintiff failed to state a claim upon which relief could be granted and that any potential amendment would be futile. As concerns the tort claims, Plaintiff has presented no controlling decisions holding that the Tort Claims

12

Act ("TCA") notice requirements do not apply to bar those claims. In terms of the RICO claims (both federal and state), Plaintiff makes it abundantly clear in his Amended Complaint that the Cedar Grove Defendants are not "RICO Defendants" or part of the "RICO enterprise" (See Doc 177, ¶¶14, 91). And Plaintiff's present attempt to institute such a claim against the Cedar Grove Defendants and revive the dismissed claims by way of his motion for reconsideration based on the "new evidence" fails, since the alleged "new evidence" was in his possession as of August 7, 2017. Therefore, putting aside that Plaintiff, as a matter of law, cannot meet the requirements to establish liability under New Jersey or federal RICO laws, including no reasonable identification of the predicate criminal acts necessary to plead such a cause of action, Plaintiff would have been aware of any potential claims stemming from the TRO application at that time, and the statute of limitations for all such claims has since expired.[3] Additionally, although Plaintiff asserts that the Cedar Grove Defendants are not RICO Defendants or part of the "RICO enterprise", Plaintiff's New

---

[3] The statute of limitations for civil liability under New Jersey's RICO statute is four years after commission of the offense. Matter of Integrity Ins. Co., 245 N.J. Super. 133, 136-37 (Law Div. 1990); see also Cetel v. Kirwan Fin. Group, Inc., 460 F.3d 494, 510 (3d Cir. 2006) (supporting New Jersey's adoption of a four-year statute of limitations for the New Jersey RICO statute). Plaintiff's additional claims insofar as Plaintiff claims that they arise out of the alleged "new evidence", are also barred by the applicable statutes of limitations.

13

Jersey RICO Claim for Relief alleges that "all Defendants" are in violation of New Jersey RICO (Doc 177, ¶204). However, there is nothing contained in the Third Claim for Relief alleging that the Cedar Grove Defendants violated New Jersey RICO or specifying what the Cedar Grove Defendants did that might conceivably constitute a New Jersey RICO violation (Doc 177, ¶¶201-216), and Plaintiff was provided multiple opportunities to amend and refile his complaint.

As for the remaining allegations of the Amended Complaint concerning the Cedar Grove Defendants, they were properly addressed by the Court and do not bear repeating.

**B.    Even If The Court Was To Consider The Alleged "New Evidence", It Does Not Alter The Court's Decision Dismissing Plaintiff's Amended Complaint.**

As set forth in I.A., supra, Plaintiff cannot demonstrate that he meets the "new evidence" exception to Local Rule 7.1(i). Nevertheless, if the Court was to consider the language of item 4 of the TRO as "new evidence", it fails to provide any support for Plaintiff's claim that the Cedar Grove Defendants' motion to dismiss should have been denied. Item 4 merely asks on the TRO application whether a criminal complaint has been filed in this matter, and the "No" box is checked off. Plaintiff appears to conflate the filing of a criminal complaint/criminal charges with the filing of a police report. Plaintiff acknowledges that a <u>police report</u> was filed by Bissell with the Cedar Grove Police Department

on or about August 9, 20217 at 1:30 p.m. (Doc 298, at 4). Plaintiff then proceeds to state that "[i]t is quite remarkable that the CGD [Cedar Grove Defendants] *deliberately*, *willfully*, and *knowingly* fraudulently *concealed* from me – for years – the fact that the Police Report/Criminal Complaint **was** filed August 9, 2017, at 1:30 P.M. (hours before the creation of the TRO)." Id. This is proof positive that Plaintiff is equating the police report with a criminal complaint, which is simply incorrect and something of which this Court can take judicial notice.

The Court can further take notice that Plaintiff was aware that a police report was filed with the Department on August 9, 2017, based on testimony at the FRO hearing, at which Plaintiff was present, consisting of multiple representations that Bissell went to and reported a sexual assault with the Cedar Grove Police Department. But most importantly, the police report itself, which Plaintiff has continuously referenced in his Amended Complaint and in the instant motion, specifically states that no criminal complaint/charges were ever filed.[4] Moreover, it can be confidently stated that Plaintiff would undoubtedly have knowledge of criminal charges, had they been filed against him, in connection with

---

[4] The last sentence of the third page of the Police Report states as follows: "Assistant Prosecutor Pete Polidoro advised that they [Essex County Prosecutor's Office] closed the case on August 16, 2017 [one week after the Police Report was filed] with no charges." (emphasis added)

15

Bissel's claim of sexual assault, as he would have been required to answer to them. Therefore, the response to item 4, regardless of who provided it, was accurate, and there is nothing upon which Plaintiff can even attempt to rely in support of hie motion or to argue it constitutes "new evidence".

Despite all of this, even if the response to item 4 of the TRO application somehow did not accurately reflect whether any criminal complaint had been filed at the time, Plaintiff cannot establish that the Cedar Grove Defendants, as opposed to the applicant, had anything to do with providing the information contained on Bissell's TRO application. More importantly, if the response to item 4 did not reflect the status of the matter at the time, which it did, Plaintiff cannot make out any reasonable argument as to how that would alter the Court's decision granting the Cedar Grove Defendants' motion to dismiss other than some farfetched conspiracy theories that are not worthy of a second glance.

In fact, Plaintiff acknowledges that he was unaffected by allegedly not having the police report at the FRO hearing or based on the "new evidence", since the FRO was ultimately denied. Incredulously, Plaintiff's claim, as contained in his motion for reconsideration, is that "had the CGD [Cedar Grove Defendants] acted like they should", "the result of the proceeding [FRO hearing] would have been a judgment much more strongly in my favor"

16

(emphasis added). Plaintiff states in his motion papers that he "verily believe[s] that Judge Murray would have ruled *much* more strongly in my favor than she already did with already calling Bissell 'not…entirely credible' and in dismissing the TRO and Amended TRO against me. In fact, I believe that Judge Murray would have called Bissell a flat-out liar if the confession(s) had been revealed." (Doc 300, at ¶¶54, 63). Plaintiff therefore acknowledges that any alleged wrongdoing on the part of the Cedar Grove Defendants did not cause him damage.[5]

---

[5] The Court can take judicial notice, and Plaintiff has acknowledged, that the FRO was denied by Judge Murray after a hearing and any such judgment dismissing the TRO and/or Amended TRO was dispositive (any argument involving the measure of strength of the dismissal of the FRO is preposterous).

## <u>CONCLUSION</u>

For the foregoing reasons, it is respectfully submitted that the Court properly dismissed Plaintiff's Amended Complaint, that any "new evidence" should not be considered, and that even if the additional information is considered, it would not alter the Court's decision. Therefore, Plaintiff's motion for reconsideration of the June 20, 2023 Order must respectfully be denied.

> Ansell Grimm & Aaron, P.C.
> Attorneys for Defendants Township
> of Cedar Grove, Cedar Grove Police
> Department, Carolyn Zajack,
> Michael Tower, Robert McDermott,
> Thomas Tucci, Eileen O'Toole,
> Sasha Perez and Kathleen Stutz

By: _____
     Barry M. Capp, Esq.

Dated: <u>July 21, 2023</u>

079756.000053 8479791v1