# UNITED STATES DISTRICT COURT
# NEW JERSEY

| Ryan Dean<br>Plaintiff<br><br>v.<br><br>J. Bissell et al<br>Defendants | 2:21-cv-09770-MCA-JSA |
|---|---|

## Affidavit of Ryan Dean, April 10, 2024, In Response To Order (ECF 332(A) In 2:21-cv-09770-MCA-ESK)

I, RYAN DEAN, of full age, hereby affirm, swear, and I have personal knowledge as to the following:

1. I am a resident of the State of New York[1] and I am the Plaintiff in this action. This is the Affidavit of Ryan Dean, April 10, 2024, In Response To The Order (ECF 332(A) In 2:21-cv-09770-MCA-ESK).[2] This Affidavit also supports my "Motion For Alternative Service On the Defendants Who Have Not Yet Made An Appearance In the USDC," and the corresponding affidavit (ECFs 235 series).

2. I also rely on the Affidavit of Service of Daryol Forinash (a retired California Sheriff) (ECF 201, Exhibit '1" (pg 4)) that detailed service under NJ Ct R 4:4-4(c) per ECF 169, Footnote 20.

[1] As I have all my mail sent to 3540 W. Sahara Ave, 752, Las Vegas, NV, 89102.
[2] There was a Magistrate Judge change in this matter where Judge Allen has replaced Judge Kiel.

**3.** Below each of the defendants who have not yet made an appearance in this matter will be discussed below. Then I will discuss the reasons (and some case) law of why I should be allowed to serve these defendants via substituted service.

**4.** Defendant Sierra Global Management LLC ("**Sierra**") is a key defendant in this matter and a competitor hedge fund – thereby enabling me to invoke the Noerr – Pennington Doctrine Exception dispensing with the 'litigation privilege.' I know precisely where Sierra Global Management LLC is (750 Lexington Ave, 9th Fl, NY, NY, 10022) - and is located in an office building in Manhattan – and I have been there. It is within a building that has security services on the first floor (like nearly other high rise building in Manhattan) and these security guards (obviously) do not let anyone access the elevator banks unless they have an appointment with someone 'upstairs.' I will not be able to obtain an appointment to serve Sierra and it appears no one is ever in the office anyways (see next ¶s).

**5.** Knowing this I had the New York Sheriff Department pay a visit to Sierra to serve the summons and complaint – and the Sheriff said that "Address is a VIRTUAL OFFICE RENTED FROM 'WEWORK' COMPANY, UNABLE TO SERVE" (ECF 259, PG 3). I have no other way of serving Sierra but by email or via defendant Craig Peretz[3] – who used to be the COO of Sierra during the time in question in 2016/2017.

[3] Or Craig Peretz via his attorney in this matter at email mdaquanni@madlawoffice.com.

6. Sierra on its website lists an email address to contact "cfmichaels@sierraglobal.com":[4]

7. Defendant and NJ 'atty' James Pryor ("**Pryor**") was served the summons and complaint at the offices of "Bell & Shivas, P.C."[5] by Daryol Forinash (Logan, Utah) on June 9, 2022 by USPS (with tracking number 9114.9999.4431.3537.1844.79 ("**1844.79**")). The delivered USPS to Pryor was refused & returned to sender (see Exhibit '1' herein). In Exhibit '2' herein, see USPS Tracking Notifications (by USPS texts) showing 1844.79 (A) departed Utah 06/07/22, (B) expected delivery 06/09/22, (C) delivered 06/09/22 & (D) returned to Logan, UT 06/25/22. I still have these texts from USPS on my phone should the USDC NJ need to inspect them.

