# BOURNE, NOLL & KENYON

| | | |
|---|---|---|
| JAMES R. OTTOBRE<br>EDWIN R. MATTHEWS*◊<br>ELLYN A. DRAIKIWICZ‡<br>MICHAEL D. MEZZACCA◊<br>ELIZABETH A. LOCKER<br>JOANNE M. SARUBBI, CELA+<br>CATHLEEN G. MCDONOUGH | A PROFESSIONAL CORPORATION<br>COUNSELLORS AT LAW<br>382 SPRINGFIELD AVENUE, SUITE 507<br>SUMMIT, NEW JERSEY 07901<br><br>(908) 277-2200<br><br>FAX (908) 277-6808<br><br>www.bournenoll.com | CARY R. HARDY (Retired)<br>ROBERT B. BOURNE (1931-2020)<br>EDWARD T. KENYON (1929-2017) |

\* NJ AND NY BAR
◊ CERTIFIED CIVIL TRIAL ATTORNEY
‡ LL.M. IN TAXATION
+ CERTIFIED AS AN ELDER LAW ATTORNEY BY
   THE NATIONAL ELDER LAW FOUNDATION

April 22, 2024

**Via ECF**
The Honorable Madeline Cox-Arleo, U.S.D.J
District of New Jersey,
MLK, Jr. Federal Building
50 Walnut Street
Newark, New Jersey  07101

      **Re:**    **Dean v. Bissell, et als.**
                **Docket No. 2:21-cv-09770-MCA-ESK**

Dear Judge Arleo:

      This office represents the Defendant James Bissell, in the above-referenced matter.  A Rule 12B Motion to Dismiss has been filed on behalf of James Bissell with the Court and is pending a hearing on May 6, 2024.  There is also a pending motion from the Defendant, Classic Luxury, LLC to dismiss the Complaint pursuant to R. 12B.  In addition there are several matters being raised with the Court by way of motions filed by Ryan Dean.  Mr. Dean has filed a number of documents which are either entitled briefs or certifications by him which he has submitted in support of his various applications.  This correspondence addresses some of the issues raised by him.

      In the arguments being raised by Mr. Dean, are for the most part new, like his previous arguments, that he has been raising over the last several years in this case and in the ongoing civil case in the State of New Jersey are incomprehensible and confusing.  Like his briefs

The Honorable Madeline Cox-Arleo, U.S.D.J
April 22, 2024
Page 2

previously filed with the Court, his filings at this time, contain a large number of conclusory statements for which there appears virtually no substantive legal or factual support.

In his filings, Mr. Dean seeks to claim that his undocumented assertion of apparent racism on the part of a witness in the underlying New Jersey case (which is not supported in the record before this Court) is new evidence. He also asserts as a fraud on the New Jersey Courts and this Court based upon the fact that the law firm of Bell & Shivas at some point in 2022 became the law firm of Bell, Shivas & Bell. He claims this is new evidence of fraud because he recently discovered it. Dean claims that the failure to file an appropriate Substitution of Attorney in both courts is a fraud upon the Courts. These two claims of new evidence he asserts supports his motion for vacating all prior Orders and for the Courts to decide all motions again. (This apparently includes all motions decided before these asserted frauds occurred).

Mr. Dean attempts to use these two bogus fraud claims as new facts to support his request to the Court that he be permitted to amend his Complaint by changing the caption to replace the existing caption that does not properly contain the names of Lisa Bissell and/or James Bissell.[1] This is an attempt to resurrect his improperly pled claims against Lisa Bissell and James Bissell.

Mr. Dean then attempts to use this "newly discovered evidence" to support his arguments that the Court's Order denying his previous motion to set aside all orders previously entered in this case but simply does not explain why. Even if these two items do constitute a fraud, he does not show how the alleged fraud caused this Court to incorrectly decide the prior motions.

On March 25, 2024 Mr. Dean filed a "letter" in lieu of a more formal motion to amend the caption in this matter. He indicates that he is doing this essentially to have the present complaint serve as a "placeholder" so he can later amend the Amended Complaint to raise issues

---

[1] There is a J Bissell mentioned in the caption.

The Honorable Madeline Cox-Arleo, U.S.D.J
April 22, 2024
Page 3

with respect to the expert retained by Lisa Bissell in the underlying New Jersey lawsuit as part of this litigation. Presumably he also intends to amend the complaint to make allegations with respect to claims in both the state and federal court so as to cancel out and undermine the litigation privilege that has served as the basis of the dismissal of some of his claims involving Bell & Shivas, as well as Joseph Bell and David Shivas individually. In his ramblings in support of his fraud upon the court, he concludes the failure to file a Substitution of Attorney, the law firm of Bell, Shivas & Bell for the law firm of Bell & Shivas constitutes the fraudulent activity. He expects to name additional employees of Bell & Shivas as well as Joseph Bell, Jr as a party in the litigation.

As with the original 400 page Complaint and the 120 page Amended Complaint, the documents submitted in support of the Defendants' motions, while they may contain statements and/or claims of wrongdoing there is no who, what, where, when, and how contained in the paperwork that supports a finding that the Court should allow these yet to be drafted Complaints to be filed.

Plaintiff is required to include in his motion papers when he moves to amend his Complaint, a statement as to whether it is being done on consent or not. He has not done that. He is required to attach a copy of the amended pleading. In this case, Plaintiff simply provided a one page list of potential defendants to the Court. He can't amend the current Complaint to make it a stakeholder for his future ruminations and fascinations.

Plaintiff claims a large scale RICO conspiracy which this Court has already found has not been properly pled and does not exist. He has not demonstrated the claims which he inadequately pled in this Court could not have been asserted as a Counterclaim and/or Third

The Honorable Madeline Cox-Arleo, U.S.D.J
April 22, 2024
Page 4

Party claims in the state court. Plaintiff has already had two bites at the apple and has been unable to establish valid claims against anybody.

It is respectfully requested that the Court deny all of Plaintiff's pending actions including but not limited to ECF 336, ECF 337, ECF 338 and ECF 341.

Respectfully submitted,

*Edwin R. Matthews*
Edwin R. Matthews

ERM/ca