8. Pryor has always kept an office at "Bell & Shivas, P.C." and Pryor has been evading service since the onset of this matter.[6] In trying to show efforts to serve Pryor (in response to the Order (ECF 332(A)) and not expecting Pryor to be found at "Bell & Shivas, P.C.", I paid a process

[4] See https://sierraglobal.com/contact/
[5] 150 Mineral Springs Dr, PO Box 220, Rockaway, NJ, 07866.
[6] See ECF 235-4, pgs 126-131. See also Exhibit '4' where I had previously tried to serve Pryor legal documents and it was returned "attempted not known." It appears that the "RTS" on Exhibits '1' and '4' were done by the same person.

server to go and make an attempt to serve Pryor – that was *surprisingly successful* – on April 8, 2024 (See ECF 344).

**9.** Note, the receptionist "Tina" said that Pryor 'mostly works here on weekends' (see Exhibit '3' pertinent part of service documentation).[7]

**10.** The Balance of the Immigration defendants not mentioned in ECF 169 (Footnotes 1 – 8) are yet to make an answer/oppose the Amended Complaint in this matter are: Jo Balbiran, Borders Immigration Consultancy, Jennifer Burns, Tatiana Cardozo De Cardoso, Doo Yong Choi, Rochelle Dickenson,[8] Eva Eaton, Aileen Farrol, Susana Gabriela Najar De Lima, Olufunke Hamid-Oke, Oluwadamilola Iwajomo, Robyn Jones, Matthew Lebaron, Eusook Lee, Evonne Li, Hong Liu, Stacey Chanh Phong Ly, Adelaide Marbell, Christopher McNair, Dalia Milmantas, Balvinder Pahl, Perminder Sidhu, Erica Stanley, Mark Varnam, Xiao Xi, Andrew Yin & Jutta Zillegen.

**11.** As I said in previous filings that perhaps there will be a settlement with the Immigration Defendants and/or the matter will be filed in another court absent some material development in this instant case.[9]

**12.** When this matter was first filed on April 19, 2021, it had the effect of the lawyers in Canada alerting these defendants and recruiting them to be part of the Ontario matter (see ECF 105-2, starting on pg 95) as a

[7] Contact Ms. Latrese Stewart at "Last Minute Messager Service LLC," 210 Mountain Ave, Ste 1362, Springfield, NJ, 07081 (908.768.2885) for further verification & details.
[8] See Exhibit '5' as just one example of previously trying to serve these Immigration defendants with the original complaint.
[9] See ECF 337-1 and upcoming Reply. The still seek the clarification that the matter is tolled to file in a different court as a basis to remove the Existing Immigration Defendants from the caption.

strategy to defend in the US. Clearly, these defendants were made aware of the matters in the USDC NJ (by the 'lawyer defendants').

**13.** Other than the service made by Daryol Forinash under NJ Ct R 4:4-4(c) I have not made further attempts to serve these defendants as they were alerted to the complaint and were purposefully being evasive – just like they were in the Ontario matter. I already made "despite diligent effort and inquiry" to serve many of these defendants in the Ontario matter, and therefore all I can do (and have done) is use the mails to serve.

**14.** Also, I have been spending my time trying to pierce the "litigation privilege" with various on-the-books case law regarding the Noerr – Pennington Doctrine and the exceptions provided by Williams v. BASF Catalysts LLC, 765 F.3d 306, 318 (3d Cir. 2014), for instance.

**15.** During this entire time the USDC NJ did not view my Amended Complaint through the lens of *Brown v. Brown*, No. A-0384-21 (February 3, 2022 ("***Brown***")) (see ECF 341-1, ¶ 2) where the NJ Appellate Court defined the limits of the 'litigation privilege' and "frivolous, vexatious, and tortious" litigation is not protected by the 'litigation privilege.' It was easy for the USDC NJ to apply *Brown* – but did not and instead I have been diligently filing motions to undo the *primary* injustice regarding the NJ/Florida based defendants and I have not had any time (nor money) to chase down the Immigration defendants in Canada.[10]

[10] Now is a good time to remind that USDC NJ that nearly every day we hear about some new case about a famous (usually a man) being accused of sexual (anything) and it has the immediate affect of stopping that man's life, destroying his future, and being

16. To be clear - the purpose to extort is to extract and/or destroy (and that is why it is so illegal) and if the extortion demands are not met then what could be worse to a man than what Lisa Bissell and her *crew* have done - and the Court protected/rewarded – and not even made Lisa Bissell make an appearance in this matter? This is what I have had to deal with in these matters – as well as the state case (and a few others) – all related to Lisa Bissell and her 9+ conflicting and fabricated 'story times' regarding the same persons, events, and timelines – and other malfeasance.

17. The Court is supposed to construe the complaint liberally and especially so for pro se litigant – but has it? I offer this case law to augment my point: "In summary, the **Third Circuit** recognizes the challenges faced by pro se litigants and strives to interpret their complaints liberally, searching for potential claims even when not explicitly stated. This approach promotes **access to justice** and fairness in the legal system." I respectfully submit that it was a *harmful* & plaint court error in not applying *Brown* to my Amended Complaint and I have been spending my time and efforts in trying to overcome the litigation privilege protecting egregious extortion.

18. This case law below also assists in showing that my pleading were **not** construed liberally nor to do substantial justice:

---

permanently canceled (for starters). Of course, these famous people have lots of money to pay lawyers – while their money lasts – and the damage caused is permanent and lasting. For the rest of the men in the nation who have been falsely accused of sexual (anything) – they do not have money to pay lawyers and a disproportionately high number of these men simply choose suicide (do a google search of 'sexual assault accusation' and 'suicide'). I have been dealing with this evil going on 8 years now and it has certainly been extreme extortion and manifest injustice as the ***malignant narcissist*** Lisa Bissell looks on and laughs. *Brown* should stop that.

A document filed pro se is "to be **liberally construed**," Estelle, 429 U.S., at 106, 97 S. Ct. 285, 50 L. Ed. 2d 251, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. (internal quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) ("**All pleadings shall be so construed as to do substantial justice**"). Erickson v. Pardus, 551 U.S. 89, 94 (2007)

19. This *kind* of case law above is in the entire Federal Court system in all Circuits and of course in the Supreme Court of the United States:

i. Because the Plaintiff is pro se, **the Court has a higher standard when faced with a motion to dismiss**, White v. Bloom, 621 F.2d 276 makes this point clear and states: **A court faced with a motion to dismiss a pro se complaint must read the complaint's allegations expansively**, Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972), and take them as true for purposes of deciding whether they state a claim. Cruz v. Beto, 405 U.S. 319, 322, 92 S. Ct. 1079, 1081, 31 L. Ed. 2d 263 (1972).

ii. Pro se litigants' court submissions are to be construed liberally and held to less stringent standards than submissions of lawyers. **If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with rule requirements.** Boag v. MacDougall, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982); Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)(quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); McDowell v. Delaware State Police, 88 F.3d 188, 189 (3rd Cir. 1996); United States v. Day, 969 F.2d 39, 42 (3rd Cir. 1992)(holding pro se petition cannot be held to same standard as pleadings drafted by attorneys); Then v. I.N.S., 58 F.Supp.2d 422, 429 (D.N.J. 1999).

iii. **The courts provide pro se parties wide latitude when construing their pleadings and papers. When interpreting pro se papers, the Court should use common sense to determine what relief the party desires.** S.E.C. v. Elliott, 953 F.2d 1560, 1582 (11th Cir. 1992). See also, United States v. Miller, 197 F.3d 644, 648 (3rd Cir. 1999) (**Court has special obligation to construe pro se litigants' pleadings liberally**); Poling v. K.Hovnanian Enterprises, 99 F.Supp.2d 502, 506-07 (D.N.J. 2000).

iv. Defendant has the right to submit pro se briefs on appeal, even though they may be in artfully drawn but the court can reasonably read and

    understand them. See, Vega v. Johnson, 149 F.3d 354 (5th Cir. 1998). **Courts will go to particular pains to protect pro se litigants against consequences of technical errors if injustice would otherwise result.** U.S. v. Sanchez, 88 F.3d 1243 (D.C.Cir. 1996).

v. Moreover, **"the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory."** Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1334 (8th Cir. 1975) (quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)).

**20.** The point again is that there has been (respectfully) a manifest injustice in this matter and I have been focusing my efforts in trying to deal with how to overcome the 'litigation privilege' the NJ/Florida defendants cower behind - and the central core case law in *Brown* comports to what I have been saying all along (see ECF 221, ¶ 22, 64 – 66 and how it relates to Williams v. BASF Catalysts LLC, 765 F.3d 306, 314-15 (3d Cir. 2014)).

**21.** As for service in NJ – none of these Immigration defendants are in NJ:

> If a plaintiff submits an affidavit and establishes that personal service cannot be effected "**despite diligent effort and inquiry**[,]" substitute modes of service may be permitted. N.J. Ct. R. 4:4-4(b). One substitute mode is that "any defendant may be served as provided by court order, consistent with due process of law." N.J. Ct. R. 4:4-4(b)(3). Substituted service by email in NJ "is generally permitted where the movant has supplied the court with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address." Menon v. Corbett, No. 21-8384, 2022 WL 3998393, at *3 (D.N.J. Sept. 1, 2022) (cleaned up) (citations omitted).

**22.** I already gave the proposed email addresses of where to serve the complaint (ECF 235-4, pg 135) and Richard Dennis, a resident of New York

State and Director of the Immigration Consultants Regulator is best suited to receive these complaints via email[11] (see also ¶ 29 below).

**23.** Richard Dennis is the same man that I handily defeated in elections at ICCRC in 2016 and the ICCRC with its blizzard of 'discipline complaints' aimed at nothing I did ill as an immigration consultant was spun around to try to remove me as an elected director – and thus those complaints were done so in violation of case law like *Brown.*[12]

**24.** As a sidenote: do we know of *anyone* else who claims that elections were not proper, believes he was falsely accused of sexual assault, and who essentially believes that legal process is being used to prevent him from being the President of the United States once more? Whether Your Honor(s) likes President Trump or not is irrelevant. What is relevant is if he does become President again – he is very likely to make some *Highly Draconian Retroactive Leg/Exe Orders* that I am sure to benefit from.

**25.** Moving on…. I make the following comments now as it relates to the 'service of process' case law below (see ¶ 26) that seems to fit this instant case best. None of the Immigration defendants are located in NJ – and indeed are under the regulation of Richard Dennis through the College of Immigration and Citizenship Consultants ("**CICC**"). It is very easy for CICC to give the summons and complaint to the Immigration defendants, and this is *much* easier than it was for Richard Dennis et al to *organize* the

[11] https://college-ic.ca/about-the-college/board-of-directors
[12] Of course, under the Canada Not For Profit Corporations Act only the members who elected me could *lawfully* remove me. Period.

overthrowing of elections, install Richard Dennis back as director, and keep control of a regulator by recruiting these Immigration defendants. Justice says that they cannot have it both ways by reaching into the United States to 'discipline me' but then hide in Canada evading service.

**26.** The Court is to measure the 'quality' of my efforts to serve these defendants and I respond that the *quality and quantity* of my efforts in this matter has been to get justice and deal with overcoming the 'litigation privilege' preventing justice - and where I think I have taken nearly every conceivable effort to overcome the litigation privilege and thus the various court filings:

> Lastly, Plaintiff's motion to effect service of process by alternate means, by serving the summons on Defendant's email address, is denied without prejudice. *See* Third Motion at 1-2. Federal Rule of Civil Procedure 4 governs the process for serving a defendant with a summons and complaint. Rule 4(e)(1) authorizes service on an individual within a judicial district of the United States by, among other things, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," unless federal law provides otherwise. Fed.R.Civ.P. 4(e)(1). **As the forum state, NJ's service rules apply here. NJ Court Rule 4:4-4(a) provides that personal service is the primary method to serve a defendant located within the state.** If a plaintiff submits an affidavit and establishes that personal service cannot be effected "despite diligent effort and inquiry[,]" substitute modes of service may be permitted. N.J. Ct. R. 4:4-4(b). **One substitute mode is that "any defendant may be served as provided by court order, consistent with due process of law." N.J. Ct. R. 4:4-4(b)(3). Substituted service by email in NJ "is generally permitted where the movant has supplied the court with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address."** *Menon v. Corbett*, No. 21-8384, 2022 WL 3998393, at *3 (D.N.J. Sept. 1, 2022) (cleaned up) (citations omitted). "Regardless of the type of action, substitute or constructive service requires a demonstration of due diligence that satisfies the requirements specified in NJ Court Rule 4:4-5(b)." *H.D. Smith, LLC v. Prime Rite Corp.*, No. 16-294, 2016 WL 3606785, at *1 (D.N.J. July 5, 2016). **"Diligence has no fixed standard."** *Id.* at *2

(citing *Modan v. Modan*, 327 N.J.Super. 44, 48 (App. Div. 2000)). "Namely, the 'elementary and fundamental **requirement of due process' is that there be 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.**'" *Id.* (quoting *O'Connor v. Altus*, 67 N.J. 106, 126 (1975)). "Accordingly, when considering diligence, the Court conducts a fact-sensitive inquiry **'measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant.**'" *Id.* (quoting *Modan*, 327 N.J.Super. at 48). **"Diligence requires that a plaintiff follow up on information it possesses or can reasonably obtain, but it does not necessarily mean a plaintiff take every conceivable action.**" *Id.* (citing *Modan*, 327 N.J.Super. at 48-49). "'In short, a plaintiff must demonstrate a good faith, energetic effort to search and find a defendant whose address is unknown, **or who is allegedly evading service, before resorting to alternate means of substitute service.**'" *Grange Ins. Co. v. Hankin*, No. 21-11928, 2022 WL 855694, at *3 (D.N.J. Mar. 23, 2022) (quoting *J.C. v. M.C.*, 438 N.J.Super. 325, 331 (Ch. Div. 2013))…. The U.S. Marshals Service attempted to complete personal service on Defendant at the address, but the location was found not to exist. ECF No. 10, Summons Returned Unexecuted. However, as in *Santiago*, Plaintiff has not exhausted all remaining reasonable means to find Defendant's street address. Plaintiff has not indicated that he has investigated other possible addresses. Further, **the Order accompanying this Opinion authorizes Plaintiff to serve third-party subpoenas on Meta and Google to request Defendant's name and address.** *See supra* § I. If Defendant is identified and located through the return of the subpoenas, personal service may still be possible, making substitute service by email unnecessary. If the subpoenas do not provide this information, **Plaintiff may file a renewed motion to effect service of process by alternate means.** *Mizrahi v. Anna*, 23-2462 (CPO)(EAP), 16-19 (D.N.J. Nov. 3, 2023)

**27.** With respect to utilizing the US Marshall to serve process - here is what the USDC NJ did when one litigant did not file a motion for "in forma pauperis" and I use it is at just one example to show (some) of the injustice in this matter:

Case 3:16-cv-00055-BRM-DEA Document 151 Filed 05/30/17 Page 21 of 24 PageID: <pageID>

> Plaintiff also argues he was delayed in serving Achacoso because of the costs associated with personal service. However, at no point during the fifteen-month pendency of this case has Plaintiff applied for *in forma pauperis* status under 28 U.S.C. § 1915. Even if, as Plaintiff asserts, he was unable to afford the costs of a process server, pursuant to § 1915, he could have applied for the Court's assistance to serve Achacoso through the United States Marshals Service. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases."). Plaintiff's decision to sit by, rather than apply for *in forma pauperis* status, belies his assertion that he has made a good faith effort to serve Achacoso. Accordingly, the Court finds good cause does not exist to extend Plaintiff's time to serve Achacoso.

**28.** Of course, I filed a motion for in forma pauperis (ECF 46) as well as in 2:19-cv-18255-MCD-LDW (ECF 49) and 2:20-cv-07393-MCA-LDW (ECF 60). Here is what the Third Circuit had to say with respect to 07393:

> Case: 21-2397 Document: 28 Page: 3 Date Filed: 03/11/2022
>
> Motion to Proceed In Forma Pauperis
>
> We must first address Dean's motion to proceed in forma pauperis (IFP) on appeal pursuant to 28 U.S.C. § 1915(a). Bissell opposes the motion, noting that the District Court denied Dean's nearly identical motions to proceed IFP on appeal, both in this case and in C.A. No. 21-2396. But the District Court's denials were based on its determination that the cases lacked merit, rather than on the basis of Dean's economic status. See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976) (noting that the decision to grant a motion to proceed IFP turns on whether the applicant is "economically eligible" for such status). Because the IFP motion makes clear that Dean cannot afford the fees for this appeal, we grant it.

**29.** Obviously, Canada, the US, the USDC NJ, and especially the US Marshall would not appreciate an Order having the US Marshall take a vast tour of Canada serving these various Immigration defendants when one stop at Richard Dennis' NY residence will suffice. I can pay for one trip of the US Marshall (or NY Sheriff) to visit Richard Dennis to serve these documents or the equivalent Sheriff in Canada to serve CICC (see also ECF

235-1, Legal Argument VI – Richard Dennis is a director of the regulator and he can receive service of summons and complaint).

30. There is also a perfectly 'good' CICC monthly newsletter going out to all members – which would be publication in a newspaper and would serve notice onto these defendants (and their names could even appear).

31. Also, Natalie Kewley (an Immigration defendant) had representation then did not have representation in the USDC NJ – but was served – and has not filed an answer (see ECF 61) and/or made an opposition to this matter.

32. I also refer to and fully incorporate my "Fraud on the Court" Motion (ECF 341-1) and upcoming Reply herein.

33. It is for these reasons that I ask for substituted service by allowing me to:

i. Serve Sierra by email at cfmichaels@sierraglobal.com or in the alternative through Craig Peretz' NJ 'atty' D'Aquanni (at email: mdaquanni@madlawoffice.com).

ii. Deem James Pryor Served as of June 2022 or in the alternative note that the process server personally served the summons and complaint onto James Pryor on April 8, 2022 (ECF 344).

iii. Allow service of the Amended Complaint on the Immigration defendants noted in ¶ 10 above to be served by either:

   a) Email to Richard Dennis at rdennis@college-ic.ca
   b) An Order for the US Marshall/NY Sheriff to serve Richard Dennis in the state of NY (which I will pay for) or the Canadian Equivalent.
   c) Use CICC's monthly newsletter to the entire membership that also goes to these particular Immigration defendants.

iv. Order Natalie Kewley to answer the complaint and/or oppose it as Ms. Kewley has already been served and has made an appearance.

I affirm that the foregoing STATEMENTS MADE BY ME ARE TRUE. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

SWORN BEFORE ME at the City of East Elmhurst, in the State of New York this 10th day of April, 2024

[signature]

A Commision/Notary for taking Affidavits for:

[signature]

Ryan Dean

Gavin Chaoke Liu
NOTARY PUBLIC - NEW YORK
COMMISSION #
01LI0016440
MY COMM. EXPIRES
November 15, 2027

GAVIN CHAOKE LIU
NOTARY
PUBLIC
STATE OF NEW YORK

Exhibit '1'

PRESS FIRMLY TO SEAL
UNITED STATES POSTAL SERVICE
MAIL
$0.01
PRIORITY MAIL
REFUSED
RTS
USPS TRACKING #
9114 9999 4431 3537 1844 79

PRESS FIRMLY TO SEAL
PRESS FIRMLY TO SEAL
PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED
UNITED STATES POSTAL SERVICE
PRIORITY MAIL
PRIORITY MAIL
VISIT US AT USPS.COM
FROM:
TO:
ONE RATE ■ ANY WEIGHT
USPS TRACKING #
9114 9999 4431 3537 1844 79
To schedule free Package Pickup, scan the QR code.
USPS.COM/PICKUP
Label 228, March 2016
FOR DOMESTIC AND INTERNATIONAL USE





Exhibit '2'

2:08
A
28777
Your request for USPS Tracking updates is confirmed for 14999944313537184479
USPS 14999944313537184479 Latest Status: Departed USPS Facility 06/07/2022 12:54am SALT LAKE CITY DISTRIBUTION CENTER Reply STOP to cancel
2:08
B
28777
USPS 14999944313537184479, Expected Delivery on Thursday, June 9, 2022 by 9:00pm Reply STOP to cancel

2:09
C
28777
USPS 14999944313537184479, Delivered, PO Box 06/09/2022 9:39am ROCKAWAY NJ 07866 Reply STOP to cancel
USPS 14999944314033566271, Delivered, PO Box 06/09/2022 9:39am ROCKAWAY NJ 07866 Reply STOP to cancel
12:04
D
28777
Jun 25, 2022 at 3:47 PM
USPS 14999944313537184479, Delivered, Front Desk/ Reception/Mail Room 06/25/2022 1:47pm LOGAN UT 84321 Reply STOP to cancel

Signature

Exhibit '3'

08 Apr 2024 05:39:58 pm

Notes

I arrived at Bell & Shivas I went into the reception area, I asked the receptionist for James Pryor, she said that he is not in the office at the moment. I asked her if he works here and she confirms that he works there, she said he mostly works on the weekend. I stated that I am serving her on James Pryor's behalf, she said okay and accepted service.

Sub-Service Business - Tina, Front Desk Clerk. Caucasian woman with blonde hair. Approximately late 50's early 60's

Path History

**Total Distance**

19.87 Miles

**Total Time Taken**

40 minutes

Exhibit '4'

Personal and Confidential
MVT

Ry
3540 W. Sahara Ave,
Las Vegas, NV, 89102

A C S
☐ INSUFFICIENT ADDRESS
☐ ATTEMPTED NOT KNOWN
☐ NO SUCH NUMBER/ STREET
☐ NOT DELIVERABLE AS ADDRESSED
. UNABLE TO FORWARD
☐ OTHER
RTS
RETURN TO SENDER

RTS
Unk

James Pryor
~~[illegible]~~
150 mineral Springs Dr
P.O. Box 220
Rockaway, NJ
07866

Exhibit '5'

Ryan Dean <rcic20xx@gmail.com>

## Mail for Rochelle Dickenson

1 message

**Gaidola, Rita** <rita.gaidola@mohawkcollege.ca> Tue, Oct 15, 2019 at 9:10 AM
To: "rcic20xx@gmail.com" <rcic20xx@gmail.com>

Hi, I work at the mailroom at Mohawk college and you sent an envelope to Rochelle Dickenson and I have no idea who this is. She isn't in our phone directory, so could you please let me know what department she is in so that I can get the envelope to her. If I don't hear from you by the Friday I will sent the envelope back, RETURN TO SENDER.

Thanks

*Rita Gaidola*

Mailroom/Receiving

Mohawk College

135 Fennell Avenue

Room C061

Hamilton, ON L9C 0E5

905-575-1212 Ext. 3164

www.mohawkcollege.ca

**Visit mohawkcollege.ca/CASLconsent if you would no longer like to receive commercial electronic messages from Mohawk College.**

-

**Please consider the environment before printing this email.**